85875-001

**STATE OF ALABAMA**
OFFICE OF THE ATTORNEY GENERAL

TROY KING
ATTORNEY GENERAL

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130
(334) 242-7300
WWW.AGO.STATE.AL.US

October 25, 2005

**VIA FACSIMILE AND US MAIL**

Chief, Voting Section
Civil Rights Division
Room 7254-NWB
Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Re:  Comment regarding Submission No. 2005-3810 by the
     Honorable Don Davis, Judge of Probate of Mobile County, Alabama

Dear Sir:

On behalf of Governor Bob Riley of Alabama, I write to recommend that the Attorney General withhold action on this submission pending the outcome of litigation in state court. In addition, Governor Riley notes that, insofar as the submission involves the scheduling of a special election, the schedule appears too tight to accommodate the distribution and counting of absentee ballots. For those reasons, which will be discussed in greater detail below, the Attorney General should withhold action on the submission.

1.  The Pending Litigation

The submission, and the pending litigation, involve the method of filling a vacancy on the Mobile County Commission. In Governor Riley's view, the vacancy is due, as a matter of state law, to be filled by gubernatorial appointment. The Circuit Court of Montgomery County has however, entered a declaratory judgment construing state law to require a special election, and an expedited appeal is proceeding.

The vacancy on the Mobile County Commission was created on or about October 3, 2005, when Sam Jones was sworn in as Mayor of the City of Mobile. Jones had previously represented one of the three County Commission districts.

In 1985, Section 11-3-6 of the Code of Alabama, a law of general application, provided that, with respect to county commissions, vacancies were to be filled by gubernatorial appointment. That provision, which was enacted before November 1, 1964, and thus did not require preclearance, stated:

**EXHIBIT**
J

> In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed.

Ala. Code § 11-3-6 (1989) (amended 2004).

In 1985, the Legislature passed a local law, Act No. 85-237, which applied to certain vacancies on the Mobile County Commission and provided:

> Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat became vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term.

Act of Apr. 8, 1985, No. 85-237, 1985 Ala. Acts 137 ("Act No. 85-237"). Act No. 85-237 was precleared on June 17, 1985 (Submission No. M0799).

In 1988, however, the Alabama Supreme Court held that Act No. 85-237 was unconstitutional because its subject was subsumed by a general law, section 11-3-6. *See Stokes v. Noonan*, 534 So. 2d 237 (Ala. 1988). Section 105 of the Constitution of Alabama of 1901, prohibits the enactment of a local law "in any case which is provided by a general law." *Id.*

In Governor Riley's view, the Alabama Supreme Court's decision in *Stokes v. Noonan* made Act No. 85-237, and its preclearance, a nullity. Before any state law can be precleared, it must be valid under state law. Put differently, preclearance cannot validate an invalid state law.

In 2004, the Alabama Legislature amended section 11-3-6, Code, so that it now states:

> Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the Governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed.

Ala. Code § 11-3-6 (Supp. 2004). This change was submitted to the Attorney General and was precleared on September 28, 2004 (Submission No. 2004-3515).

When the vacancy on the Mobile County Commission was created, the question became whether Act No. 85-237, which had been declared unconstitutional as a matter of state law, was revived by the 2004 amendment to section 11-3-6. Governor Riley takes the position that the 2004 statute did not revive Act No. 85-237, while others disagree. On September 29, 2005, in the case of *Kennedy v. Davis*, Case No. CV-2005-2432, the Circuit Court of Montgomery County declared that, as a matter of state law, the vacancy is to be filled by special election. *See* Attachment 1. Governor Riley filed Notice of Appeal to the Supreme Court of Alabama on October 11, 2005, and the appeal has been docketed. *See* Attachments 2 and 3. In addition, pursuant to a motion filed by Governor Riley, the proceedings on appeal have been expedited. *See* Attachment 4.

The Attorney General should withhold action on Probate Judge Davis's submission until the proceedings before the Supreme Court of Alabama are complete and final. Withholding action on the submission is consistent with the applicable regulations, specifically 48 C.F.R. § 51.22 (2004). That regulatory provision states, in pertinent part, that the Attorney General will not consider the merits of a submission that relates to a change and is made "prior to final enactment or administrative decision." *Id.* With respect to litigation, that provision states:

> [W]ith respect to a change for which approval by ... a State ... court ... is required, the Attorney General may make a determination concerning the change prior to such approval if the change is not subject to alteration in the final approving action and if all other action necessary for approval has been taken.

