No. 1050087

In the SUPREME COURT of ALABAMA

BOB RILEY, in his official capacity as
Governor of Alabama,

Defendant-Appellant,

v.

YVONNE KENNEDY, JAMES BUSKEY, and
WILLIAM CLARK,

Plaintiffs-Appellees.

———————◆———————

On Appeal from the Circuit Court
Of Montgomery County (CV-05-2432)

BRIEF OF APPELLANT BOB RILEY, GOVERNOR OF ALABAMA

Troy King
Attorney General

Kevin C. Newsom
Solicitor General

John J. Park, Jr.
Charles B. Campbell
Assistant Attorneys General
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7997
(334) 353-8440 FAX

November 3, 2005

ORAL ARGUMENT REQUESTED

EXHIBIT

K

## STATEMENT REGARDING ORAL ARGUMENT

By Order dated October 31, 2005, this Court set this case for oral argument on Monday, November 7, 2005, at 1:30 p.m.   Counsel for Governor Riley will appear to present argument and answer any questions that this Court may have.

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................ i

TABLE OF CONTENTS........................................ ii

STATEMENT OF JURISDICTION............................... iii

TABLE OF AUTHORITIES.................................... iv

STATEMENT OF THE CASE................................... 1

   A. Introduction ..................................... 1

   B.  The Proceedings in the Circuit Court............. 1

STATEMENT OF THE ISSUES................................. 4

STATEMENT OF THE FACTS.................................. 4

STATEMENT OF THE STANDARD OF REVIEW.................... 8

SUMMARY OF ARGUMENT.................................... 8

ARGUMENT............................................... 9

   I.   THE CIRCUIT COURT VIOLATED RULE 60(B) BY ALLOWING THE KENNEDY APPELLEES TO PURSUE RELIEF FROM THIS COURT'S JUDGMENT IN STOKES V. NOONAN IN AN INDEPENDENT ACTION FILED MORE THAN THREE YEARS AFTER THE JUDGMENT IN THAT CASE ................................................. 10

   II. THE 2004 AMENDMENT TO SECTION 11-3-6 DOES NOT REVIVE ACT NO.  85-237, WHICH THIS COURT DECLARED UNCONSTITUTIONAL IN 1988 IN STOKES V. NOONAN .......... 18

CONCLUSION............................................. 25

CERTIFICATE OF SERVICE................................. 26

## STATEMENT OF JURISDICTION

On October 11, 2005, Governor Riley filed his notice of appeal, (C. 62-64), from the September 29, 2005, Order of the Circuit Court of Montgomery County in which that court declared that a vacancy on the Mobile County Commission is to be filled by special election and dismissed the case before it, (C. 51).  Governor Riley's appeal from that Order is timely.  See Ala. R. App. P. 4(a)(1).

## TABLE OF AUTHORITIES

### CASES

Am. Horse Protection Ass'n v. Watt,
  694 F.2d 1310 (D.C. Cir. 1982) ----------------------- 17

Anderson v. Fayette County Bd. of Educ.,
  738 So. 2d 854 (Ala. 1999) -------------------------- 23

Auto Mut. Indem. Co. v. Moore,
  235 Ala. 426, 179 So. 368 (1938) --------------------- 15

Bucher v. Powell County,
  589 P. 2d 660 (Mt. 1979) ------------------------- 18, 19

City of Foley Board of Adjustments and Awards v. H & S
  Southern Graphics Systems, Inc.,
  878 So. 2d 294 (Ala. 2003) --------------------------- 8

Daniels v. Daniels,
  567 So. 2d 335 (Ala. Civ. App. 1990) ----------------- 16

Dennis v. Pendley,
  518 So. 2d 688 (Ala. 1987) -------------------------- 22

Ex parte Graham,
  702 So. 2d 1215 (Ala. 1997) -------------------------- 8

Ex parte Hartford Ins. Co.,
  394 So. 2d 933 (Ala. 1981) -------------------------- 11

Ex parte Moore,
  382 So.2d 548 (Ala. 1980) --------------------------- 15

Ex parte Southern Railway Co.,
  556 So. 2d 1082, 1089-90 (Ala. 1989) ----------- 9, 18, 19

Foreman v. Smith,
  272 Ala. 624, 133 So. 2d 497 (1961) ----------------- 15

Gilbert v. Richardson,
  452 S.E. 2d 476 (Ga. 1994) -------------------------- 20

*-continued-*

Gotcher v. Teague,
  583 So. 2d 267 (Ala. 1991)-------------------------- 22

Grayson-Robinson Stores, Inc. v. Oneida, Ltd.,
  75 S.E. 2d 161 (Ga. 1953)----------------------- 20, 21

