BEFORE THE
THE SUPREME COURT OF ALABAMA

---

CASE NO. 1050087

---

BOB RILEY, as Governor of Alabama,
Defendant-Appellant,

-v-

YVONNE KENNEDY, et al,
Plaintiffs-Appellees

---

On Appeal from the Circuit Court of Montgomery County

---

BRIEF FOR PLAINTIFFS-APPELLEES

---

J. CECIL GARDNER
GARDNER, MIDDLEBROOKS, GIBBONS,
KITTRELL, OLSEN, WALKER & HILL, P.C.
P. O. Box 3103
Mobile, Alabama 36652
(251)433-8100
cgardner@gmlegal.com

and

JAMES H. ANDERSON
BEERS, ANDERSON, JACKSON,
PATTY & VAN HEEST, P. C.
Suite 100 - 250 Commerce Street
Montgomery, Alabama 36104
(334)834-5311
jamesanderson@beersanderson.com

Attorneys for Plaintiffs-Appellees

DATE: November 3, 2005

EXHIBIT
L.

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . .  i

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . .  ii

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE ISSUE  . . . . . . . . . . . . . . . .  3

STATEMENT OF THE FACTS  . . . . . . . . . . . . . . . .  4

STATEMENT OF THE STANDARD OF REVIEW . . . . . . . . . .  5

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . .  6

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . .  8
    I
       RULE 60(b) IS INAPPLICABLE  . . . . . . . . . .  8
    II
       THE VACANCY MUST BE FILLED BY SPECIAL ELECTION
       RATHER THAN GUBERNATORIAL APPOINTMENT  . . . . .  9

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . .  17

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . .  18

## STATEMENT OF JURISDICTION

This is an appeal from a final judgment of the Circuit Court of Montgomery County issuing a declaratory judgment. The court has jurisdiction under <u>Ala. Code 1975</u>, § 12-2-7(3). There is a justiciable controversy in that the parties dispute the proper method of filling a vacancy on the Mobile County Commission. <u>Birmingham Board of Education v. Boyd</u>, 877 So.2d 592 (Ala. 2003).

The final judgment of the Circuit Court was entered September 29, 2005 and notice of appeal was filed by the defendant/appellant October 11, 2005. The appeal is timely under Rule 4(a)(1), Ala.R.App.P.

ii

## TABLE OF AUTHORITIES

B.N.P. v. D.M.P., 896 So.2d 505, 507
(Ala.Civ.App. 2004) . . . . . . . . . . . . . . . . . . . 9

Birmingham Board of Education v. Boyd, 877 So.2d 592 (Ala.
2003) . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Burns v. The State, 48 Ala. 195 (1872) . . . . . . . . . 14

Ex parte Nicholas Shane Carlton (In RE: State Farm Mutual
Automobile Insurance Co. v. Nicholas Shane Carton), 867
So.2d 332; 203 Ala. LEXIS 112 (2003) . . . . . . . . . 5

Goodyear Tire and Rubber v. Vinson, 749 So.2d 393,
398 (Ala. 1999) . . . . . . . . . . . . . . . . . . . . 13

Green v. The State,58 Ala. 190 (1877) . . . . . . . . 14, 15

Shiv-ram, Inc. d/b/a Ramada Inn of Anniston v. Linda
McCaleb, 892 So.2d 299 (Ala. 2003) . . . . . . . . . . .15

Stokes v. Noonan, 534 So.2d 237 (Ala. 1988). 6, 8-10, 16, 17

Voting Rights Act of 1965, 42 U. S. C. § 1973(c). . . 16, 17

Ala. Code 1975 § 11-3-6 (APP.p.2)  1, 3, 6, 10, 12, 15, 16

Ala. Code 1975, § 12-2-7(3) . . . . . . . . . . . . . . ii

Act No. 85-237,
Acts of Alabama 1985 (APP.p.1) . . 1, 3, 6, 8-10, 12, 15-17

Rule 4(a)(1), Ala.R.App.P. . . . . . . . . . . . . . . ii

Rule 60(b) Ala.R.Civ.P. . . . . . . . . . . . . 1, 2, 6-9

Opinion of Alabama Attorney General (APP.p.9) . . . . . 15

Opinion of State of Alabama Legislative
Reference Service (APP.p.3) . . . . . . . . . . . . . . 11

39 U.S. Op. Atty. Gen. 22, 1937
WL 1707 (U.S.A.G.) (APP.p.7) . . . . . . . . . . . . . 13

## STATEMENT OF THE CASE

In the Circuit Court, plaintiff sought a declaratory judgment that a vacancy on the Mobile County Commission caused by the election of the incumbent to Mayor of Mobile should be filled by special election as required by an act of local application, Act No. 85-237, Acts of Alabama 1985 (R.6). Plaintiff asserted that even though an Alabama Supreme Court decision in 1988 found that the local act could not then be enforced, an amendment to the general laws of Alabama in Ala. Code 1975 § 11-3-6 in 2004 specifically removed the constitutional impediment to enforcement by providing specifically for special elections in instances where there are acts of local application providing for special election.

Defendant Governor Bob Riley, answered, claiming that the general laws allow him to fill the vacancy and that Act 85-237, once declared unconstitutional, could not be enforced without being re-enacted by the legislature (R.34). He also asserted a procedural objection to the effect that the only recourse for plaintiffs was a Rule 60(b) Ala.R.Civ.P. motion in the original 1988 case which had held Act No. 85-237 unconstitutional.

1

The defendant Mobile County Probate Judge Don Davis moved to dismiss the complaint on grounds the Montgomery County Circuit Court could not issue a writ of mandamus to the Probate Judge of Mobile County (R.31). After a hearing, without the submission of evidence, the Circuit Court of Montgomery County issued the declaratory judgment requested by plaintiff and found that the vacancy should be filled by special election.

The court did not reach the Rule 60(b) issue nor did it rule on the issue raised by the Mobile County Probate Judge. Governor Riley filed notice of appeal on October 11, 2005 (R.62). The Probate Judge has not appealed.

