


**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

**OCTOBER TERM, 2005-2006**

---

**1050087**

---

**Bob Riley, as Governor of Alabama**

**v.**

**Yvonne Kennedy et al.**

**Appeal from Montgomery Circuit Court (CV-05-2432)**

STUART, Justice.

Bob Riley, in his official capacity as Governor of Alabama, appeals a judgment of the Montgomery Circuit Court holding that a vacancy on the Mobile County Commission should be filled by a special election. We reverse and remand.

EXHIBIT M

Facts

In an election held on September 13, 2005, Sam Jones, the county commissioner for district 1, Mobile County Commission, was elected to the office of mayor of the City of Mobile. On September 19, 2005, Yvonne Kennedy, James Buskey, and William Clark, registered voters in Mobile County and residents of district 1 (hereinafter referred to collectively as "Kennedy"), filed a pleading in the Montgomery Circuit Court containing the following: a complaint seeking a declaration as to whether Alabama law requires the vacancy in the district 1 seat on the County Commission to be filled by a special election; a petition for a writ of mandamus directing Don Davis, probate judge of Mobile County to conduct such a special election to fill the district 1 seat; and a request for an injunction prohibiting Governor Riley and the other defendants[1] from acting to the contrary.

---

[1]In addition to naming Governor Riley as a defendant, the complaint also named Don Davis, in his official capacity as probate judge of Mobile County; the Mobile County Commission; and Stephen Nodine and Mike Dean, in their official capacities as members of the Mobile County Commission. Governor Riley is the only defendant who appealed.

According to the complaint, Governor Riley, through his legal advisers, had made public statements indicating that he would fill by appointment the vacancy created when Jones resigned his seat on the County Commission to assume the office of mayor. Kennedy averred that Governor Riley could not make such an appointment, because, she argued, Act No. 85-237, Ala. Acts 1985, requires that "a special election be held to fill the vacancy, and, if a special election is not held, [Kennedy] and other similarly situated registered voters of the County of Mobile will be disenfranchised and denied the opportunity to vote for a candidate of their choice to fill the vacancy mentioned."

Governor Riley answered the complaint, asserting that he is authorized by general law to fill the vacancy and that Act No. 85-237, Ala. Acts 1985, relied on by Kennedy, was declared unconstitutional by this Court in Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988). Act No. 85-237, he argues, is therefore void, and it was not revived, as Kennedy argues, by the legislature's subsequent enactment of Act No. 2004-455, Ala. Acts 2004, amending § 11-3-6, Ala. Code 1975.

On September 29, 2005, after hearing argument by counsel, the Montgomery Circuit Court, apparently giving a field of operation to Act No. 85-237, Ala. Acts 1985, held that the vacancy on the Mobile County Commission must be filled by a special election rather than by appointment by the Governor. On October 3, 2005, Sam Jones, the commissioner for district 1, resigned to assume the office of mayor of the City of Mobile. On October 11, 2005, Governor Riley appealed.

Standard of Review

> "'This court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented.' Scott Bridge Co. v. Wright, 883 So. 2d 1221, 1223 (Ala. 2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. Carter v. City of Haleyville, 669 So. 2d 812, 815 (Ala. 1995)."

Continental Nat'l Indem. Co. v. Fields, [Ms. 1040379, October 21, 2005] ___ So. 2d ___, ___ (Ala. 2005).

Discussion

Governor Riley contends that Act No. 2004-455, Ala. Acts 2004, amending § 11-3-6, Ala. Code 1975, did not revive Act No. 85-237, Ala. Acts 1985, which this Court had held unconstitutional, see Stokes v. Noonan, and that, therefore,

the trial court erred in declaring that the vacancy on the Mobile County Commission created by Jones's resignation should be filled by a special election.[2]

In Stokes, this Court addressed the constitutionality of Act No. 85-237, which provided that vacancies on the Mobile County Commission would be filled by a special election when at least 12 months remained on the unexpired term of any commissioner. The registered voter challenging Act No. 85-237 in Stokes argued that Act No. 85-237, a local act, was subsumed by a general law, § 11-3-6, Ala. Code 1975, and, consequently, was unconstitutional under Art. IV, § 105, Alabama Constitution 1901.

Act No. 85-237 provided:

> "'Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill

---

[2]We review this issue only as presented by these facts and by the parties' arguments regarding these facts; we do not address any other possible impediments that may exist to the constitutionality or enforceability of Act No. 85-237.

> such vacancy shall serve for the remainder of the unexpired term.'"

