IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES ) <br> BUSKEY & WILLIAM CLARK, ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> HONORABLE BOB RILEY, ) <br> as Governor of the State of ) <br> Alabama. ) <br> ) <br>     **Defendant.** ) | CIVIL ACTION <br> NO. 2:05cv1100-T |

## TRIAL BRIEF OF GOVERNOR RILEY

Bob Riley, in his official capacity as Governor of Alabama, defendant in this action, submits this Trial Brief. For the reasons stated below, this Court should enter judgment in favor of Governor Riley and against the Plaintiffs Yvonne Kennedy, James Buskey, and William Clark (the "Kennedy Plaintiffs") because there has been no change in a standard, practice, or procedure with respect to voting that requires preclearance. Absent such a change, there is no basis for a claim under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c.

## FACTUAL AND LEGAL BACKGROUND

This case arises from the state courts' determination how a vacancy on the Mobile County Commission should be filled, whether by an appointment by the Governor or by special election. That issue involves questions of statutory interpretation.

The Governor's power of appointment arises from a state statute of general application that was enacted before November 1, 1964. That statute provided that, with respect to county commissions:

> In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed.

Ala. Code § 11-3-6 (1989) (amended 2004). In 2004, that law of general application was amended such that the governor's power of appointment applies "[u]nless a local law authorizes a special election." Ala. Code § 11-3-6 (Supp. 2004).[1] In *Riley v. Kennedy*, __ So. 2d __, 2005 WL 2995136 (Ala. Nov. 9, 2005), the Supreme Court of Alabama held that, as a matter of state law statutory interpretation, the 2004 amendment to § 11-3-6 operated only prospectively, not retroactively.

In the time between 1964 and 2004, the Alabama Legislature enacted several local laws including one applicable to Mobile County.[2] More specifically, in 1985, the Legislature passed a local law, Act No. 85-237, which applied to certain vacancies on the Mobile County Commission and provided:

> Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat became vacant. Such election shall be held in the manner prescribed by law and

---

[1] This change was precleared.

[2] The other local acts applied to Jefferson (Act No. 77-784); Randolph (Act No. 80-291); Houston (Act No. 86-174); Macon (Act No. 87-527); and Etowah (Act No. 88-790) Counties. The Macon County law applies only to the election of the Chairman of the County Commission in 1987, so it should be regarded as *sui generis*.

While only the Mobile County local law was at issue in the decision in *Stokes v. Noonan*, Governor Riley believes that *Stokes v. Noonan* cast a pall over the other local laws, rendering them vulnerable to the same kind of challenge.

2

the person elected to fill such vacancy shall serve for the remainder of the unexpired term.

Act of Apr. 8, 1985, No. 85-237, 1985 Ala. Acts 137 ("Act No. 85-237").[3] In 1988, however, the Alabama Supreme Court held that Act No. 85-237 was unconstitutional because its subject was subsumed by a general law, the pre-amendment version of § 11-3-6 (which did not include an exception for local laws).  *See Stokes v. Noonan*, 534 So. 2d 237 (Ala. 1988).  The Alabama Supreme Court held that Act No. 85-237 ran afoul of Section 105 of the Constitution of Alabama (1901), which prohibits the enactment of a local law "in any case which is provided by a general law."  *See id*. at 238.

In *Riley v. Kennedy*, the Alabama Supreme Court declined to give retroactive effect to the 2004 amendment to § 11-3-6, so that the amendment might revive Act No. 85-237.[4]

## ARGUMENT

The Kennedy Plaintiffs have failed to state a claim as to which relief may be granted because there has been no change that requires preclearance.  Further, recognizing a change would have serious constitutional implications.

By its terms, Section 5 of the Voting Rights Act prohibits certain States and localities, including Alabama, from "enact[ing] or seek[ing] to administer . . . any standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964" unless the State obtains preclearance.  42 U.S.C. § 1973c.

---

[3] Act No. 85-237 was precleared.  That preclearance became moot, however, when the Alabama Supreme Court found Act No. 85-237 invalid on state constitutional grounds.
[4] In his brief to the Alabama Supreme Court in *Riley v. Kennedy*, Governor Riley contended that Act No. 85-237 became void *ab initio* when it was declared unconstitutional, citing *Ex parte Southern Railway,* 556 So. 2d 1082, 1089-90 (Ala. 1989), and other authorities.

3

A change in a voting standard, practice, or procedure that has not been precleared may not be implemented. *See* 28 C.F.R. § 51.10 (2004). The burden of proving noncompliance with Section 5 rests on the plaintiff. *Connors v. Bennett*, 202 F. Supp. 2d 1308, 1317 (M.D. Ala. 2002) (three-judge court) (citing *Allen v. State Bd. of Elections,* 393 U.S. 544, 555, 89 S. Ct. 817, 826 (1969) ("[A]fter proving that the State has failed to submit the covered enactment for § 5 approval," a plaintiff can obtain injunctive relief.)

