IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY, AND WILLIAM CLARK,<br><br>           Plaintiffs,<br><br>     v.<br><br>HONORABLE BOB RILEY, as Governor of the State of Alabama,<br><br>           Defendant. | CIVIL ACTION NO.<br>2:05-cv-01100-MHT-DRB |

# Plaintiffs' Supplemental Brief

The facts contained in the Supplemental Stipulation only enhance the argument in our opening brief. The following argument is based on the first half of Argument IV in our opening brief, with the addition of the newly stipulated facts.

## I.    Mobile County obtained preclearance for a changed voting practice in 1985, administered that practice in 1987, and has failed to obtain preclearance for an abandonment of that practice.

Since 1985, the state law applicable to filling vacancies on the Mobile County Commission has alternated between gubernatorial appointment and special election.

In 1985, the Alabama Legislature adopted Act 85-237, a local act providing for the election of county commissioners whenever vacancies occurred on the Mobile County Commission. Joint Stipulation (Doc. 14),

Exhibit A.[1]  The Alabama Attorney General submitted Act 85-237 for preclearance on 15 April 1985.  Exhibit B.  The U.S. Attorney General issued a "no objection" letter regarding Act 85-237 on 17 June 1985.  Exhibit C.  At this point, Alabama law authorized a special election, and that was the only way to fill a vacancy consistent with the Voting Rights Act.

In the Spring of 1987, a vacancy occurred in the District 1 Commissioner position on the Mobile County Commission.  Act 85-237 required a special election if more than one year remained in the term.  Since there was more than one year remaining in the term, the election officials of Mobile County called a special election.  Doc. 19 (Supp. Stip.) at ¶ 1.

Sam Jones and another candidate qualified for the Democratic nomination, and Jones was nominated by the Democratic Party in a special primary.  Jones also won the special general election over opposition.  Doc. 19 (Supp. Stip.) at ¶¶ 3-4.

Shortly after the vacancy occurred, a Mobile County voter filed suit to have Act 85-237 declared unconstitutional.  The Circuit Court ruled in favor of the constitutionality of the law.  Doc. 19 (Supp. Stip.) at ¶ 5.  On appeal to the Alabama Supreme Court, the Court held that the subject matter of Act 85-237 was subsumed by general law (Ala. Code § 11-3-6) and was therefore invalid under Ala. Const. Art. IV § 105.  *Stokes v. Noonan,* 534 So.2d 237 (Ala. 1988); Doc. 14 (Joint Stip.) Exhibit D.

Under *Hathorn v. Lovorn,* the State of Alabama or Mobile County should have submitted the *Stokes v. Noonan* decision for preclearance.  Until

---

[1] All the Exhibits are part of the Joint Stipulation (Doc. 14).

such preclearance was obtained, neither Mobile County nor the State could legally enforce or administer the change made by *Stokes v. Noonan*. The defendant has stipulated that no such submission has occurred. Doc. 14 (Joint Stip.) at ¶ 19.

Gov. Guy Hunt gave Sam Jones a commission of appointment after the *Stokes* decision. Doc. 19 (Supp. Stip.) at ¶ 7. Because the State never obtained preclearance for the *Stokes* decision before Gov. Hunt administered it by appointing Jones, Gov. Hunt's action was unnecessary and illegal. Jones's elected term on the Mobile County Commission had not been terminated.

As we noted in our opening brief, the benchmark against which to judge the *Riley v. Kennedy* decision is the situation "in force and effect" immediately before it was decided.[2] The benchmark situation was the special-election requirement of Act 85-237 which had been precleared and administered in 1985-87 and reaffirmed by Act 2004-455 (which in turn had been precleared in 2004 and administered in other counties in 2004). In the absence of preclearance of both the *Stokes v. Noonan* and the *Riley v. Kennedy* decisions, this Court must enjoin the administration or enforcement of both decisions.

---

[2] *Abrams v. Johnson,* 521 U.S. 74, 97 (1997); Section 5 Guidelines, 28 C.F.R. § 51.54(b)(1).

Submitted by,

| | |
|---|---|
| Cecil Gardner<br>Vance McCrary<br>Gardner, Middlebrooks, Gibbons & Kittrell<br>Post Office Drawer 3103<br>Mobile AL 36652<br>    phone 251.433.8100<br>    fax 251.433.8181<br>    email cgardner@gmlegal.com<br>    email vmccrary@gmlegal.com | /s/ Edward Still<br>Edward Still<br>2112 11th Avenue South<br>Suite 201<br>Birmingham AL 35205-2844<br>    phone: 205-320-2882<br>    fax: 877-264-5513<br>    email: Still@votelaw.com |

CERTIFICATE OF SERVICE

I certify that on 14 April 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney:

John J. Park, Jr. Esq.
Assistant Attorney General
Office of the Attorney General of Alabama
11 South Union Street
Montgomery AL 36130-0152
    phone: 334-242-7401
    fax: 334-242-4891
    email: jpark@ago.state.al.us

/s/ Edward Still