IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK,   )<br>  )<br>    Plaintiffs,   )<br>  )<br>    v.   )<br>  )<br>HONORABLE BOB RILEY, as  )<br>Governor of the State of  )<br>Alabama,  )<br>  )<br>    Defendant.  ) | CIVIL ACTION NO.<br>2:05cv1100-MHT<br>(WO) |

Before Stanley Marcus, Circuit Judge, Myron H. Thompson, District Judge, and W. Harold Albritton, Senior District Judge.

OPINION

Myron H. Thompson, District Judge:

This three-judge court has been convened to consider the claim of plaintiffs Yvonne Kennedy, James Buskey, and William Clark that, under § 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, the State of Alabama was required, but failed, to preclear two decisions of the Alabama Supreme Court: Stokes v. Noonan, 534 So.2d

237 (Ala. 1988), and <u>Riley v. Kennedy</u>, 928 So.2d 1013 (Ala. 2005). For the reasons that follow, we hold that the state court decisions should have been precleared before they were implemented.

I.

A brief chronology of the events leading up to the challenge to these two state court decisions is helpful:

<u>April through June 1985</u>: Act No. 85-237, a local law providing, in certain circumstances, for a special election to fill vacancies on the Mobile County Commission, was enacted and, shortly thereafter, precleared by the United States Attorney General.[1] Prior

---

1. Act No. 85-237 states that:

> "Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat
>
> (continued...)

to Act No. 85-237, such vacancies were filled by gubernatorial appointment.

**June and July 1987**:  Pursuant to Act No. 85-237, a special election was held to fill a vacancy on the Mobile County Commission.  Sam Jones won and assumed office.

**September and October 1988**:  In Stokes v. Noonan, the Alabama Supreme Court held that, because Act No. 85-237 was a local statute and because it conflicted with and was subsumed by another state law of general application, it violated the Alabama Constitution.  The governor then appointed Jones to the Mobile County Commission seat to which he was previously elected.  The State did not submit Stokes v. Noonan for preclearance.

**May through September 2004**:  The Alabama Legislature passed Act No. 2004-455 expressly to allow local laws to make exceptions to the general rule of filling vacancies

---

1.  (...continued)
    has become vacant...."

Act of Apr. 8, 1985, No. 85-237, 1985 Ala. Acts 137.

by gubernatorial appointments.[2]  The United States Attorney General precleared Act No. 2004-455.

September and October 2005: Jones was elected Mayor of Mobile and vacated his Mobile County Commission position.

November 2005: In Riley v. Kennedy, the Alabama Supreme Court rejected claims that Act No. 2004-455 revived Act No. 85-237 and that, as a result, Act. No. 85-237 now required that the vacancy on the Mobile County Commission be filled by special election rather than by gubernatorial appointment; the court held that Act No. 2004-455 applied only prospectively. Relying on Riley v. Kennedy, the governor appointed Juan Chastang to the vacated position on the Mobile County Commission. As

---

2. Act No. 2004-455 amended the general law, Ala. Code § 11-3-6, to read as follows:

> "Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed."

4

with <u>Stokes v. Noonan</u>, the State did not submit <u>Riley v. Kennedy</u> for preclearance.

The plaintiffs then filed this lawsuit claiming that <u>Riley v. Kennedy</u> and the earlier decision in <u>Stokes v. Noonan</u> could not be implemented without first being precleared.

II.

The thrust of the plaintiffs' argument is that, because Act No. 85-237 was precleared and enforced, <u>Stokes v. Noonan</u> (the decision invalidating it) and <u>Riley v. Kennedy</u> (the later decision refusing to revive, and therefore, to enforce it) should not have been implemented without first being precleared.

A.

Section 5 of the Voting Rights Act requires certain States, such as Alabama, to obtain preclearance from the Attorney General of the United States or the United

States District Court for the District of Columbia when they "or [their] political subdivision[s] ... enact or seek to administer any ... standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964." 42 U.S.C. § 1973c. Generally, a change from an elected to an appointed office requires preclearance, <u>Allen v. State Bd. of Elections</u>, 393 U.S. 544, 569-70 (1969), and a § 5 change may be brought about by state court decisions. <u>Branch v. Smith</u>, 538 U.S. 254, 262 (2003).

