IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY, AND WILLIAM CLARK,<br><br>    Plaintiffs,<br><br> v.<br><br>HONORABLE BOB RILEY, as Governor of the State of Alabama,<br><br>    Defendant. | CIVIL ACTION NO.<br>2:05-cv-01100-MHT-DRB |

# Plaintiffs' Motion for Award of Attorneys' Fees

1. The plaintiffs file this motion for the award of attorneys' fees and costs.

## *Authority to award fees*

2. This Court is authorized to award fees to the plaintiffs under 42 U.S.C. §§ 1973ℓ(e) and 1988(b) because the plaintiffs prevailed on their federal claims.

3. 42 U.S.C. § 1988(b) provides in part, "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...."

4. 42 U.S.C. § 1973ℓ(e) provides, "In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the

court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

## *Standards for determining fees*

5. In *Hensley v. Eckerhart,* 461 U.S. 424 (1983), the U.S. Supreme Court stated the general approach to establishing a fee to be awarded:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. …
>
> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained."[9] …
>
>> 9. The district court also may consider other factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (CA5 1974), though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. …
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. …

*Hensley v. Eckerhart,* 461 U.S. at 433-35.

6. In determining the appropriate hourly rate, the Court should use both the testimony of other attorneys as to the usual rate for work of the

sort involved in the case and the *Peebles* factors. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299-1300 (11th Cir. 1988).

7. The calculation of the lodestar requested by the plaintiffs is set out in Exhibit 1.

8. The plaintiffs submit the following regarding the usual and appropriate hourly rate:

- Exhibit 2, the declaration of Edward Still with attachments 2-A (his resume), 2-B (his time records), and 2-C (his listing of expenses).

- Exhibit 3, the declaration of Cecil Gardner with attachment 3-A (his time and expense records).

- Exhibit 4, the declaration of James U. Blacksher.

- Exhibit 5, the declaration of Robert D. Segall.

9. The number of hours reasonably expended in this action are detailed in Exhibits 2 and 3 (with their attachments). Supporting declarations of the other attorneys attest that the number of hours are reasonable.

10. The plaintiffs' counsel have been partially compensated by their clients for this case. The agreement between clients and counsel was for the payment of $105.00 per hour plus expenses, with the proviso that the counsel would seek a court-awarded fee at the more appropriate rate for the work done and the counsel would reimburse the clients from any recovery from the State.

3

11. The agreement between the plaintiffs and their counsel does not establish a ceiling on the reasonable fee to be awarded in this case. As the Supreme Court noted in *Blanchard v. Bergeron,* 489 U.S. 87 (1989):

> The *Johnson* contingency-fee factor is simply that, a factor. The presence of a pre-existing fee agreement may aid in determining reasonableness. "'The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating attorney's fee expectations when he accepted the case.'" *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 723, 107 S.Ct. 3078, 3085, 97 L.Ed.2d 585 (1987) quoting *Johnson,* 488 F.2d, at 718. But as we see it, a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees, and to hold otherwise would be inconsistent with the statute and its policy and purpose.

*Blanchard v. Bergeron,* 489 U.S. at 93.

### *Expenses*

12. Plaintiffs are entitled to their reasonable costs and expenses incurred in this action. Those costs and expenses are set forth in the attached expense reports, Exhibits 2-C and 3-A. Such expenses are reasonable and should be "completely recoverable." *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1881 (11th Cir.1981). A prevailing plaintiff under this statute is entitled to a broader range of expenses than those awarded pursuant to Rule 54(d), *Dowdell* at 1188-1189.

13. For the reasons stated above, the plaintiffs pray for an award of fees in the amount of $58,555,59.

Submitted by,

| | |
|---|---|
| Cecil Gardner<br>Vance McCrary<br>Gardner, Middlebrooks, Gibbons & Kittrell<br>Post Office Drawer 3103<br>Mobile AL 36652<br>    phone 251.433.8100<br>    fax 251.433.8181<br>    email cgardner@gmlegal.com<br>    email vmccrary@gmlegal.com | /s/ Edward Still<br>Edward Still<br>2112 11th Avenue South<br>Suite 201<br>Birmingham AL 35205-2844<br>    phone: 205-320-2882<br>    fax: 877-264-5513<br>    email: Still@votelaw.com |

## CERTIFICATE OF SERVICE

I certify that on 1 September 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

John J. Park, Jr. Esq.
Assistant Attorney General
Office of the Attorney General of Alabama
11 South Union Street
Montgomery AL 36130-0152
    phone: 334-242-7401
    fax: 334-242-4891
    email: jpark@ago.state.al.us

/s/ Edward Still