# Exhibit 2

STATE OF ALABAMA
JEFFERSON COUNTY

### Declaration of Edward Still

1. My name is Edward Still. I am over the age of nineteen (19) years. I make the following statement (including attachments) based on personal knowledge.

2. I am one of the attorneys for the plaintiffs in this matter, *Yvonne Kennedy v. Bob Riley,* No. 2:05-cv-01100-MHT-DRB (MD Ala).

3. Attached as Exhibit 2-A is my resume and a list of cases in which I have represented parties or *amici*. As the Court can see, I have been involved in voting rights and election cases for nearly all of my legal practice and many of these cases have been quite significant in scope or effect.

4. During the past 25 years or more, my practice has been divided between employment-related cases and voting-related cases. From December 1997 through March 2001, I was Director of the Voting Rights Project at the Lawyers' Committee for Civil Rights Under Law, a non-profit public-interest law firm based in Washington, DC, but handling cases in much of the country. During April 2001 to July 2002, I was Special Counsel to the law firm of Dickstein Shapiro Morin & Oshinsky LLP, also in Washington. During my practice in Washington, I worked exclusively on voting- and election-related cases.

5. While many lawyers may represent candidates in the occasional election contest, there are few lawyers in the State of Alabama who work on voting rights cases as frequently as I do. I was able to handle this action efficiently because of my unique combination of experience in Alabama

election law (beginning with my work on a Democratic Party committee in the mid-1970s rewriting portions of the election code), voting rights cases across the country, and particularly my past experience in a number of Section 5 cases.

6. Attached as Exhibit 2-B is a list of my time in this action. This time was recorded contemporaneously using a computer program my office maintains for time, billing, practice management, contact information, and related matters.

7. The overall time spent by all counsel is, in my judgment, wholly reasonable and necessary in light of the importance of this case to the voting rights of the plaintiffs, the significant statutory and constitutional law issues involved, and the time demands of the litigation.

8. This action has had to move along on a relatively fast track. Mr. Gardner called me on 10 November and explained the factual and legal situation. Later that day I conferred with Vance McCrary about the necessary elements of the complaint and provided him with one or two samples of recent Section 5 cases I had filed. Our initial intention was to get into this Court before Governor Riley could appoint a replacement commissioner. When the Governor made his appointment, we shifted our strategy accordingly.

9. It is my best professional judgment that all of the time expended by us was necessary and reasonable. It is my further opinion that we conducted this litigation in the most economical fashion possible consistent with our professional duty and judgment to competently and vigorously

represent the plaintiff. In my opinion there has been no unnecessary duplication of effort among the lawyers representing the plaintiffs. The use of stipulations reduced the preparation time of all the counsel and the Court.

10. Mr. Gardner, Mr. McCrary, and I divided the work where possible so there would be little duplication of effort. For instance, one of us took the lead on a particular pleading or brief and then passed it to the other for review and revision. The use of email and telephone conferences allowed us to operate with speed and efficiency.

11. I did not necessarily record my time for every telephone conference with the Mobile counsel. Accordingly, their time logs may reflect conferences with me for which I did not separately bill. Any such discrepancy reflects a decision to exercise billing judgment by not recording my time, rather than an inaccuracy in the time records.

12. There is no readily ascertainable "market rate" for a plaintiff's attorney in a civil rights case. Most civil rights plaintiffs are unable to afford to pay counsel on an hourly basis. Virtually all such litigation is conducted on a contingency fee basis, with plaintiff's counsel relying heavily upon 42 U.S.C. § 1988 for remuneration.

13. Much of my work is done on a contingent-fee basis. When I bill an Alabama client on an hourly basis, I usually charge $200 to $250 per hour, depending on the type of case. I was retained in 2005 by the Speaker of the House to represent him in *Gustafson v. Johns,* NO. 05-0352-CG-D (U.S. District Court, SD Ala) at $200-250 per hour (depending on whether the work was in-court or out). When I was practicing law in Washington DC my billing

3

rate was $340 per hour, which was charged to clients I represented in election- or voting-related cases in Alabama, Arizona, Pennsylvania, and Kentucky. Judge Robert S. Vance, Jr., awarded me a fee of $350.00 per hour in voting rights litigation just last week. A copy of his opinion and judgment in *Richard Gooden v. Nancy Worley*, CV 05-5778 (Jeff. Co. Circuit Ct., 23 August 2006) is attached as Exhibit 2-D.

14. Because of my experience and expertise in the field of voting rights, I believe that a fee of $300.00 per hour is reasonable and, perhaps, low.

15. This litigation was undertaken on a partially contingent fee basis: the plaintiffs would be charged a small fee of $105 per hour; counsel would look to a recovery of their usual and customary fees from the defendant if the action were successful and reimburse the plaintiffs for their outlay.

16. My costs and expenses are set forth in the attached expense report, Exhibit 2-C.

17. I routinely bill my clients for the items listed on Exhibit 2-C. I have a multi-year contract with Westlaw for use of its computer databases of case law and statutes. Because of that contract, I am able to charge less for Westlaw services to my clients than I would have to pay for those same services on an *à la carte* basis.

18. I have had no prior professional relationship with either of the plaintiffs in this action. While I have known Ms. Kennedy and Mr. Buskey through their service in the Legislature and through political matters, I have not represented them prior to this case.

4

## Verification

Under penalty of perjury, I affirm that the foregoing statement is true and correct to the best of knowledge. I have signed this statement on _1 Sept 2006_.

_____
Edward Still