# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**YVONNE KENNEDY, JAMES  *
BUSKEY & WILLIAM CLARK,**

                                      *

        Plaintiffs,

                                        *

vs.                              **CIVIL ACTION**

                                      *

**HONORABLE BOB RILEY**,        **NO.  2:05 CV 1100-T**
as Governor of the State of        *
Alabama.

                                        *

        Defendant.

                                        *

## <u>DECLARATION OF J. CECIL GARDNER</u>

       1.       My name is J. Cecil Gardner.  I have personal knowledge of the matters set forth herein.

       2.       I am the senior partner in the Mobile-based law firm of Gardner, Middlebrooks, Gibbons, Olsen & Walker, P. C., 1119 Government Street, Mobile, Alabama 36604 and one of the attorneys for plaintiffs in this case.  The firm also has offices in Birmingham, Alabama and in Washington D. C., and has lawyers admitted in five states.  We actively litigate cases throughout the United States.   The firm specializes in labor, employment and civil rights law, and represents labor organizations and individuals in that area.  The firm also practices heavily in mass tort, class action, toxic tort and complex product liability litigation.

       3.       I am a 1968 graduate of the University of Alabama Law School and I am

1

admitted to practice before all of the district courts in the State of Alabama, as well as the

U. S. Courts of Appeal for the Fifth Circuit, the Eleventh Circuit, the Federal Circuit, and

the U. S. Supreme Court and I have appeared in each of those courts. I have been listed

in Naifeth and Smith "The Best Lawyers in America," Labor and Employment Law, since

1983, in each of the editions of that publication. I carry an "a.v. rating" in Martin-

Hubbell Law Directory. I am a member of the Alabama, Mobile County and American

Bar Associations, and I served on the grievance committee of the Alabama Bar

Association. I am a founding member of the Labor and Employment Law Section of the

Alabama Bar, and I have served as an officer in that organization on various occasions. I

am also a Fellow in the College of Labor and Employment Lawyers.


4.      I have served as counsel or co-counsel in a number of complex civil actions

including, for instance, the following recent cases:  Russell Price, et al., vs. Ciba-Geigy

Corporation, United States District Court for the Southern District of Alabama, CV No.

94-647-CB-S, (nationwide class of persons exposed to harmful herbicide); and the

companion case: Jack H. Woodward, Alta Woodward, Tom Lofton, Cindy Lofton and

Rita Snow on behalf of themselves and others similarly situated vs. Nor-am Chemical

Company , United States District Court for the Southern District of Alabama, CV No. 94-

0780-CB-C;  Edward J. Mallon, Jr., Gary W. Dixon, and James R. Busby, on their own

behalf and on behalf of a class of similarly situated persons vs. Harsco Corporation d/b/a

Taylor-Wharton, Inc., Mobile County Circuit Court Case No. CV-2001 000633 00 (class

of 120 employees seeking vested vacation benefits); Joseph L. Roberts, and Darryl Dawson, as Test Case, vs. Director, Department of Industrial Relations, Chief, Unemployment Compensation Division, and Roy B. Lynch, Billy Ivy, David O. Robinson, and James H. Edwards, as Test Case,  vs. Department of Industrial Relations, Circuit Court Consolidated Case No. CV-90-1636 and Case No. CV-91-530, (action in the nature of a class action to recover unemployment compensation benefits for 1500 employees involved in a labor dispute); United Paperworkers International Union and its Locals 265, 337, 1940 and 2650 vs. International Paper Company, United States District Court  Case No.  87-0771-P, 11th Circuit Case No. 89-7581, (§ 301 action by union in behalf of 1500 employees in the nature of a class action, seeking severance pay); Charter Behavioral Health Systems, Inc., et al., Case No. 00-00989-01089 (RRM) United States Bankruptcy Court for the District of Delaware (nationwide class of approximately 5000 employees seeking WARN Act pay); Eleanor Hoffman, et al. and International Association of Machinists and Aerospace Workers, Local Union No. 261, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 991 and Glass, Molders, Pottery, Plastics and Allied Workers, Local 338, on Behalf of Bargaining Unit Employees of Mobile Pulley and Machine Works vs. Mobile Pulley and Machine Works and Mobile Pulley, LLC, United States Bankruptcy Court for the Southern District of Alabama, Chapter 11 Case No. 02-15612 (MAM), Adversary Proceedings  No. 03-1021,  No. 03-1022 and No. 03-1023 (class of approximately 45 employees, and three unions seeking WARN Act pay).

