IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK, ) ) ) Plaintiffs, ) ) vs. ) ) HONORABLE BOB RILEY, ) as Governor of the State of Alabama ) ) Defendant. ) | CIVIL ACTION NO. 2:05 CV 1100-T |

### RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES

Pursuant to this Court's Order of September 11, 2006 (No. 26), Governor Riley submits this Response in opposition to Plaintiffs' Motion for Award of Attorneys' Fees (No. 24). For the reasons stated below, the amount requested is unreasonable and excessive. Instead of the amount requested, this Court should award substantially less:

1. In their Motion, Plaintiffs ask for an award of $58,555.59 in attorneys' fees and costs, an amount that consists of a request for $57,110.00 in attorneys' fees and $1441.59 in costs. In the judgment of Governor Riley, both components of that request should be reduced.

2. With respect to the hourly rate claimed by Edward Still, Governor Riley notes that, in the state court case of *Gooden v. Worley*, to which he refers, Still submitted a very similar affidavit. In that affidavit, he requested an hourly rate of $250.00 per hour, *see* Exhibit 1, but he now asks for $300.00. That inconsistency aside, he also points to the state court ruling giving him $350.00 per hour. The state court's award is of limited relevance for two reasons. First, the underlying judgment is on appeal, and, unless the

plaintiffs prevail on their federal claims, an award of attorneys' fees is likely barred by the State's sovereign immunity. *See Ex parte Town of Lowndesboro*, __ So. 2d __, 2006 WL 1304902 (Ala. May 12, 2006). In any event, so long as that judgment is on appeal, the order awarding fees is purely advisory. Second, as the Eleventh Circuit has noted, the relevant indicator is the market rate at which an attorney bills, not the rate used by a court in making an award. *See Dillard v. Town of Greensboro*, 213 F. 3d 1347 (11th Cir. 2000). As the court explained, "Prior awards are not direct evidence of market behavior; the court is not a legal souk." *Id*. at 1355. Accordingly, Still, who states that his hourly billing rate for non-contingent cases ranges between $200 and $250, should not receive more than $250 an hour for his time.

      3. As for Gardner and McCrary, Governor Riley notes that their experience is in the areas of labor and employment law, class actions, and toxic torts. *See* No. 24 at Ex. 3. There is no indication that either of them has any experience in voting rights matters. If they want to be paid at the rates they request, they should work in those areas in which they claim expertise. In this case, where they make no assertion of expertise, their hourly rates should reflect that. Otherwise, they will be paid to learn a new area of law at the State's expense. In Governor Riley's view, Gardner, who states that his non-contingent billing rate ranges between $175.00 and $300.00, No. 24, Ex. 3 at 7-8, should not receive more than $200.00 per hour and McCrary, whose regular billing rate is not identified, should receive no more than $125.00.

      4. Making these changes to the hourly billing rates, without altering the hours, reduces the total fees to some $40,000.00. In Governor Riley's view, another 25% of that amount should be deducted to remove the effects of overlawyering.

5. That overlawyering can be measured in several ways. First, there are only 28 docket entries in the case file. If the fee request is sustained in full, the Plaintiffs' will recover more than $2,000.00 per docket entry, whether their attorneys had a hand in generating it or not.

6. As it was, the written work product of the Plaintiffs was limited and does not support the amount requested. In this case, the Plaintiffs produced a 3 page Complaint (No.1), a 9 page Initial Brief (No. 15), a Reply Brief of 6 pages (No. 17), a Supplemental Brief of 3 pages (No. 20), and a fee request that includes 4 pages of briefing. They also participated in the drafting of 28 factual stipulations (No. 14) and 8 supplemental factual stipulations. (No.19). Leaving the stipulations aside, if the fee request is sustained in full, Plaintiffs will be paid more than $2,000.00 for each page of substantive product.

7. The same degree of overlawyering is present at the micro level. With respect to the Complaint, it appears that Still claims some 6.5 hours, while Gardner and McCrary claim some 35.8 hours; the total of more than 42 hours amounts to more than 14 hours per page. For the Brief, Plaintiffs appear to claim some 13 hours from Still and 8 from the other lawyers, more than 2 hours per page. On the Reply Brief, the Plaintiffs appear to claim some 10.5 hours for Still and 11 hours from the other lawyers, more than 3 hours per page. Finally, the entries for Gardner and McCrary show that, on November 11, 2005, McCrary spent 8 hours on the road from Mobile to Birmingham and back for a 1 hour meeting with Still.

8. As for the Fee Petition, Governor Riley notes that it bears a substantial resemblance to the brief filed in state court in *Gooden v Worley*. *See* Exhibit 2. As noted above, Still's Affidavit in this case is very similar to the Affidavit he submitted there.

The same holds true for the Affidavit of Jim Blacksher. *See* Exhibit 3. In short, the Fee Petition is simply boilerplate, and the State should not have to pay for reinventing it.

      9. With respect to the expenses, Gardner and McCrary each include a claim for lodging and meals on September 29, 2005, and Gardner includes the expense of a rental car on November 6 and 7, 2005. No. 24, Ex. 3-A, at 5-6. With respect, Governor Riley believes that these entries have been included by mistake. The dates for those entries precede the beginning of time entries for this case. Moreover, *Riley v Kennedy* was argued in the Alabama Supreme Court on November 7, and the decision was issued on November 9, 2005. *See Riley v. Kennedy*, 928 So. 2d 1013 (Ala. 2005).

      10. For those reasons, Governor Riley believes that an award of no more than $30,00.00 is justified. An award of that magnitude would reasonably compensate the Plaintiffs' attorneys for their written product, the stipulations, a 7 minute conference call with the court, preparation for and participation in oral argument of 1 hour, coordination, strategizing, and the remaining claimed expenses.

      11. In conclusion, Governor Riley believes that this Court should award substantially less then the amount requested. The case file does not support an award of some $60,000.00, but, in Governor Riley's view, supports an award of no more than $30,000.00.

Respectfully submitted,

**TROY KING (KIN047)
ATTORNEY GENERAL
BY:**


**s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number:  (PAR041)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.
Gardner, Middlebrooks, Gibbons,
 Kittrell, Olsen, Walker & Hill
Post Office Box 3103
Mobile, AL 36652

Edward Still
2112 11th Avenue South, Suite 201
Birmingham, AL 35205

**s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number: (PAR041)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us