2

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RICHARD GOODEN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NANCY WORLEY, in her official capacity as Alabama Secretary of State, and NELL HUNTER, in her official capacity as Jefferson County Registrar,<br><br>Defendants. | Civil Action No.<br>CV 05-5778-RSV |

# Plaintiffs' Conditional Motion for Award of Attorneys' Fees

1. In compliance with the Court's Order of 9 May 2006 requesting that the plaintiffs file "any petition, evidence and legal authority supporting a claim for attorneys' fees," the plaintiffs submit the following for Court's use if the Court grants relief to the plaintiffs:

## *Authority to award fees*

2. This Court is authorized to award fees to the plaintiffs under 42 U.S.C. § 1988(b) because the plaintiffs prevailed on both their state-law claims and on their federal claims. 42 U.S.C. § 1988(b) provides in part, "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as

part of the costs...." As the Alabama Supreme Court noted in James v. Alabama Coalition for Equity, Inc., 713 So.2d 937, 950 (Ala.1997):

> [T]he doctrine of State sovereign immunity does not bar an award of attorney fees pursuant to §§ 1983 and 1988. Hutto v. Finney, 437 U.S. 678, 693-94, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522 (1978). For these reasons, the trial court did not err in awarding fees pursuant to § 1988.

713 So.2d at 950. This holding was recently reaffirmed in *Ex parte Town of Lowndesboro*, __ So.2d __, 2006 WL 1304902 (Ala., 12 May 2006).

3. Where the complaint alleges claims under both state law and federal civil rights laws or constitutional provisions and the Court grants relief under the state claims only, the plaintiffs is a "prevailing party" for purposes of awarding fees under § 1988. Davis v. Everett, 443 So.2d 1232, 1236 (Ala. 1983). However, if the Court denies relief on the federal claim (as opposed to not reaching the federal claim), the plaintiff cannot rely on § 1988. Still v. Personnel Board of Jefferson County, 406 So.2d 860, 861-62 (Ala. 1981); Canterbury Nursing Home, Inc. v. Alabama State Health Planning and Development Agency, 425 So.2d 1103, 1106 (Ala. 1983).

4. The Court has the authority to award fees in this case.

## *Standards for determining fees*

5. In *Peebles v. Miley*, 439 So.2d 137, 140-41 (Ala. 1983), the Court held that the "appropriate yardsticks to be used in determining counsel fees" were to be found in the ABA's Model Code of Professional Responsibility, DR 2-106(B). In *Edelman & Combs v. Law*, 663 So.2d 957 (Ala.1995), the Alabama Supreme Court listed the *Peebles* factors:

"(1) 'the nature and value of the subject matter of the employment';

"(2) 'the learning, skill, and labor requisite to its proper discharge';

"(3) 'the time consumed';

"(4) 'the professional experience and reputation of the attorney';

"(5) 'the weight of [the attorney's] responsibilities';

"(6) 'the measure of success achieved';

"(7) 'the reasonable expenses incurred by the attorney';

"(8) '[w]hether the fee is fixed or contingent';

"(9) '[t]he nature and length of a professional relationship';

"(10) '[t]he fee customarily charged in the locality for similar legal services';

"(11) '[t]he likelihood that a particular employment may preclude other employment'; and

"(12) '[t]he time limitations imposed by the client or by the circumstances.'"

663 So.2d at 959-60 (quoting *Peebles,* 439 So.2d at 140-41).

6. The *Peebles* factors are applied in slightly different ways to cases in which the fees are determined by the "common-fund method" and those determined by the "lodestar method." *City of Birmingham v. Horn,* 810 So.2d 667, 680 (Ala. 2001). This case requires the lodestar method because "the recovery does not involve a quantifiable monetary settlement or damages award," but results in "a societal change." *Horn,* 810 So.2d at 680.

3

7. In *Union Fid. Life Ins. Co. v. McCurdy*, 781 So.2d 186 (Ala. 2000), the Court explained the lodestar method:

> The lodestar method relies heavily upon the time expended by class counsel. This method was adopted by the United States Court of Appeals for the Third Circuit as the preferred method for calculating attorney fees in class actions. Under the lodestar approach, the trial court must first determine the number of hours reasonably spent by class counsel on the matter, and then multiply those hours by a reasonable hourly rate. Once this lodestar figure has been determined, the court can adjust it upward or downward, depending on a variety of factors, eventually arriving at a final fee. This adjustment is called a multiplier.

*Union Fidelity*, 781 So.2d at 191-92 (citations omitted).

8. In determining the appropriate hourly rate, the Court should use both the testimony of other attorneys as to the usual rate for work of the sort involved in the case and the *Peebles* factors. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299-1300 (11th Cir. 1988). *Norman* and other federal cases refer to the "*Johnson* factors" which are similar to the *Peebles* factors.

9. The plaintiffs submit the following regarding the usual and appropriate hourly rate:

- ♦ Exhibit 1, the affidavit of Edward Still with attachments 1-A (his resume), 1-B (his time records), and 1-C (his listing of expenses).

- ♦ Exhibit 2, the affidavit of Ryan Paul Haygood with attachments 2-A (his resume), 2-B (his time records), and 2-C (his listing of expenses).[1]

---

[1] The original of Mr. Haygood's affidavit has been delayed in carriage from New York to Birmingham. The original will be filed as soon as it arrives. In the meanwhile, a PDF of the original has been attached to this motion.