*Id.* In this case, the Circuit Court's ruling is subject to alteration in the form of reversal by the Alabama Supreme Court before it can become final. Accordingly, the Attorney General should withhold action on the merits of Probate Judge Davis's submission pending action by the Supreme Court of Alabama.

In addition, acting on this submission while an appeal on a state law issue is pending would exacerbate the federalism concerns already present in Section 5 review. The United States Supreme Court has held that the intrusion that Section 5 makes on covered jurisdictions is not unconstitutional. *See, e.g., South Carolina v. Katzenbach*, 383 U.S. 301, 86 S. Ct. 803 (1966). Even so, it would be an extraordinary intrusion on Alabama's ability to determine its own law for the Attorney General to weigh in before that law has been finally determined.

2.    Absentee Voting

Assuming, without conceding, that Act No. 85-237 controls, that local law calls for a special election no less than 60 days and no more than 90 days after the vacancy

occurs. That 30-day period allows little time to hold a primary election, a possible runoff, and a general election with absentee voting in each. In Attachment B to his letter, Probate Judge Davis sets the following schedule:

|  | Primary | Runoff | General |
|---|---|---|---|
| Deliver absentee ballots | ASAP | ASAP | ASAP |
| Last day to apply | 11/18 | 12/8 | 12/29 |
| Election | 11/22 | 12/13 | 1/3 |

The ASAP date turns on the ability to format a ballot, so that step cannot be taken until other steps are complete. Accordingly, the time available for absentee voting is some 16 days. While the number of voters is relatively small, and this is an election for a local non-federal office, uniformed and other overseas citizens may also need to be accommodated; those voters should not be disenfranchised.

In conclusion, the Attorney General should withhold action on this submission until the appellate proceedings are complete and final.

Very Truly Yours,

John J. Park, Jr.
Assistant Attorney General

JJPjr:lg

cc:   J. Michael Druhan, Esq.
      J. Cecil Gardner, Esq.
      James H. Anderson, Esq.
      C. Mark Erwin, Esq.

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

Yvonne Kennedy, et al
   Plaintiff,

v.

CASE NO. CV-2005-2432

Honorable Don Davis, et al,
   Defendant.

## ORDER

This cause having come before the Court on Petition for Declaratory Judgment, the same having been considered, it is hereby ORDERED ADJUGED AND DECREED the issue presented to the Court is whether a vacancy on the Mobile County Commission should be filled by an appointment of the Governor or a special election. This is purely a legal question and the facts are not in dispute.

This specific question was presented to the Legislative Reference Service and an opinion was issued dated September 16, 2005. The opinion concluded the vacancy should be filled by a special election.

An identical question was presented to the Attorney General regarding a Houston County vacancy. The Attorney General issued an opinion on September 7, 2004 concluding the vacancy of the Houston County Commission should be filled by a special election.

This Court agrees that these opinions reflect the current state of law and therefore adopt the legal reasoning and issue a Declaratory Judgment that the Mobile County Commission vacancy shall be filled by special election. CASE DISMISSED.

Done this 29 SEP 2005.

/s/ Eugene W. Reese
Circuit Judge

CC:
James Anderson
Beers Anderson

J. Michael Druhan/Jason K. Hagmaier
Johnston Druhan LLP
5 Dauphin Street
Mobile AL 36001

J. Cecil Gardner
Gardner, Middlebrooks
POB 3103
Mobile AL 36652

John J. Park/Charles B. Campbell
Assistant Attorney General

Attachment 1

| State of Alabama Unified Judicial System | NOTICE OF APPEAL TO THE (Check appropriate block) | Case Number |
|---|---|---|
| Form ARAP-1 (front)   Rev.1/97 | ☑ SUPREME COURT OF ALABAMA<br>☐ COURT OF CIVIL APPEALS OF ALABAMA | CV-2005-2432 |

IN THE CIRCUIT COURT OF **MONTGOMERY** COUNTY, ALABAMA

| APPELLANT | Bob Riley, in his official capacity as Governor of Alabama |
|---|---|
| V. APPELLEE | Yvonne Kennedy, et al. |
| TRIAL JUDGE | Hon. Eugene Reese |
| DATE OF JUDGMENT: Sept. 29, 2005 | DATE OF POST – JUDGMENT ORDER: |