Hines v. Rapides Parish Sch. Bd.,
  479 F.2d 762 (5th Cir. 1963)-------------------------- 17

Lee v. Lee,
  382 So. 2d 508 (Ala. 1980)-------------------------- 22

Norwood v. Goldsmith,
  168 Ala. 224, 53 So. 84 (1910)---------------------- 18

Pennsylvania v. Wheeling & Belmont Bridge Co.,
  18 How. (59 U.S.) 421 (1855)-------------------------- 17

Protectoseal Co. v. Barancik,
  23 F.3d 1184 (7th Cir. 1994)-------------------------- 17

R.C. v. Nachman,
  969 F. Supp. 682 (M.D. Ala. 1997)--------------------- 17

Ry. Employees v. Wright,
  364 U.S. 642 (1961)---------------------------------- 17

Shirley v. Getty Oil Co.,
  367 So. 2d 1388 (Ala. 1979)-------------------------- 18

State ex rel. Whetstone v. Baldwin County,
  686 So. 2d 220 (Ala. 1996)-------------------------- 23

State v. Miller,
  66 S.E. 2d 522 (W. Va. 1909)-------------------------- 20

Stokes v. Noonan,
  534 So. 2d 237 (Ala. 1988)--------------------- passim

Valero Terrestrial Corp. v. Paige,
  211 F.3d 112 (4th Cir. 2000)-------------------------- 17

*-continued-*

Wilson v. Minor,
  220 F.3d 1297 (11th Cir. 2000) ----------------------- 17


ALABAMA AUTHORITIES

Ala. Const. (1901), § 105 --------------------------- 6, 21

Ala. Code § 11-3-6 (1989) -------------------------- passim

Ala Code § 11-3-6 (2004) -------------------------- passim

Act of Apr. 8, 1985, No. 85-237, 1985 Ala. Acts 187 ----- 6

Act of May 14, 2004, No. 2004-455, 2004 Ala. Acts 809 --- 6

Ala. R. App. P. 4(a)(1) ----------------------------- iii

Ala. R. Civ. P. 60(b) -------------------------- 4, 12, 13

Ala. R. Civ. P. 60(b)(5) -------------------------- passim

Ala. R. Civ. P. 60(b)(6) -------------------------- 11, 14

Ala. Equity R. 66, Ala. Code (Recomp. 1958),
  vol. 3, p. 1276 (superceded 1973) --------------- 13, 14


FEDERAL AUTHORITIES

42 U.S.C. § 1973c ------------------------------------ 5

28 C.F.R. § 51.4(b) (2004) --------------------------- 5

28 C.F.R. § 51.12 (2004) ----------------------------- 7

28 C.F.R. § 51.17(b) (2004) -------------------------- 7

Federal Rule of Civil Procedure 60(b) ------------- passim

## OTHER AUTHORITIES

11 Am. Jur. Constitutional Law § 148, 82 (1937) -------- 21

16A Am. Jur. Constitutional Law § 203 (1998) ----------- 21

16 C.J.S. Constitutional Law § 44 (1984) --------------- 23

16 C.J.S. Constitutional Law § 45 (1984) --------------- 18

81 C.J.S. Statutes § 81 (1999) ------------------------- 20

2 Champ Lyons, Jr., Alabama Rules of
  Civil Procedure Annotated, (3d. ed. 1996) ------------- 11

11 Wright, Miller Kane Federal Practice and
  Procedure § 2863 (2d ed. 1995) -------------------- 16, 17

Sutherland Statutory Construction
  § 41.4 (4th ed. 1984) ------------------------------- 22

Sutherland Statutory Construction § 41.4,
  (6th ed. 2002) -------------------------------------- 22

## STATEMENT OF THE CASE

### A.    Introduction

This appeal arises from an Order entered by the Circuit Court of Montgomery County in which that court declared that a vacancy on the Mobile County Commission is to be filled by special election instead of by gubernatorial appointment. In so doing, the Circuit Court gave effect to and revived the same 1985 local law that this court held unconstitutional in Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988). In Governor Riley's view, the Circuit Court erred in taking jurisdiction over the case and in giving retroactive effect to a 2004 statute to revive an unconstitutional local law.