## STATEMENT OF THE ISSUE

Where Act No. 85-237, which provides for special elections in Mobile County, was once declared unenforceable/ unconstitutional by the Court, but never repealed by the Alabama Legislature, and where the constitutional infirmity is later removed by amendment to § 11-3-6 to allow for special elections, did the Circuit Court correctly rule that Act No. 85-237 could be prospectively applied to require a special election to fill a vacancy on the Mobile County Commission where the vacancy occurred after the amendment to § 11-3-6.  The answer is yes.

## STATEMENT OF THE FACTS

There are no disputed facts and the case was submitted without the taking of testimony.  The parties agreed that a vacancy existed on October 3, 2005, when the incumbent County Commissioner of District 1 of the Mobile County Commission resigned to assume the office of Mayor of the City of Mobile (Transcript, R-2).

## STATEMENT OF THE STANDARD OF REVIEW

The facts were agreed to at the trial court level and the issue on appeal is strictly a question of law. This court's review of a trial court's ruling on a question of law is de novo. Ex parte Nicholas Shane Carlton (In RE: State Farm Mutual Automobile Insurance Co. v. Nicholas Shane Carton), 867 So.2d 332; 203 Ala. LEXIS 112 (2003).

## SUMMARY OF ARGUMENT

Section 11-3-6, a statute of general application which allows the Governor to fill vacancies on the County Commissions of this state was amended in 2004 to allow for acts of local application to require that vacancies can be filled by special election.  The amendment contained no repealer of local laws already on the books.  Mobile County had passed just such an act in 1985, Act No. 85-237.  However, in 1988, this Court in <u>Stokes v. Noonan</u>, 534 So.2d 237 (Ala. 1988) ruled that the act could not be constitutionally enforced since the subject was subsumed by the general statute, which, at the time, made no provision or exception for contrary local laws.  The local act, however, was never repealed by the legislature and the statute remains on the books today.  The local statute and the general statute, as amended, thus, are the only expressions of legislative intent on the subject.  The constitutional impediment to enforcement having been removed by the 2004 amendment to the general law, the local law should, as the circuit court ruled, be now enforced and the vacancy filled by special election.

Rule 60(b) allows only a party or a party's legal

representative relief from a final judgment.  The plaintiffs were not parties to the 1988 case and, for that reason, Rule 60(b)Ala.R.Civ.P. has no application to the present dispute.

## ARGUMENT

### I

### RULE 60(b) IS INAPPLICABLE

Defendant Riley argued in the trial court and perhaps will argue to this court, that plaintiffs, rather than approach the Circuit Court of Montgomery County, should have filed in Mobile County and sought relief under Rule 60(b) from the ruling of the Supreme Court in the long-ago decided case of <u>Stokes v. Noonan</u>, 534 So.2d 237 (Ala. 1988). <u>Stokes v. Noonan</u> was a suit by one Willie Stokes against Red Noonan, the Probate Judge of Mobile County, seeking to require a special election under Local Act No. 85-237 to fill a vacancy then existing on the Mobile County Commission. This court, of course, held that the local act was unconstitutional. The defendants cited Rule only 60(b) as authority for their argument that plaintiffs, here, should somehow try to breath new life into a case in which they were not even parties. Defendant did not cite any case law in support. Our research has revealed none. Nevertheless, defendant omitted to cite the operative predicate to relief under Rule 60(b). The rule provides, ". . . the court may relieve a party or a party's legal

8

representative from a final judgment . . . ". Rule 60(b)
Ala.R.Civ.P. Thus, the rule itself provides its own
limitation upon its use. That is, the movant must be a
<u>party</u> or a <u>party's legal representative</u> in the matter in
which relief is sought. The plaintiffs in the present case
were not parties in <u>Stokes v. Noonan</u>, and, defendant does
not assert that they were. In <u>B.N.P. v. D.M.P.</u>, 896 So.2d
505, 507 (Ala.Civ.App. 2004) the Court of Civil Appeals held
that a child involved in a paternity case between his
"parents" but who herself was <u>not</u> a party, did not, for that
reason, have standing to seek relief under Rule 60(b). For
the same reason, Rule 60(b) was not available to the
plaintiffs herein and a failure to utilize that avenue
cannot be a bar to proceeding in this action.

II

## THE VACANCY MUST BE FILLED BY SPECIAL ELECTION

## RATHER THAN GUBERNATORIAL APPOINTMENT

The governing statute is Act No. 85-237, which provides
specifically that a vacancy on the Mobile County Commission
is to be filled by special election if there are more than
twelve months remaining in the term for the now-vacant seat.
On its face, the statute of statewide application, <u>Ala. Code</u>

9

§ 11-3-6, provides for the validity and enforceability of
that local law; § 11-3-6 calls for filling of county
commission vacancies by gubernatorial appointment, "[u]nless
a local law authorizes a special election."

The Governor, however, has argued that Act No. 85-237
simply does not exist anymore, that it is a nullity that has
been (so to speak) "wiped off the books." The argument is
based on the fact that some years ago – *before* the
legislature amended § 11-3-6 last year in order to uphold
the validity of local acts such as Act No. 85-237 – the
Supreme Court had held Act No. 85-237 to be
unconstitutional. <u>Stokes v. Noonan</u>, 534 So.2d 237 (Ala.
1988). In other words, a local law such as Act No. 85-237
*was* unconstitutional during the time when § 11-3-6 flatly
provided that vacancies on county commissions would be
filled by appointment, without any exception for counties as
to which a local law provided otherwise. We do not argue
otherwise. But *now*, a local law such as Act No. 85-237 is
perfectly constitutional, because of the 2004 amendment of
§ 11-3-6.

The question that will resolve this suit, then, is
this: Was Act No. 85-237 forever wiped off the books by a

10

holding that it was unconstitutional? Or did the statute remain in existence, such that a change in the relevant legal context that makes the statute constitutionally permissible means that the statute is now effective again? It is an interesting question, as to which there is fortunately a clear answer that emerges from all relevant authorities: A statute is not "wiped off the books" by a holding of unconstitutionality. Instead the statute remains in existence (though it is unenforceable so long as it remains unconstitutional), and unless legislatively repealed or amended in the interim, the statute can take effect as originally enacted if there is a change in the relevant legal context that makes the statute constitutionally permissible.