534 So. 2d at 238. We held that Act No. 85-237, applicable only to Mobile County, constituted a local law on the same subject as the previously enacted general law. We then considered § 11-3-6, Ala. Code 1975, which appears in Chapter 3, Title 11, of the Alabama Code pertaining to county commissions. It provided at the time we decided Stokes: "'In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed.'" 534 So. 2d at 238. We recognized that § 11-3-6 is clearly a general law, a statewide statute addressing the filling of vacancies on county commissions throughout the State, and that the legislature did not in the language of § 11-3-6, Ala. Code 1975, manifest an intent to except the local law from the general law. Therefore, we held that Act No. 85-237 was contrary to § 11-3-6, Ala. Code 1975, and, consequently, that it violated Art. IV, § 105, Alabama Constitution 1901, which provides, in pertinent part: "No special, private, or local law ... shall be enacted in any case which is provided by a general law." We reasoned that

because the legislature did not in § 11-3-6, Ala. Code 1975, manifest an intent to except the local law from the general law, the contrary local law, in that case Act No. 85-237, must defer to the general law, § 11-3-6, Ala. Code 1975, and, consequently, we held, Act No. 85-237 violated Art. IV, § 105, Alabama Constitution 1901.

On May 14, 2004, Governor Riley approved Act No. 2004-455 and it became effective. Act No. 2004-455 amends § 11-3-6, Ala. Code 1975, to read as follows: "Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed."

Kennedy argues that Act No. 2004-455, which amended § 11-3-6, Ala. Code 1975, manifests an intent by the legislature to cure the impediment to the enforceability this Court found as to Act No. 85-237 and to now give effect to that Act and that, consequently, a special election is the proper procedure by which to fill the vacancy created on the Mobile County Commission by Jones's resignation. We cannot agree with that

conclusion because the language of Act No. 2004-455 does not clearly so indicate.

This Court has consistently held that

> "'statutes are to be prospective only, unless clearly indicated by the legislature. Retrospective legislation is not favored by the courts, and statutes will not be construed as retrospective unless the language used in the enactment of the statute is so clear that there is no other possible construction. Sutherland Stat. Const., § 41.04 (4th ed 1984).'
>
> "Dennis v. Pendley, 518 So. 2d 688, 690 (Ala. 1987)."

Gotcher v. Teague, 583 So. 2d 267, 268 (Ala. 1991). Moreover, although curative statutes are "of necessity" retroactive, Horton v. Carter, 253 Ala. 325, 328, 45 So. 2d 10, 12 (1950), even they are subject to the same rule of statutory construction, i.e., they will not be construed as retroactive unless the intent of the legislature that the statute have such retroactive effect is clearly expressed. The act under consideration in Horton expressly provided: "This Act shall be deemed retroactive in its effect upon its passage and approval by the Governor or upon its otherwise becoming a law." 253 Ala. at 328, 45 So. 2d at 12. On numerous other occasions the legislature has demonstrated its ability to provide expressly

for retroactive effect when enacting curative legislation. See, e.g., § 34-8-28(h), Ala. Code 1975 ("The provisions of this amendatory section are remedial and curative and shall be retroactive to January 1, 1998."); § 11-50-16(c), Ala. Code 1975 ("The provisions of this section shall be curative and retroactive ...."); § 11-43-80(d), Ala. Code 1975 ("The provisions of this section shall be curative and retroactive ...."); and Act No. 2001-891, § 5, Ala. Acts 2001 ("It is the intent of the Legislature that this act be construed as retroactive and curative.").

Here, the plain language in Act No. 2004-455, amending § 11-3-6, Ala. Code 1975, provides for prospective application only, and that language must be given effect according to its terms. Nothing in the language in Act No. 2004-455 demonstrates an intent by the legislature that the amendment of § 11-3-6 apply retroactively. The argument that Act No. 2004-455 applies prospectively only is further supported by the preamble of the Act, which provides that the purpose of the Act is "[t]o amend Section 11-3-6 of the Code of Alabama 1975, relating to county commissions, to authorize the Legislature by local law to provide for the manner of filling

vacancies in the office of the county commission." (Emphasis added.) The language "to authorize the Legislature ... to provide" the means by which vacancies on the county commission are to be filled further indicates an intention by the legislature that the Act is to be prospectively applied. Therefore, we hold that Act No. 2004-455 applies prospectively only; consequently, Governor Riley is authorized to fill the vacancy on the Mobile County Commission by appointment.

## Conclusion

Based on the foregoing, we conclude that the trial court erred in holding that the vacancy on the Mobile County Commission should be filled by a special election. Its judgment so holding is, therefore, reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Nabers, C.J., and See, Lyons, Harwood, Smith, Bolin, and Parker, JJ., concur.

Woodall, J., concurs in the result.