In this case, the dispositive issue is whether there has been a change. In Governor Riley's view, his power to appoint was, as a matter of state law, constant since before November 1, 1964. Only a valid local law could change the scope of his powers, and the Alabama Supreme Court has held, both expressly and implicitly, that there was no valid local law. Accordingly, there was no change to preclear.

Reaching the opposite conclusion would raise serious issues of constitutional magnitude. To reach such a conclusion, this Court would necessarily have to find that Act No. 85-237 was a valid and enforceable state law. Such validity cannot arise, however, through either the preclearance process or through the decision of a federal court without raising serious issues.

Preclearance of a state statute cannot validate an otherwise invalid state law without running afoul of the Tenth Amendment to the United States Constitution. Preclearance is an action by federal authorities that makes a valid state statute enforceable. Without a valid state law, though, a preclearance letter, like the letters relating to Act No. 85-237 and the local election in this case, is null, void, and of no effect. If that were not the case, the Voting Section of the Civil Rights Division of the United States Department of Justice, not a State's Legislature, would be making state

law. The United States Supreme Court has held, however, that "Congress may not simply 'commandee[r] the legislative processes of the States by directly compelling them to enact and enforce a federal regulatory program.'" *New York v. United States*, 505 U.S. 144, 161, 112 S. Ct. 2408, 2420 (1992) (quoting *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.,* 452 U.S. 264, 288, 101 S. Ct. 2352, 2366 (1981)); *see also Coyle v. Smith*, 221 U.S. 559, 31 S. Ct. 688 (1911) (Congress lacks power to condition statehood on specific location of state capital). If Congress cannot tell a State what its law is, neither can the Department of Justice.

This Court should, likewise, hesitate before overturning the decision of the Alabama Supreme Court on an issue of state law. As a general matter, the "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. Lepore*, 234 F. 3d 1163, 1172 (11th Cir. 2000) (*en banc*). The Kennedy Plaintiffs had a full and fair opportunity to litigate the validity of Act No. 85-237 in the state-court system. The Alabama Supreme Court rejected the contention that the 2004 amendment to § 11-3-6 revived Act No. 85-237.[5] This Court should not revisit the Alabama Supreme Court's conclusion, particularly where the Kennedy Plaintiffs seek to overturn the decision against them. *Cf. Charchenko v. City of Stillwater*, 47 F. 3d 981, 983 (10th Cir. 1995) (*Rooker-Feldman* doctrine applies "if the

---

[5] The Alabama Supreme Court did not expressly hold that Act No. 85-237 was void *ab initio*, but that is the clear implication of *Ex parte Southern Railway, supra*. If this Court has any doubt on that score, it should certify the question to the Supreme Court of Alabama before finding that Act No. 85-237 had any validity.

relief requested . . . would effectively reverse the state court decision or void its ruling.") This Court should hesitate before nullifying the Alabama Supreme Court's decision.[6]

The Kennedy Plaintiffs' reliance on the special election in Etowah County to establish a change is misplaced.[7] In the first instance, that special election took place before the Alabama Supreme Court decided *Riley v. Kennedy*. The election was, thus, based on a questionable, if not mistaken, view of state law. Moreover, a valid Etowah County special election could serve to establish, at most, a practice for Etowah County, not a statewide practice.

## **CONCLUSION**

For the reasons stated in Governor Riley's Motion and this Memorandum, this Court should enter judgment in favor of Governor Riley and against the Kennedy Plaintiffs.

---

[6] To be precise, Governor Riley is not invoking the *Rooker-Feldman* doctrine, but, rather, its underlying principles. The *Rooker-Feldman* doctrine is not directly available because the state courts lack jurisdiction to consider cases involving the preclearance requirements of Section 5. *See Singer v. City of Alabaster,* 821 So. 2d 954 (Ala. 2001) *Mitchell v. City of Prichard*, 538 So. 2d 1, 2 (Ala. 1988). Even so, this Court should be careful not to overturn the state-court decision.

[7] In the state court proceedings, the Kennedy Plaintiffs pointed to a special election in Houston County conducted under color of an opinion from the Attorney General of Alabama. The Alabama Supreme Court rejected the underlying interpretation of state law in *Riley v. Kennedy*. In addition, that special election speaks only to Houston County, not generally.

Respectfully submitted,


**TROY KING (KIN047)**
**ATTORNEY GENERAL**
**BY:**



**s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number: (PAR041)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8440
E-mail: jpark@ago.state.al.us

7

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 3rd day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.
Gardner, Middlebrooks, Gibbons,
 Kittrell, Olsen, Walker & Hill
Post Office Box 3103
Mobile, AL 36652

Edward Still
2112 11th Avenue South, Suite 201
Birmingham, AL 35205

**s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number:  (PAR041)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us