"The State may preclear a voting change in one of two ways: it may obtain a declaratory judgment in the United States District Court for the District of Columbia, or it may submit the change to the Attorney General of the United States for approval. If the Attorney General approves the change, or fails to register an objection to the change within 60 days, the change is precleared." <u>Boxx v. Bennett</u>, 50 F. Supp.2d 1219, 1223 (M.D. Ala. 1999) (three-judge court).

In reviewing the plaintiffs' § 5 claim, we are tasked with the limited purpose of determining "(i) whether a change was covered by § 5, (ii) if the change was covered, whether § 5's approval requirements were satisfied, and (iii) if the requirements were not satisfied, what remedy [is] appropriate." City of Lockhart v. United States, 460 U.S. 125, 129 n.3 (1983). Because it is undisputed that Stokes v. Noonan and Riley v. Kennedy were not precleared, the critical inquiries for this court are whether these decisions brought about a change covered by § 5, and, if so, the appropriate remedy.

In determining whether a change covered by § 5 occurred, we must first determine if there was, in fact, a change. Changes are measured by comparing the new challenged practice with the baseline practice, that is, the most recent practice that is both precleared and in force or effect. Abrams v. Johnson, 521 U.S. 74, 96-97 (1997) (citing 28 CFR § 51.54); Gresham v. Harris, 695 F.

Supp. 1179, 1183 (N.D. Ga. 1988) (three-judge court), aff'd sub nom. Poole v. Gresham, 495 U.S. 954 (1990).

Here, the parties dispute what constitutes the baseline practice. The plaintiffs argue that the baseline is Act No. 85-237, which provided for the filling of the vacancy on the Mobile County Commission by special election; they maintain that Stokes v. Noonan and Riley v. Kennedy were changes because the former invalidated the Act and the latter still refused to enforce it. The State responds that the baseline could not be Act No. 85-237 because the Alabama Supreme Court declared it unconstitutional; the State posits that Stokes v. Noonan and Riley v. Kennedy did not reflect a change but were rather a mere reaffirmation of the correct scope of the governor's preexisting appointment power under Alabama general law.

We think the plaintiffs have the better argument. Because Act No. 85-237 was the most recent precleared practice put into force and effect with the election of

Jones in 1987, it is the baseline against which we must determine if there was a change. To be sure, the Alabama Supreme Court declared Act No. 85-237 unconstitutional under state law; this was, however, after Act No. 85-237 had been put into effect. We are required to determine the baseline "without regard for [its] legality under state law." Lockhart, 460 U.S. at 133 (relying on Perkins v. Matthews, 400 U.S. 379, 394-395 (1971)).

We therefore hold that, because Act No. 85-237 is the baseline and because Stokes v. Noonan invalidated Act No. 85-237 and Riley v. Kennedy held that Act No. 85-237 was not rendered enforceable by Act No. 2004-455, the two decisions constituted changes that should have been precleared before they were implemented. In reaching this holding, we emphasize that we are in no way disputing the rulings of the Supreme Court of Alabama, the reasoning underlying the rulings in these two cases, or that the governors acted in accordance with state law in making the appointments. Indeed, this court does not

9

have jurisdiction to address such purely state-law questions.  Whether Act No. 85-237 is, in fact, unconstitutional under state law and whether positions on the Mobile County Commission must be filled by special election or gubernatorial appointment are state-law questions we do not reach and should not be understood in any way as reaching; our holding today does not in any way undermine these two decisions under state law.  We merely hold that federal law requires that they be precleared before they are implemented.


B.

The plaintiffs suggest that rather than enjoin enforcement of Stokes v. Noonan and Riley v. Kennedy, or otherwise even consider taking any action regarding the appointment of Juan Chastang to the Mobile County Commission, we should give the State 90 days to obtain the necessary preclearance.  We agree.

An appropriate judgment will be entered.

Done this the 18th day of August, 2006.


    /s/ Stanley Marcus
**UNITED STATES CIRCUIT JUDGE**


    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**


    /s/ W. Harold Albritton
**SENIOR UNITED STATES DISTRICT JUDGE**