3

5.     I am co-counsel in the following nationwide class actions brought under anti-trust laws against drug manufacturers for unlawfully acting to prevent generic drugs from being introduced to the market: <u>Mechanical Contractors, et al. v. Schering Plough, et al.</u> in the U.S. District Court for the District of NJ (MDL Docket No. 1419) pending; <u>Mechanical Contractors, et al. v. Bristol-Myers Squibb, et al.</u> in the U.S. District Court for Southern District of NY (MDL Nos. 1410 and 1413) settled; <u>Mechanical Contractors, et al. v. Zeneca, Inc., et al.</u> in the U.S. District Court for the Eastern District of New York (MDL No. 1408) pending; <u>Mechanical Contractors, et al. v. Abbott Laboratories, et al.</u> in the U.S. District Court for the District of Massachusetts (MDL Docket No. 1430) pending; <u>IBEW Local 903 v. Bristol-Myers Squibb</u>, in the Supreme Court of the State of NY (Index No. 101588/02) pending; <u>Mechanical Contractors, et al. v. SmithKline Beecham, et al.</u> in the U.S. District Court for the District of Massachusetts (CA No. 01-12239-WGY) pending; <u>Mechanical Contractors, et al. v. Bayer Corporation</u>, et al. in the U.S. District Court for the Eastern District of New York (Master File No. 1:00-MD-1383) pending; <u>Mechanical Contractors, et al. v. Glaxo Smith Kline, et al.</u> in the U.S. District Court for the Eastern District of Virginia (No. 02-CV-412 and 02-CV-442) pending; <u>Mechanical Contractors, et al. v. Glaxo Smith Kline, et al.</u> in the U.S. District Court for the Eastern District of Pennsylvania (Master File No. 01-12239-WGY) pending; <u>Mechanical Contractors, et al. v. Glaxo Smith Kline, et al.</u> in the U.S. District Court for the District of Pennsylvania (CA No. 2:02 CIV 4398 BWK) pending; <u>Mechanical Contractors, et al. v. Biovail, et al.</u> in the

4

U.S. District Court for the District of Columbia (MDL 1515) pending; Mechanical Contractors, et al. v. Pfizer, Inc., et al. in the U.S. District Court for the District of New Jersey (MDL 1479) pending.

6.    Vance McCrary, who also has devoted time to this matter, is admitted to practice law in the state and federal courts of Alabama (2001) and has been associated with the firm since August 2001. He attended the University of Alabama School of Law, graduating in 2001.  As an associate, he has assisted in the litigation of civil rights cases, mass tort, class action, toxic tort and complex product liability claims.  His current practice primarily involves complex labor and employment litigation and he regularly litigates labor and employment cases before state and federal courts and state and federal agencies.  His current practice is primarily in the area of labor and employment law, and toxic torts.  He is also class counsel in Margaret Allen, et al v. Alabama State Board of Education, et al, Case No. 81-T-697-N, in the U. S. District Court in the Middle District of Alabama.  He is currently class counsel in two state court class actions in Mobile County, Alabama, Cazalas, et al. v. Mobile County Board of School Commissioners, et al. and Martin, et al. v. Mobile County Board of School Commissioners, et al.


7.    In addition, the legal experience and skills of the other members of this firm who devoted time to the case, Sam Heldman and Hilary Ball, are

consistent with hourly rates much higher than the ones we billed in this case.