4

- Exhibit 4, the affidavit of Russell Jackson Drake.

- Exhibit 5, the affidavit of Gayle Gear.

- Exhibit 6, the affidavit of James U. Blacksher

- Exhibit 7, the affidavit of Alicia Haynes.

10. The number of hours reasonably expended in this action are detailed in Exhibits 1 and 2 (with their attachments). Supporting affidavits of the other attorneys attest that the number of hours are reasonable.

11. The calculation of the lodestar requested by the plaintiffs is set out in Exhibit 3.

## Multiplier

12. The appropriate multiplier in this action is 2. The various affidavits explain the necessity of such a multiplier. The Eleventh Circuit explained the necessity of enhancements or multiplier this way in *Yates v. Mobile County Personnel Board,* 719 F.2d 1530, 1533-34 (11th Cir. 1983):

> In *Jones v. Diamond,* 636 F.2d 1364, 1382 (5th Cir.1981) (en banc) we said,
>
>> No one *Johnson* criterion should be stressed to the neglect of others. However, because the fee in this case was contingent on success, it is appropriate for the court to consider *Johnson* criterion number six, "whether the fee is fixed or contingent." This reflects the provisions of the ABA Code of Professional Responsibility, DR 2-106(B)(8), and the practice of the bar. Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result. This is neither less nor more appropriate in civil rights litigation than in personal injury cases. The standard of compensation

> must enable counsel to accept apparently just causes without awaiting sure winners.
>
> Application of these principles frequently results in a percentage enhancement but we have specifically rejected the contention that there must be enhancement in every case in which the fee is contingent. *Marion v. Barrier*, 694 F.2d 229, 231 (11th Cir.1982). The trial judge may decide that the factor is offset by a countervailing factor, or the judge may take it into account in formulating a proper hourly rate. We are not certain that we fully understand the import of the district court order in this case, but it appears to make a blanket rejection of this factor. The discretion of the district court does not extend to modifying the *Johnson* formulation or to rejecting outright factors with which it disagrees.
>
> Vindication of the policy of the law depends to a significant degree on the willingness of highly skilled attorneys, such as those now before the court, to accept employment in discrimination cases on a wholly contingent basis. They will hardly be willing to do so if their potential compensation is limited to the hourly rate to which they would be entitled in noncontingent employment. Busy and successful attorneys simply could not afford to accept contingent employment if those were the rules that were applied. The enforcement of our civil rights acts would then be entrusted largely to less capable and less successful lawyers who lack sufficient employment. Such an arrangement would ill serve policies of enormous national importance.

13. *Johnson* criterion number six, cited by *Yates*, is the same as *Peebles* factor 8. The *Union Fidelity* Court held that the "*Peebles* ... factors should be used to determine whether a multiplier is warranted when a court is calculating attorney fees in the class-action setting." *Union Fidelity*, 781 So.2d at 192.

6

*Expenses*

14. Plaintiffs are entitled to their reasonable costs and expenses incurred in this action pursuant to 42 U.S.C. § 1988. Those costs and expenses are set forth in the attached expense reports, Exhibits 1-C and 2-C. Such expenses are reasonable and should be "completely recoverable." *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1881 (11th Cir.1981). A prevailing plaintiff under this statute is entitled to a broader range of expenses than those awarded pursuant to Rule 54(d), *Dowdell* at 1188-1189.

15. For the reasons stated above, the plaintiffs pray for an award of fees in the amount of one hundred fourteen thousand five hundred fifty eight dollars and seventy six cents ($114,558.76).

Submitted by,

/s/ Edward Still

Theodore M. Shaw
   *Director-Counsel*
Norman J. Chachkin
Debo P. Adegbile
Ryan P. Haygood (RPH-7549)
NAACP Legal Defense
   & Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, NY 10013-2897
(Tel.) 212.965.2200
(Fax) 212.226.7592
rhaygood@naacpldf.org

Edward Still
   Ala. Bar No. ASB-4786-I47W
Suite 201
2112 11th Avenue South
Birmingham AL 35205-2844
   phone: 205-320-2882
   fax: 877-264-5513
   email: Still@votelaw.com

CERTIFICATE OF SERVICE

I hereby certify that on 26 May 2006

♦    the original of the foregoing was filed with

7

        Hon. Anne-Marie Adams
        Circuit Clerk
        716 Richard Arrington Blvd. N, Room 400
        Birmingham, AL 35203

- a copy of the foregoing was hand-delivered to
       Hon. Robert S. Vance, Jr.
       Circuit Judge
       330 Jefferson County Courthouse
       716 Richard Arrington Blvd. N.
       Birmingham, AL 35203

- a copy of the foregoing was delivered by facsimile, email, and/or first class mail to the following:

| | |
|---|---|
| Rushing Payne, Esq.<br>Assistant Attorney General<br>Office of the Attorney General of Alabama<br>11 South Union Street<br>Montgomery, AL 36130-0152 | Jeffrey M. Sewell, Esq.<br>T.A. Lawson, II, Esq.<br>Assistant County Attorney<br>Jefferson County<br>280 Jefferson County Courthouse<br>716 Richard Arrington Jr. Blvd. North<br>Birmingham, AL 35203 |
| Margaret L. Fleming, Esq.<br>Assistant Attorney General<br>Office of the Attorney General of Alabama<br>11 South Union Street<br>Montgomery, AL 36130-0152 | |

_____

**The Plaintiff do not seek oral argument on this motion.**