NOTICE IS HEREBY GIVEN THAT **Governor Bob Riley** appeal(s) to the above-named court from the ☑ Final Judgment ☐ Order **granting declaratory judgment** entered in this cause.
(describing it)

CHECK THE PROPER DESCRIPTION OF THE APPEALED CASE UNDER THE APPROPRIATE COURT:

**SUPREME COURT**
1. ☐ Summary Judgment, amount claimed more than $50,000
2. ☐ Judgment Amount exceeds $50,000
3. ☐ Amount Sought in trial court more than $50,000, judgment for defendant
4. ☐ Equitable Relief, except for domestic relations
5. ☑ Other: Declaratory Judgment on State Law

**COURT OF CIVIL APPEALS**
1. ☐ Summary Judgment, amount claimed $50,000 or less
2. ☐ Judgment Amount $50,000 or less
3. ☐ Amount Sought $50,000 or less, judgment for defendant
4. ☐ Workmen's Compensation
5. ☐ Domestic Relations
6. ☐ Other:

APPELLANT FILES WITH THIS NOTICE OF APPEAL:
1. ☐ Security for costs of appeal
2. ☐ A supersedeas bond in the amount of $ _____
3. ☐ Deposited cash security in the amount of $ _____

4. ☑ Is exempted by law from giving security for costs of appeal by virtue of **Rule 62(e), Alabama Rules of Civil Procedure**

Filed **Oct. 11, 2005**
(Date)

Address: Office of the Attorney General, 11 South Union Street
Montgomery, Alabama 36130-0152

(334) 242-7300
Telephone Number

CERTIFIED AS A TRUE COPY -

_____
Circuit Clerk

_____
Appellant or Attorney for Appellant

**SECURITY FOR COSTS**

We hereby acknowledge ourselves security for costs of appeal. For the payment of all costs secured by this undertaking, we hereby waive our right of exemption as to personal property under the Constitution and laws of the State of Alabama.

Executed with our seals this _____ day of _____ . _____ (L.S.)

Filed and approved: _____
(Date)

Appellant-principal _____ (L.S.)

Surety _____ (L.S.)

Surety

Circuit Clerk
(Amended November 9, 1976; October 1, 1991.)

**SUPERSEDEAS BOND**

We, the undersigned principal and sureties, hereby acknowledge ourselves bound unto _____ , and each other, our heirs, in the sum of _____ Dollars, for the payment of which we bind ourselves, executors, [(for amount of bond see Rule 8(a)] and administrators, jointly and severally, and as part of this undertaking we hereby waive our rights of exemption as to personal property under the Constitution and laws of the State of Alabama.

**Attachment 2**

| Form ARAP-1 (back) | Rev. 1/97 | NOTICE OF APPEAL TO THE | ✓ Supreme Court of Alabama | ☐ Court of Civil Appeals of Alabama |

WHEREAS, the above-named appellee(s) recovered a judgment against appellant(s) for the sum of _____ Dollars (_____)
(and the further acts or duty _____ Dollars, the costs in that behalf expended.
[describing judgment in addition to or other than for money only]

NOW, therefore, the condition of the foregoing obligation is such that, if the appellant shall prosecute this appeal to effect, and satisfy such judgment, penalties, and costs including costs of appeal as may be rendered in this case, then the said obligation to be null and void, otherwise to remain in full force and effect.

Executed with our seals this _____ day of _____, _____.

_____(L.S.)
Filed and approved: _____     Appellant-Principal
                    (Date)
                                         _____(L.S.)
                                         Surety
                                         _____(L.S.)
_____                          Surety
Circuit Clerk

EXECUTION OF JUDGMENT STAYED:
                                         _____(L.S.)
Bond fixed at : $ _____        Circuit Judge
(Not required for money judgment only.)

## DESIGNATION OF RECORD ON APPEAL

DESIGNATION OF CLERK'S RECORD: Appellant requests the clerk to include the following checked materials in the clerk's record:

1. ☐ Complaint
2. ☐ Answer
3. ☐ Counterclaim
4. ☐ Cross-Claim
5. ☐ Third-party Complaint
6. ☐ Third-party Answer
7. ☐ Motion to dismiss
8. ☐ Pretrial order

9. ☑ Entire record (less those items set forth in Rule 10(a))
10. ☐ Motion for summary judgment
11. ☐ Opposition to motion for summary judgment
12. ☐ Final (Judgment) (Order)
13. ☐ Motion for New Trial
14. ☐ Ruling on Motion
15. ☐ Others: _____
16. ☐ Exhibit Number: _____

## TRANSCRIPT STATUS

☐ Transcript will not be ordered. [See Rule 10(b), ARAP.]
☑ Transcript will be ordered. [See Rules 10(b)(2) and 11(a)(2), ARAP. Form 1A or 1B.] Court reporter(s):
Jackie Bonnett

NOTE: If more than one court reporter was involved in this case, you must file a Transcript Purchase Order Form in compliance with Rules 10(b) and 11(c), Form 1A or 1B of the ARAP, for each court reporter.
(Amended October 1, 1991.)