### B.    The Proceedings in the Circuit Court.

On September 19, 2005, Yvonne Kennedy, James Buskey, and William Clark (the "Kennedy Appellees") filed a Verified Complaint for Declaratory Judgment and for Writ of Mandamus in the Circuit Court of Montgomery County. (C. 6.) They named Bob Riley, in his official capacity as Governor of Alabama, Don Davis, in his official capacity as Probate Judge of Mobile County, the Mobile County Commission, and Stephen Nodine and Mike Dean, in

1

their official capacities as members of the Mobile County Commission, as defendants. (C. 6-7, ¶¶ 3-5.) They alleged that, with the election of Sam Jones as Mayor of the City of Mobile, there would soon be a vacancy on the Mobile County Commission. (C. 7, ¶ 6.) The Kennedy Appellees sought a declaratory judgment to the effect that Alabama law requires the vacancy to be filled by a special election, a writ of mandamus directing Probate Judge Davis to conduct such a special election, and an injunction prohibiting Governor Riley and the other defendants from acting to the contrary. (C. 8, ¶ 11.)[1]

In response, Governor Riley filed an Answer and a Motion for Judgment on the Pleadings, with a supporting Memorandum. (C. 34-50.) Governor Riley contended that the Circuit Court of Montgomery County lacked the authority to grant relief and that the local act on which the Kennedy Appellants rely, and which this Court found to be unconstitutional, was not revived by a 2004 change to general law. (C. 42-50.)

---

[1] The Kennedy Appellees also moved to expedite the proceedings in the Circuit Court. In addition, they moved for a preliminary injunction and filed a supporting Brief. (C. 14-30.)

Probate Judge Davis moved to dismiss the claims against him, contending that the Circuit Court of Montgomery County lacked jurisdiction to issue a writ of mandamus to the Probate Judge of Mobile County. (C. 31-33.)

The Circuit Court of Montgomery heard oral argument on September 29, 2005. (R. 1.) The court issued a declaratory judgment later that day concluding that the vacancy on the Mobile County Commission must be filled by special election and dismissed the case, (C. 51).

Governor Riley filed his notice of appeal from that order on October 11, 2005. (C. 62-64.) Governor Riley also asked the Circuit Court to stay its judgment, but the Circuit Court denied that motion. (C. 52-54.)

## STATEMENT OF THE ISSUES

1.  Did the Circuit Court err in considering the merits, contrary to Alabama Rule of Civil Procedure 60(b), of an independent action for relief from this Court's judgment in Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988), when that independent action was filed more than three years after the judgment in Stokes v. Noonan was entered?

2.  Did the Circuit Court err in holding that the 2004 amendment to section 11-3-6 of the Code of Alabama 1975 revived Act No. 85-237, which this Court declared unconstitutional in Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988)?

## STATEMENT OF THE FACTS

In 1985, section 11-3-6 of the Code of Alabama 1975, a law of general application, provided that, with respect to county commissions:

> In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed.

4

Ala. Code § 11-3-6 (1989) (amended 2004). The version of section 11-3-6 in effect in 1985 predated and was in effect on November 1, 1964, so it did not require preclearance under section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c (2000).[2]

In 1985, the Legislature passed a local law, Act No. 85-237, which applied to certain vacancies on the Mobile County Commission, and provided:

> Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat became vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term.

---

[2] See 42 U.S.C. § 1973c ("Whenever a State . . . shall enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964 . . . ."); 28 C.F.R. § 51.4(b) (2004) ("Section 5 requires the preclearance of changes affecting voting made since the date used for determination of coverage."); 28 C.F.R. pt. 51 app., at 98 (2004) (listing as "Applicable Date" of coverage for State of Alabama as November 1, 1964); 30 Fed. Reg. 9,897 (1965) (same).

Act of Apr. 8, 1985, No. 85-237, 1985 Ala. Acts 137 (reproduced in Appendix 1). Act No. 85-237 was submitted to the United States Department of Justice and was precleared.

In 1988, however, this Court held that Act No. 85-237 was unconstitutional because its subject was subsumed by a general law -- namely, section 11-3-6 of the Code of Alabama 1975. See Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988). Section 105 of the Constitution of Alabama of 1901 prohibits the enactment of a local law "in any case which is provided by a general law." Ala. Const. art. IV, § 105.

In 2004, the Alabama Legislature passed Act No. 2004-455 to amend section 11-3-6 of the Code of Alabama 1975. Act of May 14, 2004, No. 2004-455, 2004 Ala. Acts 809 (reproduced in Appendix 2). As amended, section 11-3-6 now states:

> Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the Governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed.

6

Ala. Code § 11-3-6 (Supp. 2004). As enrolled, Act No. 2004-455 stated the following as its purpose: "To amend § 11-3-6 of the Code of Alabama 1975, relating to county commissioners, to authorize the Legislature by local law to provide for the manner of filling vacancies in the office of county commissioner." 2004 Ala. Acts. at 809. Act No. 2004-455 was submitted to the United States Department of Justice and was precleared.