Among the authorities recognizing this rule are the following:

(1)  The September 16, 2005, opinion of the State of Alabama Legislative Reference Service, specifically addressing this very question as to this very statute, supports our view (Appendix p.3). While not binding on the Court, this opinion should be persuasive to the Court because of the strength of the analysis and the expertise of

11

the Legislative Reference Service.  As the Service discussed
in its opinion, Act No. 85-237 was not repealed, and a
judicial holding of unconstitutionality does not constitute
a repeal.  Therefore, now that there is no longer any
constitutional prohibition against the enforcement of Act
No. 85-237, the statute is in full force and effect.  As the
Service discussed, this would effectuate the legislative
intent in enacting § 11-3-6.

(2)  A 1937 opinion of the United States Attorney
General, (Appendix p.7) opining about the renewed validity
of the District of Columbia minimum wage law, also supports
our view.  The law had been held unconstitutional by the
Supreme Court but then the Court had, in the course of a
later case dealing with another statute, overruled the
decision holding the DC minimum wage law unconstitutional.
The Attorney General recognized that this made the law
enforceable once again:

> The decisions are practically in accord in holding
> that the courts have no power to repeal or abolish
> a statute, and that notwithstanding a decision
> holding it unconstitutional a statute continues to
> remain on the statute books; and that if a statute
> be declared unconstitutional and the decision so
> declaring it be subsequently overruled the statute
> will then be held valid from the date it became
> effective. Pierce, et al. v. Pierce, 46 Ind. 86,
> 95; McCollum v. McConaughy, 141 Iowa 172, 176, 119

12

N. W. 539, 541; <u>Christopher v. Mungen</u>, 61 Fla.
513, 532, 55 So. 273, 280; <u>Allison v. Corker</u>, 67
N. J. L. 596, 600; <u>Boyd v. Alabama</u>, 94 U. S. 645,
649; <u>State v. O'Neil</u>, 147 Iowa 513, 515, 520, 523;
The Effect of an Unconstitutional Statute by
Oliver P. Field, pp. 181, et seq. See also <u>Thomas
v. Gilbert</u>, 76 Ohio St. 341; <u>Jackson v. Harris</u>, 43
F. (2d) 513, 516; <u>Haskett et al v. Maxey et al</u>,
134 Ind. 182, 190; <u>Center School Township v.
State</u>, 150 Ind. 168, 173; <u>Ray v. Natural Gas Co.</u>,
138 Pa. St. 576, 590; <u>Storrie v. Cortes</u>, 90 Tex.
283, 291; <u>Hoven v. McCarthy Bros. Co.</u>, 163 Minn.
339, 341; <u>Allen v. Allen</u>, 95 Cal. 184, 199;
<u>Crigler v. Shepler</u>, 79 Kan. 834, 840; <u>Adkins v.
Children's Hospital</u>, <u>supra</u> 544; 7 R. C. L., p.
1010. It is, therefore, my opinion that the
District of Columbia minimum-wage law is now a
valid act of the Congress and may be administered
in accordance with its terms.

39 U.S. Op. Atty. Gen. 22, 1937 WL 1707 (U.S.A.G.) (Appendix
p.7).

(3)   The opinion of Justice Houston, concurring

specially in <u>Goodyear Tire and Rubber v. Vinson</u>, 749 So.2d

393, 398 (Ala. 1999), also supports our view:

I note that should this Court overrule
<u>Henderson</u>, then the $250,000 cap on punitive
damages provided by § 6-11-21 will, in my view, be
revived. See <u>State ex rel. Attorney General v.
Paul</u>, 5 Stew. & P. 40, 49 (Ala. 1833), overruled
on other grounds, <u>State ex rel. Attorney General
v. Porter, 1 Ala. 688, 701 (1840)</u>, which cites
with approval the following from Paul: "'The
statute [declared unconstitutional] is not
repealed: it remains in the code of laws; and
should the same, or a higher tribunal,
subsequently determine it to be consistent with
the constitution, it is subject to be enforced

13

accordingly.'" See <u>Legal Tender Cases, 79 U.S. (12</u>
<u>Wall.) 457, 533-34, 20 L. Ed. 287 (1870)</u>; <u>Legg's</u>
<u>Estate v. Commissioner, 114 F.2d 760, 764 (4th</u>
<u>Cir. 1940)</u>; <u>Jawish v. Morlet, 86 A.2d 96, 97 (D.C.</u>
<u>1952)</u>; <u>State ex rel. Badgett v. Lee, 156 Fla. 291,</u>
<u>294-95, 22 So. 2d 804, 806 (1945)</u>; <u>Christopher v.</u>
<u>Mungen, 61 Fla. 513, 532-33, 55 So. 273, 280, 61</u>
<u>Fla. 534 (1911)</u>; <u>McCollum v. McConaughy, 141 Iowa</u>
<u>172, 177, 119 N.W. 539, 541 (1909)</u>; <u>William</u>
<u>Michael Treanor & Gene B. Sperling, Prospective</u>
<u>Overruling and The Revival of "Unconstitutional"</u>
<u>Statutes, 93 Colum. L. Rev. 1902, 1912-13 (1993)</u>;
<u>Earl T. Crawford, The Legislative Status of an</u>
<u>Unconstitutional Statute, 49 Mich. L. Rev. 645,</u>
<u>651-52 (1951)</u>; <u>Mark Graham, Note, State v.</u>
<u>Douglas: Judicial "Revival" of an Unconstitutional</u>
<u>Statute, 34 La. L. Rev. 851 (1974)</u>.

The very thing envisioned by Justice Houston occurred
in two early Alabama cases involving the miscegenation
statutes.  In the first, <u>Burns v. The State, 48 Ala. 195</u>
<u>(1872)</u>, the defendant, a justice of the peace, was convicted
in the trial court of performing a marriage ceremony of a
white woman to a black man, a union which was unlawful under
the statute.  The Supreme Court found that the statute
prohibiting the marriage was unconstitutional and, because
of that, the justice of the peace could not be convicted for
performing the marriage.  Five years later, in <u>Green v. The</u>
<u>State, 58 Ala. 190 (1877)</u>, a white woman who wed an African-
American man was convicted under the same statute which had
been declared unconstitutional by the court in <u>Burns</u>.  The

14

Supreme Court upheld the conviction in <u>Green</u> in spite of earlier having found the statute unconstitutional. <u>Burns</u>, the decision finding the statute unconstitutional was overruled. Clearly, it was seen that when <u>Burns</u> was overruled, the statute became enforceable or "revived" once again.[1]

(4)    Finally, an opinion of the Alabama Attorney General, (Appendix p.9) relating to a similar special election law affecting a different county, also supports our view. That opinion had to do with a law that was like Act No. 85-237 in every material respect, pertaining to Houston County. The Attorney General recognized, in his opinion, that the Houston County statute – like Act No. 85-237 – was unconstitutional prior to the 2004 amendment of § 11-3-6.