Sam graduated from Harvard Law School in 1989, having been an editor of the

Harvard Law Review.  He clerked for then-Chief Judge Pointer of the Northern

District of Alabama.  He then practiced law with Cooper, Mitch, Crawford,

Kuykendall and Whatley from 1990 until the dissolution of that firm.  At that time,

he became "of counsel" with the firm that is now named Gardner, Middlebrooks,

Gibbons, Olsen & Walker, P. C.  Hilary Ball graduated from Cumberland School

of Law *magna cum laude* in 1991, and practiced law from that time onward with

Cooper, Mitch and then with Gardner, Middlebrooks.   In the interim she has

received a Master's of Law in Labor and Employment law, with honors, from

Georgetown University Law School.  They each have approximately 15 years of

experience in litigation, including an enormous amount of experience in traditional

labor law.  They also have a vast amount of brief writing experience at the trial

and appellate levels.  For instance, in the last year they have - in addition to

briefing matters in various federal trial courts, state trial courts and the National

Labor Relations Board - litigated one case before the U. S. Supreme Court (in

which certiorari petition was granted, they wrote the briefs on the merits and Sam

argued the case), one case before the Eleventh Circuit en banc (in which they

wrote the brief and Sam argued the case), at least four other cases in the

Eleventh Circuit as well as several cases in the Alabama appellate courts.  Sam

has frequently given CLE presentations on labor law, employment law and

various other topics and is presently scheduled to present a paper and speech at the ABA's Committee on the Development of the Law Under the National Labor Relations Act.  It is my understanding and belief, from conversations with other lawyers that lawyers with this sort of skills and experience commonly bill and collect fees of $300 per hour or more in Alabama and even higher elsewhere.

8.     Attached hereto are copies of my firm's time records. These records are maintained by us on a contemporaneous basis and reflect the work that Heldman, Ball,  McCrary and I performed in this litigation through the dates indicated.  I have reviewed these records, and, in my professional judgment, the time reflected is both reasonable and necessary to represent the interests of our clients.

9.     We undertook the representation of plaintiffs herein on a reduced fee basis of $105.00 per hour with the understanding that, if successful, I (we) would apply for an award of fees from the court and request a higher rate to reflect true market factors and refund all fees paid.

10.     I also attach hereto a statement of expenses and cash disbursements which have been made in connection with this case.  I have reviewed these expenses and they are reasonable and necessary for the representation of the plaintiffs in this case.  These expenses are the type traditionally billed by an attorney in private practice to their clients.

11.     My non-contingent hourly rates, which I am presently billing clients

7

with whom I have an ongoing professional relationship, ranges from $175.00 to $300.00 per hour.  This non-contingent hourly rate is consistent with the market for attorneys in this area of similar experience and ability handling federal civil litigation.

12.     As I mentioned, this case has been handled partly on a contingency basis.  Attorneys in private practice who handle litigation on a contingent fee basis generally receive, when successful, fees that range from two to eight times the non-contingent hourly rate.

13.     Few attorneys in Mobile would have undertaken this litigation especially on a partly contingent fee basis.  Attorneys who represent plaintiffs in voting and civil rights cases with any regularity are stigmatized by the Bar and the public and have difficulty in attracting fee generating clients.  My firm does not have an ongoing relationship with the plaintiffs in this case.  We agreed to represent the plaintiffs on this ad hoc basis and at a reduced fee because, in our view, there are beneficial social implications in this case for doing so.

14.     Based upon my experience, I believe that a fee of $300.00 per hour is reasonable in this case, and in fact, is low.

Respectfully submitted,


   s/J. CECIL GARDNER
J. CECIL GARDNER
Alabama Federal Bar No. GARDJ3461

8

OF COUNSEL:

GARDNER, MIDDLEBROOKS,
GIBBONS, OLSEN & WALKER, P. C.
1119 Government Street
Post Office Box 3103
Mobile, Alabama 36652
Telephone: 334-433-8100
Facsimile:   334-433-8181