## CERTIFICATE OF FILING

I certify that I have this date filed with the clerk of the trial court the original and ___6___ copies of the foregoing notice of appeal (along with $100 docket fee), and such other instruments as have been completed and included herein. A true copy of each of these items will be served by the clerk of the trial court on each of the following:

1) Clerk of the appellate court, (the $100 docket fee shall be transmitted with this filing).
2) Court Reporter.
3) Counsel for appellee, or appellee if no counsel.
   Name: See attached list of counsel to be served.
   Address: _____

DATED this __11th__ day of _____October_____, __2005__

_Charles B. Campbell_
Attorney for Appellant

(Amended October 1, 1991.)

Kennedy v. Riley, No. CV-2005-2432

Attachment to Notice of Appeal of Governor Bob Riley

List of Counsel to be served with Notice of Appeal by clerk:

James H. Anderson, Esq.
Beers, Anderson, Jackson, Patty & Van Heest
250 Commerce Street, Suite 100
Montgomery, Alabama  36104
Counsel for Plaintiffs


J. Cecil Gardner, Esq.
Gardner, Middlebrooks, Gibbons,
    Kittrell, Olsen, Walker & Hill
P.O. Box 3103
Mobile, Alabama  36652
Counsel for Plaintiffs


J. Michael Druhan, Esq.
Jason K. Hagmaier, Esq.
Johnston Druhan LLP
P.O. Box 154
Mobile, Alabama  36601
Counsel for Defendant Hon. Don Davis, Probate Judge of Mobile County


C. Mark Erwin, Esq.
Satterwhite & Erwin
P.O. Box 1308
Mobile, Alabama  36633-1308
Counsel for Defendants Mobile County Commission, Hon. Stephen Nodine, County Commissioner District 2, and Hon. Mike Dean, County Commissioner District 3

# SUPREME COURT OF ALABAMA



Robert G. Esdale
 Clerk
Lynn Knight
 Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 1050087

Bob Riley, in his official capacity as Governor of Alabama v. Yvonne Kennedy et al. (Appeal from Montgomery Circuit Court: CV-05-2432).

### NOTICE

You are hereby notified that your case has been docketed. Future correspondence should refer to the above Supreme Court case number.

## AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure, effective June 1, 2005. The amendments can be found in The Southern Reports, Second series, volume numbered 888-890. The amendments can also be found under "Rule Changes" at the Judicial System website at www.judicial.state.al.us.

Appellate Mediation: On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil cases. On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules. The rules can be accessed at http://www.judicial.state.al.us. Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

Form Requirements for Documents filed with the Court: Certain amendments to the Alabama Rules of Appellate Procedure can be found in the volume of the Alabama Reporter containing cases from 798-804 So.2nd. The most recent appellate rules amendments can be found in the volume of the Alabama Reporter containing cases from 888 - 890 So.2nd.

```
Please note that Rule 32(a)(5) requires that briefs be set
in Courier New 13.  See Rule 32(a)(5), Ala. R. App. P., as
amended.  This paragraph is typed in Courier New 13.
```

Signature on Briefs: Newly adopted Rule 25A, Alabama Rules of Appellate Procedure, requires that appellate documents be signed by at least one attorney of record or, in a case in which the party is proceeding pro se, by the party. The rule provides that any unsigned document shall be stricken unless the omission is promptly corrected after it is called to the attention of the attorney or party filing it.

Petitions for Writ of Certiorari: Rules 39 has again been amended, effective June 1,

Attachment 3

2005. Attorneys and parties should familiarize themselves with these changes. See, Celeste Sabel, Update on Amendments to the Alabama Rules of Appellate Procedure Effective June 1, 2005, 66 Ala. Lawyer 217 (May 2005).