After the Circuit Court of Montgomery County entered its final judgment in this case, the Probate Judge of Mobile County established a special election schedule and submitted it to the Attorney General of the United States for preclearance under section 5.[3] The Attorney General

---

[3] Because setting the date of a special election is subject to preclearance and because the Circuit Court's declaratory judgment had the effect of reviving Act No. 85-237, that judgment and the special election schedule were subject to preclearance. See 28 C.F.R. § 51.12 (2004) ("Any change affecting voting, even though it . . . returns to a prior practice or procedure, . . . must meet the section 5 preclearance requirement."); 28 C.F.R. § 51.17(b) (2004) (setting special elections subject to preclearance).

of the United States precleared the special election on
October 31, 2005.  Mobile County has begun to incur costs
in preparing for a special election, and the total cost
to hold a special election for District 1 is estimated to
be approximately $189,000.

## STATEMENT OF THE STANDARD OF REVIEW

This Court's review of a trial court's ruling on
questions of law is de novo.  City of Foley Board of
Adjustments and Awards v. H & S Southern Graphics
Systems, Inc., 878 So. 2d 294, 297 (Ala. 2003); Ex parte
Graham, 702 So. 2d 1215, 1221 (Ala. 1997).

## SUMMARY OF ARGUMENT

The Circuit Court erred in considering the Kennedy
Appellees' lawsuit seeking a declaratory judgment and
other relief.  Such an independent action seeking to use
a 2004 statutory change to overturn this Court's decision
in Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988), was
time-barred and was filed in the wrong circuit court.
The Kennedy Appellees' remedy, assuming that they were
entitled to relief, was to file a motion pursuant to
Alabama Rule of Civil Procedure 60(b)(5) in the Circuit

Court of Mobile County.

The Circuit Court also erred in using a 2004 statutory change to revive the 1985 local law that this Court declared unconstitutional in <u>Stokes v. Noonan</u>. Because the local law was declared unconstitutional, it could not be revived. Rather, as this Court concluded in <u>Ex parte Southern Railway Co.</u>, 556 So. 2d 1082, (Ala. 1989), it "adhere[s] to th[e] general view" that a local law declared unconstitutional like Act No. 85-237 is void <u>ab</u> <u>initio</u>. <u>Id</u>. at 1090. Absent any indication on the face of the 2004 law that it was intended to operate retroactively, its reach must be construed to be prospective only. Accordingly, to be effective, Act No. 85-237 must be reenacted.

## ARGUMENT

In the argument below, Governor Riley will first demonstrate that the Kennedy Appellees were not entitled to obtain the relief they sought through an independent action filed in the Circuit Court of Montgomery County. Governor Riley will then show that Act No. 85-237, having been found unconstitutional in 1988, was not revived by a general law enacted some 16 years later.

I.  THE CIRCUIT COURT VIOLATED RULE 60(b) BY ALLOWING THE
    KENNEDY APPELLEES TO PURSUE RELIEF FROM THIS COURT'S
    JUDGMENT IN STOKES V. NOONAN IN AN INDEPENDENT ACTION
    FILED MORE THAN THREE YEARS AFTER THE JUDGMENT IN THAT
    CASE.

In Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988), this

Court reversed a judgment entered by the Circuit Court of

Mobile County and held that Act No. 85-237, a local act,

was unconstitutional.  Through the current action, filed

in the Circuit Court of Montgomery County, the Kennedy

Appellees sought to challenge the resulting invalidity of

Act No. 85-237 and revive it so that a special election

could be held to fill the vacancy in District 1.  That

cannot be accomplished through this independent action.

Alabama Rule of Civil Procedure 60(b)(5) authorizes

relief from a judgment when "a prior judgment upon which

it is based has been reversed or otherwise vacated or it

is no longer equitable that the judgment should have

prospective application . . . ." Id.[4] Relief pursuant to
Rule 60(b) can be obtained in two ways:  (i) by filing a
Rule 60(b) motion in the original action; or (ii) by
filing an independent action. Id. An independent action
(like this case) must, however, be filed within three
years after entry of the judgment. Id. ("This rule does
not limit the power of a court to entertain an
independent action within a reasonable time and not to
exceed three (3) years after the entry of the judgment .
. . .") (emphasis added); see also 2 Champ Lyons, Jr.,
Alabama Rules of Civil Procedure Annotated, § 60.14 (3d.
ed. 1996). In contrast, a motion for relief pursuant to
Rule 60(b)(5), which is due to be filed in the same court
that entered the judgment, need only be made "within a
reasonable time . . . after the judgment . . . was
entered." Ala. R. Civ. P. 60(b)(5).