---

[1]    The question was discussed most recently in <u>Shiv-Ram, Inc. d/b/a Ramada Inn of Anniston v. Linda McCaleb, 892 So.2d 299 (Ala. 2003)</u>, another punitive damage case. <u>Shiv-Ram</u> considered the effect of the 1999 amendment to § 6-11-21. Justice Houston again stated his argument that <u>Henderson</u> should be overruled and that to do so would revive the original version of § 6-11-21. <u>Shiv-Ram, Inc.</u> at 320 The majority found it unnecessary to resolve that question and found that the amendment to § 6-11-21 completely supplanted the old statute and, thus, "[A]ccordingly, former § 6-11-21 would not be revived even if we overruled <u>Henderson</u>, and we, therefore, have no occasion to address that possibility further in this case". <u>Shiv-Ram, Inc.</u> at 313.

15

Yet the Attorney General further recognized that this did not make the statute a nullity forever. The statute remained on the books, and therefore was made effective once again by the amendment to § 11-3-6. The same is true as to the Mobile County statute, Act No. 85-237, for precisely the same reasons. For the same Attorney General to now take a diametrically opposed position is disingenuous.

In addition, our view is most consistent with a reasonable interpretation of the legislative intent at the time of enacting the 2004 amendment to § 11-3-6. The legislature plainly wanted to allow special elections under local laws that pre-dated the amendment itself. And there is no reason to think that the legislature intended that this would be true for all affected counties *except for* Mobile, simply because Mobile's statute happened to have been the subject of the Supreme Court's decision in <u>Stokes v. Noonan</u>. Rather, the better interpretation is that the legislature revived *all* such local laws, including Act No. 85-237; and there is certainly no constitutional prohibition against the legislature doing just that.

In fact, when the 2004 amendment was submitted by this same Alabama Attorney General to the U. S. Department of

16

Justice for preclearance as required by Section 5 of the
Voting Rights Act of 1965, 42 U. S. C. § 1973(c), the
Attorney General referred to <u>Stokes v. Noonan</u>, and the
Mobile County local law as the background for the change in
the general statute.  There was no indication that there was
any further action required to enforce the local law and the
Attorney General stated unequivocally that the amendment was
effective immediately.  When all this is placed in context,
it is clear that the Attorney General's thinking at the time
was that special elections would be allowed in Mobile County
just as he had earlier said they were proper with regard to
Houston County.

**CONCLUSION**

For these reasons, the Court should affirm the Circuit
Court's issuance of a declaration that the vacancy on the
Mobile County Commission is to be filled by special election
pursuant to Act No. 85-237.

17

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS-APPELLEES

GARDNER, MIDDLEBROOKS, GIBBONS,
KITTRELL, OLSEN, WALKER & HILL, P.C.
P. O. Box 3103
Mobile, Alabama 36652
(334) 433-8100

By: _____
        J. CECIL GARDNER

                          and

BEERS, ANDERSON, JACKSON, PATTY & VAN
HEEST, P. C.
Suite 100-250 Commerce Street
Montgomery, Alabama 36104
(334) 834-5311

By: _____
        JAMES H. ANDERSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of
the foregoing has this 3rd day of November, 2005, has been
furnished by facsimile and U.S. Mail to the following:

J. Michael Druhan, Esq.
Johnston Druhan
P.O. Box 154
Mobile, AL 36601
251-432-4874 (facsimile)

18

John J. Park, Jr., Esq.
Assistant Attorney General
Charles B. Campbell, Esq.
Assistant Attorney General
11 South Union Street
Montgomery, AL 36130
334-353-8440 (facsimile)

C. Mark Erwin, Esq.
Satterwhite & Erwin
P.O. Box 1308
Mobile, AL 36633-1308
251-432-0714 (facsimile)


J. Cecil Gardner

Act No. 85-237                                    S. 262—Senator Figures

## AN ACT

Relating to Mobile County; prescribing procedure for filling certain vacancies on the county commission.

*Be It Enacted by the Legislature of Alabama:*

Section 1. Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term.

Section 2. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

Section 3. All laws or parts of laws which conflict with this act are hereby repealed.

Section 4. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved April 8, 1985

Time: 4:00 P.M.

APP. 1

*Code of Ala. § 11-3-6*

Michie's Alabama Code
Copyright; 2005 by Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

\*\*\* Current through the 2004 First Special Session. \*\*\*
\*\*\* Annotations current through April 29, 2005. \*\*\*

TITLE 11.  COUNTIES AND MUNICIPAL CORPORATIONS
SUBTITLE 1.  PROVISIONS APPLICABLE TO COUNTIES ONLY
CHAPTER 3.  COUNTY COMMISSION
ARTICLE 1.  GENERAL PROVISIONS

✦ **<u>GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION</u>**

Code of Ala. § 11-3-6  (2005)

§ 11-3-6. Vacancies

   Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed.

**HISTORY:** Acts 2004, No. 04-455.

**NOTES:**
EFFECTIVE DATES. Acts 2004, No. 04-455, effective May 14, 2004.

2004 AMENDMENTS. Added "Unless a local law authorizes a special election"; and made a nonsubstantive change.

RECEIVED SEP 1 6 2005



STATE OF ALABAMA

## LEGISLATIVE REFERENCE SERVICE

Jerry L. Bassett
Director

Monty Feld
Assistant Director

613 Alabama State House
11 South Union Street
Montgomery, Alabama 36130-3550

Phone  334 242-7560
FAX     334 242-4358

September 16, 2005

Representative Yvonne Kennedy
Alabama State House, Room 537-C
11 South Union Street
Montgomery, Alabama 36130

Re: Mobile County: County Commission: Filling of Vacancies:
#LRS2005-3809

Dear Representative Kennedy:

You have asked whether a vacancy on the Mobile County Commission should be filled by special election pursuant to Act 85-237. Another way of stating this question is whether Act 85-237 at this time is a valid act based on the facts that will be outlined in this letter.