Other Amendments to the Alabama Rules of Appellate Procedure: Other amendments to the Alabama Rules of Appellate Procedure that should be reviewed are those that became effective August 1, 2000; September 1, 2000; and October 1, 2001. Those amendments govern, among other things, the presumptive reasonable time for filing of petitions for a writ of mandamus (Rule 21(a)); appellate review of arbitration cases (Rule 4(d)); petitions for a writ of certiorari (Rule 39); and applications for rehearing (Rule 40). Also, counsel who are unfamiliar with the "abeyance" procedure should review the amendment to Rule 4 effective February 1, 1994.

## BRIEFS - EXTENSION OF TIME FOR FILING BRIEFS

NOTE: THIS OFFICE IS NOT RESPONSIBLE FOR INFORMING YOU WHEN YOUR BRIEF IS DUE. PLEASE CONSULT RULE 31(a), ALABAMA RULES OF APPELLATE PROCEDURE, FOR TIMES FOR FILING.

One seven day extension of time, as provided by Rule 31(d), Alabama Rules of Appellate Procedure, may be granted to each side. The party requesting a Rule 31(d) extension may do so by telephone request to the clerk's office, PRIOR to the date the brief is due. If the Rule 31(d) extension is obtained by a telephone call to the clerk's office, a letter confirming the extension and stating the date the brief will be due shall be sent to the Clerk's office. A copy of the letter must be served on all other attorneys or parties. If a party obtains a seven day extension to file the principal brief pursuant to Rule 31(d), no further extensions will be granted pursuant to that rule.

For extensions, please call the Supreme Court Clerk's Office at 334-242-4609.

Motions for enlargement of time to file the brief after the seven day extension pursuant to Rule 31(d) will not be granted unless extraordinary good cause is shown. Unless there is an unanticipated event or emergency that results in extreme hardship, a motion for enlargement of time will not be granted. A heavy workload alone will not be considered good cause.

Any request for enlargement of time must be made by motion and must be filed in the Clerk's office before the first extension has expired.

## FILINGS - NUMBER OF COPIES, COLOR OF COVERS, BINDINGS, SERVICE, ETC.:

Number of copies: An original and 12 copies must be filed.

Color of covers of briefs and other filings: Rule 32 requires the following colors be used on brief covers: appellant -- blue, appellee -- red, intervenor/amicus -- green, reply -- gray. The cover of any filing not specifically mentioned in the rules shall be white.

Certificate of service: The certificate of service shall contain the attorney's address, telephone number, e-mail address if any, and party represented for each attorney served.

Binding of Briefs: Rule 32(a)(3) requires that the brief be bound on the left in a manner that is secure. It is recommended that any clasps, staples, or other fasteners used to bind the briefs be covered by nylon reinforced tape so as to prevent injury to those handling the briefs.

Filing: Papers are not considered filed until RECEIVED by the clerk of this Court; however, papers shall be deemed filed on the day of mailing if CERTIFIED, REGISTERED, OR EXPRESS MAIL of the UNITED STATES POSTAL SERVICE is used. Rule 25(a).

Notice to Trial Court Clerk when Appellee's Brief is Filed: Rule 31(a) requires that the appellee give notice of the filing of the appellee's brief to the clerk of the trial court. Compliance with this rule is necessary in order for the trial clerk to know when to forward the record on appeal to the appellate court.

Second Copy of Record on Appeal: Rule 11(a)(4) requires that the appellant file in this Court a copy of the record on appeal within 14 days after the date shown on the copy of the certificate of completion of the record on appeal.

Settlement Negotiations: If the parties are negotiating a settlement of the case after the case is submitted, they should notify the clerk in writing. No appeal will be dismissed after a proposed opinion has been circulated.

Stays: There are no stays of time schedules for preparing the record or filing briefs unless this Court issues a specific order granting such a stay. For example, even if a Rule 10(f) motion to supplement the record is granted by the trial court or this Court, the briefing schedule is not stayed unless this Court orders a stay. Any requests for a stay must be made by motion. See also Rule 8(b).

Admission of Nonresident Attorneys - Pro Hac Vice Rule: Rule VII of the Rules Governing Admission to the Alabama State Bar governs admittance pro hac vice of lawyers who are not members of the Alabama State Bar. Failure to comply with this rule will result in the attorney's name being stricken from any pleadings filed in the Court, and the attorney will not be allowed to participate in any oral argument concerning the appeal. Note that in cases where the attorney whose name is stricken is the only attorney of record, failure to comply with the Rule may result in dismissal of the appeal.