---

[4]     On its face, Alabama Rule of Civil Procedure
60(b)(6), which authorizes relief from judgment for "any
other reason justifying relief from the operation of the
judgment," might also apply. This Court need not address
Rule 60(b)(6) for two reasons. First, Rule 60(b)(6)
operates exclusively of the other grounds for relief
listed in Rule 60(b)(1) through (5). See, e.g., Ex parte
Hartford Ins. Co., 394 So. 2d 933, 936 (Ala. 1981).
Second, motions under Rules 60(b)(5) and (6) are subject
to the same time and venue limitations.

Before the adoption of Rule 60(b) in 1973, Alabama law recognized several ways to make an extraordinary, post-judgment attack on a judgment or decree after the time for appeal or a motion for new trial had expired, including: a motion to vacate the judgment as void; a petition for supersedeas; writ of error coram nobis or coram vobis; an independent proceeding in equity; collateral attack; motion to vacate or expunge from the record; bill of review or bill in the nature of a bill of review. Ala. R. Civ. P. 60(b) advisory committee's cmt. at 591. As the Advisory Committee observed, "This wealth of devices to challenge the judgment or decree [wa]s complicated by overlapping grounds for relief, varying time limits, and differences in procedural details." Id.

Rule 60(b) was intended to "simplif[y] and amalgamate[] the procedural devices available at common law and in chancery to make . . . extraordinary [post-judgment] attacks upon [a] judgment or decree." Id. Thus, "It substitute[d] for the [prior] separate remedies two simple procedures for delayed attack upon a judgment, a motion and an independent proceeding." Id. Rule 60(b) preserved all of the former grounds for relief but, in

keeping with the philosophy of the Rules of Civil Procedure, simplified and streamlined the procedure.

Under Rule 60(b), "The normal procedure to attack a judgment under this rule will be by motion in the court which rendered the judgment." Id. The Rule expressly allows for an independent action, however, "[i]f the relief does not appear to be available under the rule, or if relief from the judgment is sought in some other court than the court which rendered the judgment . . . ." Id.

Unlike Federal Rule of Civil Procedure 60(b), however, the Alabama Rule provides that any independent action must be brought within three years after the judgment being attacked. That limitation in Alabama Rule 60(b) is consistent with prior Alabama practice for bills of review under the Alabama Equity Rules. As the Advisory Committee noted, "Attack on the judgment by an independent proceeding, for whatever cause, must be made within three years after entry of the judgment; this limitation, which does not appear in the Federal Rule, has been added to conform to present Alabama practice, as codified in Equity Rule 66." Id. at 591-92 (emphasis added); see also Ala. Equity R. 66, Ala. Code (Recomp.

13

1958), vol. 3, p. 1276 (superceded 1973) ("A bill of
review may be filed . . . at any time within three years
after the rendition of a decree which is final as to the
right of any party . . . .").

Motion practice under Rule 60(b)(5), on the other
hand, is not subject to a rigid three-year time limit.
Thus, "where the judgment is attacked <u>by motion</u> as . . .
no longer equitable, or for any reason other than those
specifically listed in Rule 60(b), <u>the only limitation is
that the motion be made within a reasonable time after
entry of the judgment</u>." <u>Id.</u> at 592 (emphasis added).
The Advisory Committee noted that "the requirement of
attack within a 'reasonable time' seems a sufficient
limitation in the unusual situations contemplated by Rule
60(b)(5) and (6)." <u>Id.</u>

In this case, the judgment in <u>Stokes v. Noonan</u> was
rendered in 1988, substantially more than three years
ago. In addition, the published decision shows that the
underlying judgment was entered by the Circuit Court of
Mobile County. Accordingly, the procedural vehicle that
the Kennedy Appellees, who would have had to intervene in
<u>Stokes v. Noonan</u>, should have used was a motion made

14

pursuant to Rule 60(b)(5) filed in the Circuit Court of Mobile County. Instead, proceeding in the Circuit Court of Montgomery County, the Kennedy Appellees sought a declaratory judgment "that Act No. 85-237 is a presently effective and valid statute of the State of Alabama with application to Mobile County." (C. 8.) This, of course, was exactly the opposite of what this Court held in Stokes v. Noonan, and, however labeled, was -- in substance -- a post-judgment attack on this Court's judgment in that case.