Act 85-237 is a local law applying to Mobile County. The principal provision of Act 85-237 in Section 1 provides the following:

"Section 1. Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."

Act 85-237 was challenged in a suit filed in April 1987 contesting the constitutionality of the act. Stokes v. Noonan,

APP. 3

78105-1
Page 2

534 So. 2d 237 (Ala. 1988). Stokes, the plaintiff in the
action, contended that the subject matter of Act 85-237 was
subsumed by Section 11-3-6, Code of Alabama 1975, and that
under Section 105 of the Constitution of Alabama of 1901, Act
85-237 was unconstitutional. Section 11-3-6 is a general law
which at that time provided that vacancies in the Office of
County Commissioner would be filled by appointment of the
Governor. Section 105 provides that no local law "shall be
enacted in any case provided by general law." The Supreme
Court held that the subject matter of Act 85-237 was subsumed
by the general law, Section 11-3-6, and therefore, Act 85-237
was unconstitutional as violating Section 105.[1]

        The court in reaching its decision noted specifically
the case of Baldwin County v. Jenkins, 494 So. 2d 584 (Ala.
1986). In that case, the Supreme Court found that local law
could be enacted on a subject covered by a general law if the
general law specifically authorized exceptions to the general
law by local law. The court's reasoning in Baldwin County was
that the general law which contained the specific language,
"unless otherwise provided by local law," showed legislative
intent that the subject matter of the local law was not
subsumed by the general law. The court further noted that
Section 11-3-6 did not contain this language.

        In 2004, the Legislature, in Act 2004-455, amended
Section 11-3-6 to read as follows:

        "Section 11-3-6.

        "Unless a local law authorizes a special election, in
case of a vacancy, it shall be filled by appointment by the
Governor, and the person so appointed shall hold office for
the remainder of the term of the commissioner in whose place
he or she is appointed."

        Section 11-3-6, as amended, authorizes the Legislature
to provide an exception to the general law by the enactment of
a local law authorizing a special election to fill a vacancy
on a county commission. The clear purpose of the amendment to
Section 11-3-6 by Act 2004-455 is to overrule Stokes v.
Noonan, to the extent the local law authorizes a vacancy on a
county commission to be filled by special election.

---

[1]Stokes also contended that Act 85-237 violated Section 104 (29) of the
Constitution of Alabama of 1901 which prohibits a local law providing for the
conduct of elections. The Supreme Court did not address this issue.

78105-1
Page 3

After the enactment of Act 2004-455, questions arose
about the validity of other local laws adopted prior to the
enactment of Act 2004-455. The Attorney General in Opinion
2004-215 (September 7, 2004, copy enclosed) specifically
addressed this issue concerning the validity of a Houston
County act, Act 86-174, which provided for vacancies on the
Houston County Commission to be filled by special election.
The Attorney General's Opinion stated that vacancies on the
Houston County Commission occurring after May 14, 2004, the
effective date of Act 2004-455, should be filled by special
election. The opinion reasoned that Act 86-174 was
unconstitutional until the enactment of Act 2004-455,
specifically authorizing local laws on the filling of
vacancies on a county commission by special election, and that
the local law was valid after the enactment of Act 2004-455.[2]

Through this course of events, Act 85-237 remained a
statute in this state and was not repealed by the Legislature.
Thus, the question is presented, "Does the fact that the
Alabama Supreme Court held that Act 85-237 was
unconstitutional have the effect of repealing Act 85-237, or
is Act 85-237 still a valid act which should be applied after
the enactment of Act 2004-455?"

In general, an act which by its term is not limited in
time is perpetual and continues in force until altered or
repealed. An act of the Legislature may be repealed only by
the Legislature by an express statutory provision or by an
implied repealer. See Am Jur 2d, Statutes, Section 263. The
constitutional authority to repeal statutory law lies only
with the Legislature. See Sutherland Statutory Construction,
23:3, Power to Repeal.

The case of U.S. v. Bryan, 339 U.S. 323 (1950) is
instructive on this issue. In Bryan, two sections of federal
law which were declared unconstitutional in another case were
addressed. One of the code sections was later repealed by
Congress. The other code section remained on the books
although its usefulness had been undermined by the prior
holding. When an issue arose years later, the U. S. Supreme
Court held that courts must continue to give effect to the

---

[2]This office is aware that a special election has been held in Etowah
County to fill a vacancy on the county commission in that county pursuant to a
local law enacted prior to the enactment of Act 2004-455.

78105-1
Page 4

statute which had not been repealed when the statute could be applied.[3]

<u>Conclusion</u>

In our opinion, because Act 85-237 has not been repealed by the Legislature the act should be applied to provide for special elections to fill vacancies in the Office of County Commissioner in Mobile County after May 14, 2004. It is clear that Act 2004-455 was a curative act. Because the Legislature has authorized local laws to provide for special elections to fill vacancies on a county commission, the rationale for the holding in <u>Stokes</u> no longer exists. In fact, the enactment of Act 2004-455 evidences a clear intent of the Legislature to overrule the effect of <u>Stokes</u> by the enactment of an amendment to Section 11-3-6 which is specifically contemplated by the court in <u>Stokes</u>. This opinion is consistent with the opinion of the Attorney General as applied to Houston County Act 86-174, which the Attorney General found to be unconstitutional until the cured by Act 2004-455.

Please contact our office if we can provide you with additional information or assistance.

Very truly yours,

Jerry L. Bassett
Director

*Frank Caskey*

By: Frank Caskey
    Legislative Analyst

FC/mfp
Enclosures

---

[3]We have been unable to find support for the proposition that the finding of a law to be unconstitutional by a court has the effect of repealing a statute. In fact, if a statute is declared unconstitutional by even the U.S. Supreme Court, there is no authority for the statute to be repealed or removed from the books except by act of the Legislature.



Home  About  Account Info  Contact Us  Help

Sign Off

Print Doc

**39 U.S. Op. Atty. Gen. 22**
39 U.S. Op. Atty. Gen. 22, 1937 WL 1707 (U.S.A.G.)
United States Attorney General

STATUS OF DISTRICT OF COLUMBIA MINIMUM WAGE LAW

APRIL 3, 1937.