Robert G. Esdale, Sr., Clerk
Supreme Court of Alabama

RGE:LK/rb

IN THE SUPREME COURT OF ALABAMA
October 20, 2005

1050087

Bob Riley, in his official capacity as Governor of Alabama v. Yvonne Kennedy et al. (Appeal from Montgomery Circuit Court: CV-05-2432)

ORDER

A motion to expedite appellate proceedings and a response in opposition having been filed,

IT IS ORDERED that the motion to expedite the appeal is granted.

IT IS FURTHER ORDERED that the circuit clerk certify the record on appeal as complete by November 3, 2005. The appellant's brief is due to be filed with this Court within fourteen (14) days after the date the record on appeal is certified as complete. The appellees' brief is due to be filed within fourteen (14) days after the filing of the appellant's brief. The appellant's reply brief is due within seven (7) days after the filing of the appellee's brief. <u>No extensions of time will be granted</u>.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appears(s) of record in said Court.
Witness my hand this 20th day of October, 2005

Clerk, Supreme Court of Alabama

Attachment 4

# State of Alabama
# Office of the Attorney General
Troy King, Attorney General

**CONSTITUTIONAL DEFENSE**
11 South Union Street • Montgomery, Alabama 36130 • (334) 242-7997 • (334) 353-8440 fax

# Fax

**To:** Chief, Voting Section

**Fax:** 202-307-3961    **Phone:**

**From:** Jack Park

**Direct Phone:** (334) 242-7997

**Date:** 10/25    **Pages:** 13   (including cover page)

COMMENT IN RE SECTION 5 SUBMISSION

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply

**Comments**

COMMENT IN RE SUBMISSION NO. 2005-3810

**CONFIDENTIALITY NOTE**
This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender/sendee. The information is intended only for the use of the individual or entity named above.

If this transmission is not received in good condition, please contact (334) 242-7432 and ask for Lynn.

```
*************************
***   TX REPORT   ***
*************************

TRANSMISSION OK

TX/RX NO              2003
CONNECTION TEL              812023073961
SUBADDRESS
CONNECTION ID
ST. TIME              10/25 09:46
USAGE T               05'29
PGS.                  13
RESULT                OK
```

# State of Alabama
# Office of the Attorney General
Troy King, Attorney General



**CONSTITUTIONAL DEFENSE**
11 South Union Street • Montgomery, Alabama 36130 • (334) 242-7997 • (334) 353-8440 fax



**To:** Chief, Voting Section

**Fax:** 202-307-3961          **Phone:**

**From:** Jack Park

**Direct Phone:** (334) 242-7997

**Date:** 10/25          **Pages:** 13          (including cover page)

COMMENT IN RE SECTION 5 SUBMISSION

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply

**Comments**

# State of Alabama
# Office of the Attorney General
Troy King, Attorney General



**CONSTITUTIONAL DEFENSE**
11 South Union Street • Montgomery, Alabama 36130 • (334) 242-7997 • (334) 353-8440 fax

# Fax

**To:** AL AGRICOLA

**Fax:** 396-8888         **Phone:**

**From:** Jack Park

**Direct Phone:** (334) 242-7997

**Date:** 10/25         **Pages:** 13         (including cover page)

KENNEDY V RILEY

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply

**Comments**

**CONFIDENTIALITY NOTE**
This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender/sendee. The information is intended only for the use of the individual or entity named above.

If this transmission is not received in good condition, please contact (334) 242-7432 and ask for Lynn.

```
*************************
***    TX REPORT      ***
*************************

TRANSMISSION OK

TX/RX NO                 2013
CONNECTION TEL                    93968880
SUBADDRESS
CONNECTION ID
ST. TIME                 10/25 13:11
USAGE T                  05'32
PGS.                     13
RESULT                   OK
```

# State of Alabama
# Office of the Attorney General
Troy King, Attorney General



**CONSTITUTIONAL DEFENSE**
11 South Union Street • Montgomery, Alabama 36130 • (334) 242-7997 • (334) 353-8440 fax

# Fax

**To:** AL AGRICOLA

**Fax:** 396-8880         **Phone:**

**From:** Jack Park

**Direct Phone:** (334) 242-7997

**Date:** 10/25         **Pages:** 13        (including cover page)

KENNEDY v RILEY

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply

**Comments**