In Foreman v. Smith, 272 Ala. 624, 133 So. 2d 497 (1961), this Court noted that it had " 'never held that after another suit has been begun, if it affords an adequate judicial determination of the question, a suit for a declaratory judgment may supersede it, and withdraw from that suit a decision of the question.' " Id. at 629, 133 So.2d at 500 (emphasis removed) (quoting Auto Mut. Indem. Co. v. Moore, 235 Ala. 426, 429, 179 So. 368, 370 (1938)). As this Court held in Ex parte Moore, 382 So.2d 548 (Ala. 1980), "The first court seized of the issues involved, if identical, whether by action for declaration, or other judgment, must be permitted to

15

retain jurisdiction of the case." Id. at 550 (citing Foreman and Auto Mut. Indem. Co.). The Court of Civil Appeals has similarly held that a party cannot obtain the benefit of a Rule 60(b) motion outside the time limit for filing it by filing a petition for declaratory judgment instead. Daniels v. Daniels, 567 So. 2d 335, 337 (Ala. Civ. App. 1990).

Furthermore, as Professors Wright, Miller, and Kane have noted in the context of Federal Rule 60(b):

> Relief from a judgment on the ground that it no longer is equitable should come from the court that gave the judgment. Other courts should refuse to entertain an independent action seeking relief from the judgment on this ground, so long as it is apparent that a remedy by motion is available in the court that gave judgment.

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2863, at 350 (2d ed. 1995). The Kennedy Appellees' remedy in this case was simple -- intervene in Stokes v. Noonan in the Circuit Court of Mobile County for the purpose of filing a Rule 60(b) motion. As the Eleventh Circuit has said regarding Fed. R. Civ. P. 60(b): "Intervention in the original action is . . . generally the proper mechanism for a nonparty to seek relief from an existing judgment."

Wilson v. Minor, 220 F.3d 1297, 1301-02 (11th Cir. 2000)

(citing 11 Federal Practice and Procedure § 2863, at 350;

Hines v. Rapides Parish Sch. Bd., 479 F.2d 762, 765 (5th

Cir. 1963)).

A statutory change is a classic example of the kind

of change in circumstances that might justify

modification of a judgment.  See, e.g., Ry. Employees v.

Wright, 364 U.S. 642, 647-52 (1961); Pennsylvania v.

Wheeling & Belmont Bridge Co., 59 U.S. (18 How.) 421,

430-32 (1855); Valero Terrestrial Corp. v. Paige, 211

F.3d 112, 122 (4th Cir. 2000); Protectoseal Co. v.

Barancik, 23 F.3d 1184, 1187 (7th Cir. 1994); Am. Horse

Protection Ass'n v. Watt, 694 F.2d 1310, 1316 (D.C. Cir.

1982); but cf. R.C. v. Nachman, 969 F. Supp. 682 (M.D.

Ala. 1997) (Declining to modify consent judgment to

reflect change in law).  The Kennedy Appellees should

have asserted that the 2004 statutory change made it no

longer equitable for the judgment in Stokes v. Noonan to

operate, and they should have done so by intervening in

Stokes v. Noonan in the Circuit Court of Mobile County.

Had they done so, that court could have considered the

merits of their claim.

II. THE 2004 AMENDMENT TO SECTION 11-3-6 DOES NOT REVIVE ACT NO. 85-237, WHICH THIS COURT DECLARED UNCONSTITUTIONAL IN 1988 IN <u>STOKES V. NOONAN</u>.

The 2004 amendment to section 11-3-6 does not revive Act No. 85-237 for two reasons. First, because Act No. 85-237 was declared unconstitutional, it was void <u>ab initio</u> and cannot be revived. Second, reading the 2004 amendment to revive a local act that was declared unconstitutional in 1988 represents an inappropriate retroactive reading of the 2004 amendment.

In <u>Ex parte Southern Railway</u>, 556 So. 2d 1082 (Ala. 1989), this Court observed that it is "generally recognized" that "[a]n act of a legislature not authorized by the constitution at the time of its passage is absolutely void . . . .'" <u>Id.</u> at 1089 (quoting <u>Bucher v. Powell County</u>, 589 P. 2d 660, 662 (1979) (in turn quoting C.J.S. <u>Constitutional Law</u> § 45, at 141 (1984)) (collecting cases); <u>see also</u> <u>Shirley v. Getty Oil Co.</u>, 367 So. 2d 1388, 1391 (Ala. 1979) ("If the act was unconstitutional, it was void from the beginning."); <u>Norwood v. Goldsmith</u>, 168 Ala. 224, 236, 53 So. 84, 88 (1910) ("An unconstitutional statute or void act is just as if it had never been."). Furthermore, an act found