*22 The courts have no power to repeal or abolish a statute; it remains on the statute books notwithstanding a decision holding it unconstitutional; and if such decision is subsequently overruled the statute will then be held valid from the date it became effective.
The District of Columbia minimum-wage law, held unconstitutional by the Supreme Court in a decision subsequently overruled, is now a valid act and may be administered accordance with its terms.

The PRESIDENT.

MY DEAR MR. PRESIDENT:

In answer to your request of April 2, 1937, for my opinion respecting the present status of the District of Columbia minimum-wage law, in view of the recent decision of the Supreme Court in the case of West Coast Hotel Co. v. Parrish, 300 U. S. 379, overruling the case of Adkins v. Children's Hospital, 261 U. S. 525, I have the honor to advise you as follows:
The District of Columbia minimum-wage law was approved and became effective on September 18, 1918 (c. 174, 40 Stat. 960). The act provided for its administration by a Minimum Wage Board to be appointed by the Commissioners of the District of Columbia. It further provided for the organization of the Board and defined its powers and duties. The Board appointed under the statute, acting in pursuance thereof, issued its order prohibiting the employment in the District of Columbia of women or minor girls in certain industries at less than a prescribed wage per month. The Children's Hospital sought to enjoin the Board from enforcing its order against the hospital. An injunction issued was sustained by the Supreme Court in the case of Adkins v. Children's Hospital, decided April 9, 1923, on the ground that the statute was unconstitutional. The effect of this decision was to suspend the further enforcement of the act.
In the case of West Coast Hotel Co. v. Parrish, supra, the Supreme Court said 'Our conclusion is that the case of Adkins v. Children's Hospital, supra, should be, and it is, overruled.'
The decisions are practically in accord in holding that the courts have no power to repeal or abolish a statute, and that *23 notwithstanding a decision holding it unconstitutional a statute continues to remain on the statute books; and that if a statute be declared unconstitutional and the decision so declaring it be subsequently overruled the statute will then be held valid from the date it became effective. Pierce, et al. v. Pierce, 46 Ind. 86, 95; McCollum v. McConaughy, 141 Iowa 172, 176, 119 N. W. 539, 541; Christopher v. Mungen, 61 Fla. 513, 532, 55 So. 273, 280; Allison v. Corker, 67 N. J. L. 596, 600; Boyd v. Alabama, 94 U. S. 645, 649; State v. O'Neil, 147 Iowa 513, 515, 520, 523; The Effect of an Unconstitutional Statute by Oliver P. Field, pp. 181, et seq. See also Thomas v. Gilbert, 76 Ohio St. 341; Jackson v. Harris, 43 F. (2d) 513, 516; Haskett et al v. Maxey et al, 134 Ind. 182, 190; Center School Township v. State, 150 Ind. 168, 173; Ray v. Natural Gas Co., 138 Pa. St. 576, 590; Storrie v. Cortes, 90 Tex. 283, 291; Hoven v. McCarthy Bros. Co., 163 Minn. 339, 341; Allen v. Allen, 95 Cal. 184, 199; Crigler v. Shepler, 79 Kan. 834, 840; Adkins v. Children's Hospital, supra 544; 7 R. C. L., p. 1010.
It is, therefore, my opinion that the District of Columbia minimum-wage law is now a valid act of the Congress and may be administered in accordance with its terms.

Respectfully,

HOMER CUMMINGS.
39 U.S. Op. Atty. Gen. 22, 1937 WL 1707 (U.S.A.G.)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

© 2005 West | Accessibility Information

THOMSON
WEST



# 2004-215

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL

TROY KING
ATTORNEY GENERAL

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130
(334) 242-7300
WWW.AGO.STATE.AL.US

September 7, 2004

Honorable Steve Clouse
Member, House of Representatives
Post Office Box 818
Ozark, Alabama 36361

> Act No. 86-174 – Local Laws –
> Vacancies – County Commissioners
> – Houston County
>
> Vacancies on the Houston County
> Commission occurring after May 14,
> 2004, should be filled by special
> election as provided by local Act 86-
> 174.

Dear Representative Clouse:

This opinion of the Attorney General is issued in response to your request.

## QUESTIONS

1. Given the presence of the general state-wide statute (section 11-3-6 of the Code of Alabama), does Act 86-174, a local law relating only to Houston County, have to be enforced such that upon a vacancy on the Houston County Commission the probate judge is required to call a special election to fill the vacancy?

2. Notwithstanding the presence of the local act, does section 11-3-6 of the Code of Alabama authorize the Governor, in case of a vacancy on the Houston County Commission, to fill the vacancy by appointment of the Governor

SEP-16-2005 14:26    LEGT REF SER                334 242 4358    P.07

Honorable Steve Clouse
Page 2

with the person so appointed to hold office for
the remainder of the term of the commissioner in
whose place he or she is appointed?

3. What effect does the amendment of
section 11-3-6 of the Code of Alabama by Act
2004-455 have on the answer to the above
questions?

## FACTS AND ANALYSIS

Section 11-3-6 of the Code of Alabama is a general statute
applicable to the entire state governing the filling of vacancies on county
commissions. This section, before its amendment by Act 2004-455, pro-
vided for the filling of vacancies on the county commissions as follows:

In case of a vacancy, it shall be filled by
appointment by the governor, and the person so
appointed shall hold office for the remainder of
the term of the commissioner in whose place he
is appointed.

ALA. CODE § 11-3-6 (1989).

Act 86-174 is a local act applicable to Houston County that pro-
vides for four commission districts, the election of part-time associate
county commissions. and for the at-large election of a full-time chairman
of the county commission. 1986 Ala. Acts No. 86-174, 203. Section 4 of
the act provides for the filling of vacancies on the county commission and
states as follows:

Vacancies in offices occurring due to
death, disability, resignation or nonresidency
shall be filled by special elections called to fill
any unexpired term and called by the probate
judge. Notice of such special elections shall be
advertised in a newspaper of general circulation
in the county for a period of four weeks prior to
any such election.

*Id.* This act does not provide any further guidance with respect to the
timing or the manner of holding the special elections.