18

unconstitutional "'if not reenacted, is not validated by a subsequent amendment to the constitution or by the adoption of a new constitution which merely permits the passage of such an act . . . ." Ex parte Southern Railway, 556 So. 2d at 1089. (quoting Bucher, 589 P. 2d at 662). For such an act to be validated without being reenacted, one of the following exceptions must be present: (a) the subsequent constitutional change must "clear[ly] and express[ly]" validate the statute; (b) the statute's effectiveness must be predicated on the adoption of a constitutional amendment; or (c) a statute and a constitutional amendment must be offered simultaneously, debated and considered together, and that statute must then be enacted in anticipation of that constitutional amendment. 556 So. 2d at 1090. None of those exceptions applies in this case. In particular, the first exception does not apply because, as discussed in greater detail below, the face of Act No. 2004-455 does not clearly and expressly display an intent to operate retroactively, much less to validate Act No. 85-237.

The law of other states similarly declares unconstitutional statutes void ab initio. For example, the Georgia Supreme Court explains that "[a] statute declared unconstitutional is deemed void from its inception and is not revived merely because the constitutional infirmity is subsequently eliminated." Gilbert v. Richardson, 452 S.E. 2d 476, 482 (Ga. 1994); see also Grayson-Robinson Stores, Inc. v. Oneida, Ltd., 75 S.E. 2d 161, 163-64 (Ga. 1953). As the Georgia Supreme Court stated in Grayson-Robinson Stores, "The time with reference to which the unconstitutionality of an act is to be determined is the date of its passage by the enacting body; and if it is unconstitutional then, it is forever void." Id. at 163. Accordingly, "[a] void statute can be made effective only by re-enactment." State v. Miller, 66 S.E. 522, 523 (W. Va. 1909); see also 81 C.J.S. Statutes, § 81, at 116 (1999) ("An invalid law is no law at all and is wholly inoperative, conferring no rights. It is not validated by a subsequent constitutional amendment; without express ratification and confirmation, the statute must be reenacted.") (footnotes omitted).

20

In this case, this Court declared Act No. 85-237 unconstitutional because it was inconsistent with section 105 of the Constitution of Alabama of 1901. See Stokes v. Noonan, 334 So. 2d at 238-39. The effect of that decision was to make Act No. 85-237 "'wholly void, and in legal contemplation . . . as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been passed.'" Grayson-Robinson Stores, 75 S.E. 2d at 163-64 (quoting 11 Am. Jur. Constitutional Law § 148, at 827-28 (1937)); see also 16A Am. Jur. 2d Constitutional Law § 203, at 90 (1998) (similar current provision). In the absence of a valid local act, the vacancy must be filled by gubernatorial appointment. Ala. Code § 11-3-6.

In addition, reading the 2004 amendment to section 11-3-6 to revive Act No. 85-237 would constitute a disfavored retroactive application of a new statute. A leading treatise states:

> Retrospective operation is not favored by the courts, . . . and a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application.

2  Norman J. Singer, Sutherland Statutory Construction § 41.4, at 388 (6th ed. 2002). Alabama law is consistent with this general rule. In Dennis v. Pendley, 518 So. 2d 688 (Ala. 1987), for example, this Court held that "statutes will not be construed as retrospective unless the language used in the enactment of the statute is so clear that there is no other possible construction." Id. at 690 (citing Sutherland Statutory Construction § 41.4 (4th ed. 1984)); see also Gotcher v. Teague, 583 So. 2d 267, 268 (Ala. 1991); Lee v. Lee, 382 So. 2d 508 (Ala. 1980).

Act No. 2004-455 does not qualify for retroactive treatment. As enrolled, there is no indication on the face of the Act that its purpose was in any way retroactive. Absent such a statement of purpose, the Act should be read prospectively. The Act states that its purpose is "[t]o amend § 11-3-6, . . . to authorize the Legislature by local law to provide for the manner of filling vacancies in the office of county commissioner." 2004 Ala. Acts at 809. Read in this way, the Act empowers the Legislature to do something that it could not otherwise have done. Cf. 16 C.J.S. Constitutional

22

Law § 44, at 22 (1984) ("A constitutional provision may ratify and validate a previously enacted statute, but it will not so operate unless an intention to do so is clearly manifested.") (footnotes omitted).