Honorable Steve Clouse
Page 3

The Alabama Constitution provides that "no special, private, or local law . . . shall be enacted in any case which is provided by a general law." ALA. CONST. art. IV, § 105. The statewide statute provides that vacancies on the county commission shall be filled by appointment by the Governor. The local act applicable to Houston County provides that vacancies on the county commission shall be filled by special election called by the probate judge. The general rules of statutory construction provide that a general law that applies to the entire state will prevail over a local act when the subject matter of the local act is subsumed by the general statute. *Opinion of the Justices*, 469 So. 2d 105 (Ala. 1985).

The Alabama Supreme Court considered a similar local act applicable to Mobile County and found that the local act was in conflict with the state statute, section 11-3-6 of the Code of Alabama. *Stokes v. Noonan*, 534 So. 2d 237 (Ala. 1988). The Mobile County act provided for the filling of vacancies on the Mobile County Commission by special election if at least 12 months remained on a county commissioner's term of office at the time of the vacancy. *See* 1985 Ala. Acts No. 85-237, 137. The Supreme Court stated that section 11-3-6 is a statewide statute governing the general subject of filling vacancies on county commissions. *Stokes*, 534 So. 2d, at 238. The Court found that the local act was subsumed by the general law and declared the local act providing for the filling of vacancies by special election unconstitutional in violation of article IV, section 105 of the Alabama Constitution. *Id.*

Because the local act applicable to Houston County provides for the filling of vacancies by special election, it is the opinion of this Office that a court would find that the provisions of Act 86-174 related to filling vacancies is unconstitutional in violation of article IV, section 105 of the Alabama Constitution. Accordingly, any vacancies on the Houston County Commission should have been filled by appointment by the Governor as required under section 11-3-6 of the Code of Alabama before its amendment in 2004.

Section 11-3-6 of the Code of Alabama was amended in 2004 by Act 2004-455. The amendment became effective on May 14, 2004, but is not enforceable until it has received preclearance as required under section 5 of the Voting Rights Act of 1965. 42 U.S.C. § 1973c (2000). Act 2004-455 has been submitted to the United States Department of Justice for preclearance and a decision is due by Friday, October 8, 2004. Section 11-3-6, as amended, states as follows:

Honorable Steve Clouse
Page 4

> *Unless a local law authorizes a special
> election*, in case of a vacancy, it shall be filled
> by appointment by the governor, and the person
> so appointed shall hold office for the remainder
> of the term of the commissioner in whose place
> he or she is appointed.

2004 Ala. Acts No. 2004-455 (emphasis added). This amended language
in the general law allows a vacancy on the county commission to be filled
by a special election if so authorized by a local law. Accordingly, the
provisions of local Act 86-174 would apply to a vacancy occurring on the
Houston County Commission after May 14, 2004, the effective date of the
amendment to section 11-3-6. Thus, once Act 2004-455 is precleared, a
vacancy on the Houston County Commission occurring after May 14,
2004, should be filled by special election as set forth in the local act.

## CONCLUSION

Vacancies on the Houston County Commission occurring after May
14, 2004, should be filled by special election as provided by local Act 86-
174.

I hope this opinion answers your questions. If this Office can be of
further assistance, please contact Brenda F. Smith of my staff.

Sincerely,

TROY KING
Attorney General
By:

*Brenda F. Smith*

BRENDA F. SMITH
Chief, Opinions Division

TK/BFS/nl

147696v2/65466



STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL

TROY KING
ATTORNEY GENERAL

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL  36130
(334) 242-7300
WWW.AGO.STATE.AL.US

August 9, 2004

**VIA USPS PRIORITY MAIL**

Chief, Voting Section
Civil Rights Division
Room 7254 – NWB
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

RE:  Submission under Section 5 of the Voting Rights Act of 1965

Dear Sir:

In accordance with Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, we submit for preclearance by the Attorney General of the United States Act Number 2004-455 of the 2004 Regular Session of the Alabama Legislature.  Act 2004-455 permits local law to provide for vacancies on a county commission to be filled by special election.

In compliance with 28 C.F.R. § 51.27, we submit the following information to the Attorney General:

(a)  *Copy of rule* – A copy of Act 2004-455 is attached as Exhibit A.

(b)  *Copy of prior laws affected* – A copy of section 11-3-6 of the Code of Alabama 1975 is attached as Exhibit B.

(c)  *Statement of change(s)* – Act 2004-455 amends section 11-3-6 to provide as follows:  "Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed."  (Emphasis added.)  The underscored language is new language added by Act 2004-455.  In addition to making the section more gender-inclusive, the amendment provides that gubernatorial appointment in case of vacancies in the office of county commissioner applies only where local law does not provide for a special election to fill a vacancy.

Chief, Voting Section
Civil Rights Division
August 9, 2004
Page 2

(d)    *Persons making the submission* – Troy King, Attorney General, and Charles B. Campbell, Assistant Attorney General, State of Alabama, Alabama State House, 11 South Union Street, Montgomery, AL 36130-0152, telephone (334) 353-3198.

(e)    *Submitting Authority and jurisdiction responsible for change* – State of Alabama.

(f)    *County and State, if not from State or County* – Not applicable.

(g)    *Body responsible for change and mode of decision* – Act of state legislature.

(h)    *Authority for Change* – Act 2004-455 was adopted pursuant to the Legislature's authority to enact laws generally, *see* Ala. Const. art. IV, §§ 44–111, as amended. It was approved by the Governor pursuant to his authority under Ala. Const. art. V, § 125.

(i)    *Date adopted* – Act 2004-455 was adopted on May 14, 2004.

(j)    *Effective date* – Act 2004-455 became effective immediately upon adoption.

(k)    *Enforcement* – We are not aware of any enforcement of Act 2004-455 to date.

(l)    *Scope of change* – Act 2004-455 affects the entire State of Alabama.

(m)    *Reasons for change* – Act 2004-455 was adopted to permit local law to provide for special elections to fill vacancies in the office of county commissioner.

(n)    *Anticipated effect on members of racial or language minority groups* – None.