The authorities cited by the Kennedy Appellants in the Circuit Court do not compel a contrary conclusion. The opinions of the Legislative Reference Service and the Attorney General are at most persuasive, not binding. See, e.g., Anderson v. Fayette County Bd. of Educ., 738 So. 2d 854, 858 (Ala. 1999). The Attorney General's opinion of September 7, 2004, moreover, involves a Houston County law that was never declared unconstitutional in the same way that the Mobile County law was.[5] For its part, the opinion of the Legislative Reference Service, which addresses the repeal of statutes, misses the point. Neither of those opinions addresses this Court's conclusion that a statute that is

---

[5] The dictum in this court's opinion of State ex rel. Whetsone v. Baldwin County, 686 So. 2d 220, 222 (Ala. 1996), is distinguishable for the same reason, i.e., that it did not involve a statute that had previously been declared unconstitutional.

declared unconstitutional is void ab initio.    Likewise,

neither addresses the limited circumstances in which a

statute that has been declared unconstitutional can be

revived.

In short, to be effective, Act No. 85-237 must be

reenacted.    It was not revived by Act No. 2004-455.

## CONCLUSION

The judgment of the Circuit Court of Montgomery County should be reversed.

Respectfully submitted,

TROY KING (KIN047)
ATTORNEY GENERAL

KEVIN C. NEWSOM (NEW050)
SOLICITOR GENERAL

BY:


John J. Park, Jr. (PAR041)
Assistant Attorney General


Charles B. Campbell (CAM046)
Assistant Attorney General

Counsel for Governor Bob Riley

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
(334) 353-8440 FAX

25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of November, 2005, I furnished a true and correct copy of the foregoing to the persons listed below by U.S. Mail, first-class postage prepaid, and by electronic mail in Adobe® Portable Document Format to the addresses shown:

J. Michael Druhan, Esq.
Johnston Druhan
P.O. Box 154
Mobile, AL 36601
Jmd100@bellsouth.net

J. Cecil Gardner, Esq.
Gardner, Middlebrooks,
Gibbons, Kittrell, Olsen,
Walker & Hill
P.O. Box 3103
Mobile, AL 36652
cgardner@gmlegal.com

C. Mark Erwin, Esq.
Satterwhite & Erwin
P.O. Box 1308
Mobile, AL 36633-1308
mark@satterwhite-erwin.com

Algert S. Agricola, Esq.
Slaten & O'Connor
Winter Loeb Building
105 Tallapoosa Street
Suite 101
Montgomery, AL 36104
aagricola@slatenlaw.com

James H. Anderson, Esq.
Beers, Anderson, Jackson,
Patty & Van Heest
250 Commerce Street
Suite 100
Montgomery, AL 36104
janderson@beersanderson.com

_____
OF COUNSEL

26

**APPENDICES**

137

that the Board of Managers is authorized, in the case of Jessie James White, to waive compliance with the provision of law requiring all applications for extraordinary disability to be made within twelve (12) months after the accident resulting in such disability and requiring that such pensions be granted only within twelve (12) months after the accident resulting in such disability and the Board of Managers shall have the authority to award said extraordinary pension to Jessie James White if, in the sole judgment of the Board of Managers, such pension is required.

**Section 2.** This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved April 8, 1985

Time: 4:00 P.M.

---

Act No. 85-237                                    S. 262—Senator Figures

### AN ACT

Relating to Mobile County; prescribing procedure for filling certain vacancies on the county commission.

*Be It Enacted by the Legislature of Alabama:*

**Section 1.** Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term.

**Section 2.** The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

**Section 3.** All laws or parts of laws which conflict with this act are hereby repealed.

**Section 4.** This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved April 8, 1985

Time: 4:00 P.M.

Appendix 1

809

four years and one shall be appointed by the Chair of the Economic Development Council for an initial term of six years. All successor appointments shall be made by the entity originally entitled to make the appointment to the initial term.

"(c) Each appointee shall reside either within the county or within any municipality located in the county, shall not hold any elective office, shall be a duly qualified elector of the county or of any municipality located within the county, and shall possess a background in business and financial affairs.

"(d) If at the expiration of any term of office of any director a successor thereto has not been elected, then the director whose term of office has expired shall continue to hold office until a successor is elected."

**Section 2.**  This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

Approved May 13, 2004

Time: 3:06 P.M.

---

Act No. 2004-455                                    S. 331 – Senator Holley

## AN ACT

To amend Section 11-3-6 of the Code of Alabama 1975, relating to county commissions, to authorize the Legislature by local law to provide for the manner of filling vacancies in the office of county commissioner.

*Be It Enacted by the Legislature of Alabama:*

**Section 1.**  Section 11-3-6 of the Code of Alabama 1975, is amended to read as follows:

"§11-3-6.

"Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed."

**Section 2.**  This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

Approved May 14, 2004

Time: 11:15 A.M.

Appendix 2