(o)    *Past or pending litigation* – In *Stokes v. Noonan*, 534 So. 2d 237, 239 (Ala. 1988), the Supreme Court held unconstitutional a local law providing for a special election to fill vacancies on the Mobile County Commission because the local law conflicted with the general law in section 11-3-6. This amendment will allow local law to provide for special elections to fill vacancies in the office of county commissioner under the holding in *Baldwin County v. Jenkins*, 494 So. 2d 584, 587 (Ala. 1986).

(p)    *Preclearance of prior practice* – Section 11-3-6 predates the Voting Rights Act of 1065, and thus did not require preclearance.

(q)    *Redistricting and annexation information* – Not applicable.

APP. 14

Chief, Voting Section
Civil Rights Division
August 9, 2004
Page 3

For further information, please contact Charles B. Campbell by telephone at (334) 353-3198 or by electronic mail at ccampbell@ago.state.al.us.

Sincerely,

TROY KING
Attorney General
By:

CHARLES B. CAMPBELL
Assistant Attorney General

TK/CBC
Enclosures
cc w/o encl.:    Hon. Jimmy W. Holley
                 Hon. Nancy L. Worley
                 Hon. Roy Wylie Granger III

APP. 15

Commentary
Commentary

**ACT No. 2004 455**

1    SB331

2    63743-3

3    By Senator Holley

4    RFD: Governmental Affairs

5    First Read: 17-FEB-04



RECEIVED
MAY 5 2004
GOVERNOR'S
OFFICE



EXHIBIT
A

APP. 16

SB331

1

2

3    <u>ENROLLED</u>, An Act,

4          To amend Section 11-3-6 of the Code of Alabama 1975,

5    relating to county commissions, to authorize the Legislature

6    by local law to provide for the manner of filling vacancies in

7    the office of county commissioner.

8    BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

9          Section 1. Section 11-3-6 of the Code of Alabama

10    1975, is amended to read as follows:

11       "§11-3-6.

12       "Unless a local law authorizes a special election,

13    in case of a vacancy, it shall be filled by appointment by the

14    governor, and the person so appointed shall hold office for

15    the remainder of the term of the commissioner in whose place

16    he or she is appointed."

17       Section 2. This act shall become effective

18    immediately following its passage and approval by the

19    Governor, or its otherwise becoming law.

Page 1

APP. 17

SB331

1

2

*(signature)*
_____
President and Presiding Officer of the Senate

3

4

*(signature)*
_____
Speaker of the House of Representatives

5

6

SB331

7

8  Senate 30-MAR-04
9  I hereby certify that the within Act originated in and passed
10 the Senate, as amended.
11                                    McDowell Lee
12                                    Secretary
13
14

15       _____

16

17  House of Representatives
18  Passed: 04-MAY-04

19       _____

20                          APPROVED  5-14-04
21  By: Senator Holley
                            TIME  11:15 a m

                            *(signature)* Bob Riley
                            GOVERNOR

                            Alabama Secretary Of State

                            Act Num....: 2004-455
                            Bill Num...: S-331
              Page 2
                            Recv'd 05/14/04    01:45pm/MB

09/21/05 TUE 07:40 FAX 804 000 0410 [illegible]

until the first day of the next term of office for such official; provided however where the county commission members' terms do not run concurrently, any increase provided under this section shall become effective as to all such members thereof immediately after the expiration of the term or terms of office of the member or members whose term or terms first expire. (Acts 1982, No. 82-552, p. 912; Acts 1985, No. 85-365, p. 309.)

## § 11-3-5. Awarding of contracts, etc., in which county interested to relatives by commissioner.

Any member of any county commission who shall award any contract in which the county of such commissioner is interested to any person related either by blood or marriage within the fourth degree to such commissioner or who shall employ any such relative to do any work for said county or to act as agent for any such member in any work in which such county is interested shall be guilty of a misdemeanor and, on conviction, shall be fined not less than $10.00 nor more than $100.00. (Acts 1923, No. 477, p. 630; Code 1923, § 5076; Code 1940, T. 12, § 29.)

This section applies to individual members of county commission. Garrison v. Sumners, 223 Ala. 17, 134 So. 675 (1931).

This section does not prohibit county commissioners from employing brother of commissioner to work on public road, where employee's brother takes no part in matter. Garrison v. Sumners, 24 Ala. App. 281, 134 So. 672 (1931).

## § 11-3-6. Vacancies.

In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed. (Code 1852, § 698; Code 1867, § 826; Code 1876, § 740; Code 1886, § 820; Code 1896, § 952; Code 1907, § 3307; Code 1923, § 6749; Code 1940, T. 12, § 6.)

Local law governing filling vacancies on county commissions held unconstitutional. — As this section is a statewide statute governing the general subject of filling vacancies on county commissions, and Act No. 85-237 was a local law on same subject as this section, Act No. 85-237 would be held unconstitutional under Ala. Const., Art. IV, § 105. Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988).

Collateral references. — 20 C.J.S., Counties, § 75.

## § 11-3-7. Quorum.

The meetings of the county commission may be held by the chairman of the county commission and two commissioners or by three commissioners without the chairman, unless otherwise provided by local law. (Code 1852, § 700; Code 1867, § 828; Code 1876, § 742; Code 1886, § 822; Code 1896, § 954; Code 1907, § 309; Code 1923, § 6751; Code 1940, T. 12, § 8; Acts 1980, No. 80-808, p. 1663.)

EXHIBIT

B



**U.S. Department of Justice**

Civil Rights Division

JDR:TCH:NG:par
DJ 166-012-3
2004-3515

*Voting Section - NWB.*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

September 28, 2004

Charles B. Campbell, Esq.
Assistant Attorney General
11 South Union Street
Montgomery, Alabama  36130

Dear Mr. Campbell:

This refers to Act No. 2004-455, which permits the filling
of county commissioner vacancies by special election, for the
State of Alabama, submitted to the Attorney General pursuant to
Section 5 of the Voting Rights Act, 42 U.S.C. 1973c.  We received
your submission on August 12, 2004.

The Attorney General does not interpose any objection to the
specified change.  However, we note that Section 5 expressly
provides that the failure of the Attorney General to object does
not bar subsequent litigation to enjoin the enforcement of the
change.  See Procedures for the Administration of Section 5 of
the Voting Rights Act (28 C.F.R. 51.41).

Sincerely,

for

Joseph D. Rich
Chief, Voting Section

APP. 20