# EXHIBIT A



**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**

TROY KING
ATTORNEY GENERAL

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130
(334) 242-7300
WWW.AGO.STATE.AL.US

November 9, 2006

Chief, Voting Section
Civil Rights Division
Room 7254 - NWB
Department of Justice
1800 G St., N.W.
Washington, DC 20006

RE:    Submission under Section 5 of the Voting Rights Act of 1965
Expedited Consideration Requested

Dear Sir:

In accordance with Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, we make this submission for preclearance by the Attorney General of the United States. This submission concerns two decisions of the Supreme Court of Alabama that concern the method of filling vacancies on the Mobile County Commission. Those decisions are Riley v. Kennedy, 928 So. 2d 1013 (Ala. 2005), and Stokes v. Noonan, 534 So. 2d 237 (Ala 1988).

We request expedited consideration of this submission, which is made pursuant to the order of a three-judge federal district court. See Kennedy v. Riley, 445 F. Supp. 2d 1333 (M.D.Ala. 2006) (three-judge court). In its judgment, the court allowed the State 90 days to obtain preclearance. That 90-day period expires on or about November 16, 2006, and the State contemplates asking the court for an extension if no action has been taken by that date. In the time between the entry of the judgment and this submission, the State considered whether to appeal from the judgment and responded to the Kennedy plaintiffs' request for attorneys' fees. In addition, the undersigned, who had handled this case in both state and federal court, moved to Northern Virginia, wrote two appellees' briefs, an appellant's initial brief and reply brief, and consulted with the office in Montgomery on other issues.

As noted above, this submission relates to the method of filling vacancies on the Mobile County Commission. Before the effective date of the Voting Rights Act in Alabama, November 1, 1964, general law provided that vacancies on county

Chief, Voting Section
November 9, 2006
Page 2

commissions, including the Mobile County Commission, would be filled through gubernatorial appointment. That general law was codified at § 11-3-6, Code of Alabama (1989). In 1985, the Legislature passed a local law, Act No. 85-237, which provided that vacancies on the Mobile County Commission would be filled by a special election. By letter dated June 17, 1985, the State was advised that the Attorney General of the United States had no objection to the proposed change.

In 1987, a vacancy in one of the seats on the Mobile County Commission occurred. In April of that year, Willie Stokes filed suit in the Circuit Court of Mobile County attacking the constitutionality of Act No. 85-237. The Circuit Court denied relief, and the vacancy was filled by special election. Stokes appealed, though, and, in a decision issued on September 30, 1988, the Supreme Court of Alabama reversed the judgment of the Circuit Court. In Stokes v. Noonan, the court declared Act No. 85-237 unconstitutional because it violated § 105 of the Constitution of Alabama (1901). Section 105 prohibits the enactment of a local law "in any case which is provided by a general law."

The Alabama Supreme Court's ruling created a vexing issue of state law. Without a valid election, the incumbent had no right to hold the office and was vulnerable to an action in quo warranto. Then-Governor Guy Hunt solved the problem by exercising his power of appointment to appoint the person who had been elected.

In 2004, the Alabama Legislature amended the general law, § 11-3-6, passing Act No. 2004-455. As amended, the statute provided that vacancies on county commissions would be filled by gubernatorial appointment "[u]nless a local law authorizes a special election." Ala. Code § 11-3-6 (Supp. 2004). By letter dated September 28, 2004, the State was advised that the Attorney General had no objection to the proposed change.

No vacancy on the Mobile County Commission arose until September 2005, when Sam Jones, an incumbent commissioner, was elected Mayor of Mobile. With the vacancy, the method of filling it became a bone of contention. Some contended that the vacancy was to be filled through a special election, pointing to Act 85-237 and arguing that it had been revived by Act No. 2004-455. Others contended that, with the declaration that Act No. 85-237 was unconstitutional in Stokes v. Noonan, the vacancy was to be filled by gubernatorial appointment pursuant to the general law.

Three plaintiffs, Yvonne Kennedy, James Buskey, and William Clark filed suit in the Circuit Court of Montgomery County seeking declaratory and injunctive relief. They sought a declaration that the vacancy was due to be filled through a special election and an injunction directing the probate judge to conduct one. Governor Riley, who was named as a defendant, responded by contending that, with the declaration that Act 85-237 was unconstitutional in Stokes v. Noonan, he was empowered to fill the vacancy by appointment. The Circuit Court ruled in favor of the plaintiffs, and Governor Riley appealed.

Chief, Voting Section
November 9, 2006
Page 3

Even though the appeal was expedited, the local election officials had to move quickly and asked the Attorney General of the United States to preclear a special election calendar that included a primary election on November 22, 2005, a run-off election on December 13, 2005, and a general election on January 3, 2006. The local election officials needed the approval of the Attorney General of the United States in order to start the election machinery. By letter dated October 25, 2005, the Attorney General of Alabama suggested that the Attorney General of the United States withhold action on the submittal pending the outcome of the litigation in state court. The Attorney General of Alabama pointed out that the proceedings in the Supreme Court of Alabama had been expedited and that withholding action was consistent with 48 C.F.R. § 51.22 (2004). The Attorney General of the United States declined to withhold action and interposed no objection to the proposed special election.

As the Attorney General of Alabama suggested might happen, the Supreme Court of Alabama reversed the judgment of the Circuit Court. Riley v. Kennedy, 928 So.2d 1013 (Ala. 2005). The court held that Act No. 2004-455 did not operate retroactively so as to revive Act No. 85-237. With that ruling, there was no state law basis for the proposed special election. Governor Riley proceeded to appoint Juan Chastang, an African-American, to fill the vacancy. The Attorney General of Alabama advised the Attorney General of the United States of the ruling in Riley v. Kennedy and stated that the vacancy would be filled by gubernatorial appointment.

The plaintiffs then filed suit in federal district court asserting that Stokes v Noonan and Riley v. Kennedy were changes in voting law that had to be precleared to be enforceable. Governor Riley contested the lawsuit. In his briefing, Governor Riley noted that requiring preclearance of decisions made in the course of the ordinary appellate process that invalidated precleared changes were not changes in voting. Rather, any state statute must be valid as a matter of state law, not just precleared, to be enforceable. Preclearance does not speak to validity under state law. Moreover, preclearance cannot speak to validity under state law without raising grave constitutional questions. The three-judge court agreed with the plaintiffs and directed the State to seek preclearance of these decisions.

Without waiving its objections, the State requests that the Attorney General preclear the decisions of the Supreme Court of Alabama in Stokes v. Noonan and Riley v. Kennedy.

In compliance with 28 C.F.R. § 51.27, we submit the following information to the Attorney General:

"(a) A copy of any ordinance, enactment, order, or regulation embodying a change affecting voting."

Without conceding that either decision represents a change that must be precleared, a copy of the Alabama Supreme Court's decision in Riley v. Kennedy is

Chief, Voting Section
November 9, 2006
Page 4

included as Exhibit A-1. A copy of the Alabama Supreme Court's decision in <u>Stokes v. Noonan</u> is included as Exhibit A-2.

*"(b) A copy of any ordinance, enactment, order, or regulation embodying the voting practice that is proposed to be repealed, amended, or otherwise changed."*

A copy of Act No. 85-237, which was declared unconstitutional in <u>Stokes v. Noonan</u>, is included as Exhibit B-1. A copy of Act No. 2004-455, which was held not to be retroactive in <u>Riley v. Kennedy</u>, is included as Exhibit B-2. A copy of § 11-3-6 is included as Exhibit B-3.

*"(c) If the change affecting voting either is not readily apparent on the face of the documents provided under paragraphs (a) and (b) of this section or is not embodied in a document, a clear statement of the change explaining the difference between the submitted change and the prior law or practice, or explanatory materials adequate to disclose to the Attorney General the difference between the prior and proposed situation with respect to voting."*

Without conceding that either decision represents a change requiring preclearance, the decisions and the context set forth above adequately identify the chain of events.

*"(d) The name, title, address, and telephone number of the person making the submission."*

Troy King, Attorney General, John J. Park, Jr., Special Assistant Attorney General, and Misty S. Fairbanks, Assistant Attorney General, State of Alabama, Alabama State House, 11 South Union Street, 3d Floor, Montgomery, Alabama 36130-0152, Jack can be reached at 334-242-7997, and Misty at 334-353-8674; both share the same facsimile, which is 334-353-8440; and e-mail jpark@ago.state.al.us and mfairbanks@ago.state.al.us.

*"(e) The name of the submitting authority and the name of the jurisdiction responsible for the change, if different."*

The State of Alabama.

*"(f) If the submission is not from a State or county, the name of the county and State in which the submitting authority is located."*

Not applicable.

Chief, Voting Section
November 9, 2006
Page 5

*"(g) Identification of the person or body responsible for making the change and the mode of decision (e.g., act of State legislature, ordinance of city council, administrative decision by registrar)."*

The Supreme Court of Alabama.

*"(h) A statement identifying the statutory or other authority under which the jurisdiction undertakes the change and a description of the procedures the jurisdiction was required to follow in deciding to undertake the change."*

The Supreme Court of Alabama has appellate jurisdiction over cases originating in the Circuit Courts of Alabama.  See § 12-2-7, Code of Alabama (2006).  The court had jurisdiction over the cases that resulted in the decisions in Stokes v. Noonan and Riley v. Kennedy.

*"(i) The date of adoption of the change affecting voting."*

Without conceding that either decision represents a change, the Alabama Supreme Court issued its decision in Riley v. Kennedy on November 9, 2005, and the decision in Stokes v. Noonan on September 30, 1988.  The decision in Riley v. Kennedy was given effect insofar as the election that was to fill the vacancy in question, which was scheduled, has not taken place, and Juan Chastang was appointed to fill the vacancy.  The decision in Stokes v. Noonan may have been given effect.  After Act No. 85-237 was precleared, and before the Alabama Supreme Court decided Stokes v. Noonan, there was a vacancy on the Mobile County Commission that was filled by special election.  After the decision in Stokes v. Noonan came down, there was no state-law basis for the special election.  Then-Governor Hunt resolved the vexing state-law question by appointing the person who had been elected in the special election and was serving to the position.  The issue was vexing because, after Stokes v. Noonan, that commissioner had no state-law entitlement to serve and would have been vulnerable to an action in quo warranto.

*"(j) The date on which the change is to take effect."*

The State incorporates the response in subparagraph (i) by reference.

*"(k) A statement that the change has not yet been enforced or administered, or an explanation of why such a statement cannot be made."*

The State incorporates the response in subparagraph (i) by reference.

Chief, Voting Section
November 9, 2006
Page 6

*"(l) Where the change will affect less than the entire jurisdiction, an explanation of the scope of the change."*

Without conceding that there has been a change, the scope is limited to Mobile County. More particularly, the change affects only the Mobile County Commission, not any other elected body or office in Mobile County.

*"(m) A statement of the reasons for the change."*

Without conceding that there has been a change, the change results from litigation in the state courts. Both decisions involve the application of generally-applicable, race-neutral principles of law.

In Stokes v. Noonan, the Supreme Court of Alabama held that Act No. 85-237 was unconstitutional because it violated § 105 of the Alabama Constitution in that it was a local law enacted in a case "provided by general law." The decision in Stokes was an application of the court's holding in Peddycoart v. City of Birmingham, 354 So. 2d 808 (Ala. 1978). There, the court held that the presence of a general law had primary effect such that "a local law cannot be passed upon the subject." 354 So. 2d at 813.

In Riley v. Kennedy, the Supreme Court of Alabama applied race-neutral generally applicable principles of statutory construction relating to retroactivity of legislation. As the court noted, under Alabama law, "statutes are to be prospective only, unless clearly indicated by the legislature." 928 So. 2d at 1016 (quoting Gotcher v. Teague, 583 So. 2d 267, 268 (Ala. 1991)). It concluded that the "plain language" of Act No. 2004-455 and the Act's preamble provide "for prospective application only." 928 So. 2d at 1017.

*"(n) A statement of the anticipated effect of the change on members of racial or language minority groups."*

Without conceding that there has been a change, the immediate effect is to fill the vacancy on the Mobile County Commission by gubernatorial appointment rather than by special election. The vacancy at issue is in a majority-black commission district, but the change affects all of the seats on the Mobile County Commission. That body has three seats, two of which are in majority-white districts. Furthermore, Juan Chastang, the person whom Governor Riley appointed to fill the vacancy, is an African-American. As a result, Governor Riley believes that politics, not race, is at issue in this submission; if he had appointed the "right" African-American, there would be no complaint.

Chief, Voting Section
November 9, 2006
Page 7

*"(o) A statement identifying any past or pending litigation concerning the change or related voting practices."*

Plainly, this submission is the product of litigation. A three-judge federal district court rejected the State's contention that there was no change and directed the State to seek preclearance. Likewise, the decisions in <u>Stokes v. Noonan</u> and <u>Riley v. Kennedy</u>, which are the subject of this submission, are the product of litigation. Those decisions speak for themselves and, indeed, are the only word on the subject that is relevant.

*"(p) A statement that the prior practice has been precleared (with the date) or is not subject to the preclearance requirement and a statement that the procedure for the adoption of the change has been precleared (with the date) or is not subject to the preclearance requirement, or an explanation of why such statements cannot be made."*

In the judgment of the State of Alabama, these decisions, which are based on generally-applicable, race-neutral principles of law, are not subject to preclearance. Before a state statute that affects voting can become effective, it must not only be precleared but must also be valid as a matter of state law. Preclearance cannot make a state law valid; it makes a valid state law enforceable.

The State of Alabama notes further that the three-judge court's order puts it in a difficult position. The State agrees that, when statutes make changes that affect voting, they must be precleared. Nothing, however, immunizes those statutes from challenge under state law, and the preclearance of a statute cannot pretermit the State's litigation process. This is particularly the case where race-neutral, generally applicable principles of law are applied. If either the State or the Attorney General of the United States act before litigation is filed or before it is final, there is a risk that the same work will have to be done twice. The second review should not proceed on the basis that any previous review, of something else in any event, was correct.

Section 11-3-6, the general law, does not require preclearance because it was enacted before November 1, 1964. Act No. 82-237 was precleared by letter dated June 17, 1985. Act No. 2004-455 was precleared by letter dated September 28, 2004.

*"(q) For redistrictings and annexations: the items listed under § 51.28 (a)(1) and (b)(1); for annexations only: the items listed under § 51.28(c)(3)."*

Not applicable.

*"(r) Other information that the Attorney General determines is required for an evaluation of the purpose or effect of the change. Such information may include items listed in § 51.28 and is most likely to be needed with respect to redistrictings, annexations, and other complex changes. In the interest of time such information should be furnished with the initial submission relating to voting changes of this type. When such*

Chief, Voting Section
November 9, 2006
Page 8

*information is required, but not provided, the Attorney General shall notify the submitting authority in the manner provided in § 51.37."*

The Kennedy Plaintiffs are African-American members of the Alabama House of Representatives.  They can be contacted at:

Yvonne Kennedy                              James E. Buskey
351 North Broad Street                      2207 Barretts Lane
Mobile, AL 36603                            Mobile, AL 36617
(251) 690-6418                              (251) 457-7928 (h)
                                            (251) 208-5480 (delegation)

William Clark
711 South Atmore Avenue
Prichard, AL 36612
(251) 438-1533 (b)
(251) 208-5480 (delegation)

The Kennedy Plaintiffs were represented by Ed Still, 2112 11th Avenue South, Suite 201, Birmingham, AL 35205, (205) 320-2882, and Cecil Gardner and Vance McCrary of Gardner, Middlebrooks, Gibbons & Kittrell, Post Office Drawer 3103, Mobile, AL 36652, (215) 433-8100.

Juan Chastang, an African-American whom Governor Riley appointed, can be contacted at 1503 Chantague Street, Mobile, AL 36603, 251-574-1000 (o).  Mr. Chastang's profile can be accessed through the website for the Mobile County Commission, www.mobilecounty.org.

For further information, please contact Jack Park or Misty Fairbanks.  Please direct all correspondence, including the determination letter, to them.

Sincerely,

TROY KING
Attorney General
By:

*Jack Park*

John J. Park, Jr.
Assistant Attorney General

TK:JJP
Enclosures

Westlaw.

928 So.2d 1013                                                                                          Page 1
928 So.2d 1013
**(Cite as: 928 So.2d 1013)**

Supreme Court of Alabama.
Bob RILEY, as Governor of Alabama
v.
Yvonne KENNEDY et al.
1050087.

Nov. 9, 2005.
Rehearing Denied Nov. 15, 2005.

**Background:** Voters brought action for a declaratory judgment that special election, rather than gubernatorial appointment, was required to fill vacancy on the Mobile County Commission. The Circuit Court, Montgomery County, No. CV-05-2432, Eugene W. Reese, J., required a special election. Governor appealed.

**Holding:** The Supreme Court, Stuart, J., held that statute which required governor to fill vacancy on county commission, unless local law authorized special election, applied prospectively, not retroactively, and, therefore, did not revive unconstitutional local act requiring vacancy to be filled by special election.
Reversed and remanded.

Woodall, J., concurred in the result.

West Headnotes

**[1] Appeal and Error** 🔑893(1)
30k893(1)
Supreme Court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented.

**[2] Appeal and Error** 🔑893(1)
30k893(1)
Where the facts of a case are essentially undisputed, the Supreme Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review.

**[3] Counties** 🔑39
104k39
Statute that required governor to fill vacancy on county commission, unless local law authorized special election, applied prospectively, not retroactively, and therefore did not revive unconstitutional local act requiring vacancy in

Mobile County Commission to be filled by special election; plain language provided for prospective application, and preamble stated intent to authorize legislature by local law to provide for the manner of filling vacancies in the office of the county commission. Const. Art. 4, § 105; Code 1975, § 11-3-6; Acts 1985, No. 85-237, § 1; Acts 2004, No. 04-455, § 1.
**\*1014** Troy King, atty. gen., Kevin C. Newsom, deputy atty. gen., and John J. Park, Jr., and Charles B. Campbell, asst. attys. gen., for appellant.

J. Cecil Gardner of Gardner, Middlebrooks, Gibbons, Kittrell, Olsen, Walker & Hill, P.C., Mobile; and James H. Anderson of Beers, Anderson, Jackson, Patty & Van Heest, P.C., Montgomery, for appellees.

STUART, Justice.

Bob Riley, in his official capacity as Governor of Alabama, appeals a judgment of the Montgomery Circuit Court holding that a vacancy on the Mobile County Commission should be filled by a special election. We reverse and remand.

*Facts*
In an election held on September 13, 2005, Sam Jones, the county commissioner for district 1, Mobile County Commission, was elected to the office of mayor of the City of Mobile. On September 19, 2005, Yvonne Kennedy, James Buskey, and William Clark, registered voters in Mobile County and residents of district 1 (hereinafter referred to collectively as "Kennedy"), filed a pleading in the Montgomery Circuit Court containing the following: a complaint seeking a declaration as to whether Alabama law requires the vacancy in the district 1 seat on the County Commission to be filled by a special election; a petition for a writ of mandamus directing Don Davis, probate judge of Mobile County to conduct such a special election to fill the district 1 seat; and a request for an injunction prohibiting Governor Riley and the other defendants [FN1] from acting to the contrary.

FN1. In addition to naming Governor Riley as a defendant, the complaint also named Don Davis, in his official capacity as probate judge of Mobile County; the Mobile County Commission; and Stephen

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
A-1

928 So.2d 1013                                                                                           Page 2
928 So.2d 1013
**(Cite as: 928 So.2d 1013)**

Nodine and Mike Dean, in their official capacities as members of the Mobile County Commission. Governor Riley is the only defendant who appealed.

*1015 According to the complaint, Governor Riley, through his legal advisers, had made public statements indicating that he would fill by appointment the vacancy created when Jones resigned his seat on the County Commission to assume the office of mayor. Kennedy averred that Governor Riley could not make such an appointment, because, she argued, Act No. 85-237, Ala. Acts 1985, requires that "a special election be held to fill the vacancy, and, if a special election is not held, [Kennedy] and other similarly situated registered voters of the County of Mobile will be disenfranchised and denied the opportunity to vote for a candidate of their choice to fill the vacancy mentioned."

Governor Riley answered the complaint, asserting that he is authorized by general law to fill the vacancy and that Act No. 85-237, Ala. Acts 1985, relied on by Kennedy, was declared unconstitutional by this Court in *Stokes v. Noonan,* 534 So.2d 237 (Ala.1988). Act No. 85-237, he argues, is therefore void, and it was not revived, as Kennedy argues, by the legislature's subsequent enactment of Act No. 2004-455, Ala. Acts 2004, amending § 11-3-6, Ala.Code 1975.

On September 29, 2005, after hearing argument by counsel, the Montgomery Circuit Court, apparently giving a field of operation to Act No. 85-237, Ala. Acts 1985, held that the vacancy on the Mobile County Commission must be filled by a special election rather than by appointment by the Governor. On October 3, 2005, Sam Jones, the commissioner for district 1, resigned to assume the office of mayor of the City of Mobile. On October 11, 2005, Governor Riley appealed.

*Standard of Review*

[1][2] " 'This court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented.' *Scott Bridge Co. v. Wright,* 883 So.2d 1221, 1223 (Ala.2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. *Carter v. City of Haleyville,* 669 So.2d 812, 815 (Ala.1995)."
*Continental Nat'l Indem. Co. v. Fields,* 926 So.2d 1033, 1034-35 (Ala.2005).

*Discussion*

[3] Governor Riley contends that Act No. 2004-455, Ala. Acts 2004, amending § 11-3-6, Ala.Code 1975, did not revive Act No. 85-237, Ala. Acts 1985, which this Court had held unconstitutional, see *Stokes v. Noonan,* and that, therefore, the trial court erred in declaring that the vacancy on the Mobile County Commission created by Jones's resignation should be filled by a special election. [FN2]

> FN2. We review this issue only as presented by these facts and by the parties' arguments regarding these facts; we do not address any other possible impediments that may exist to the constitutionality or enforceability of Act No. 85-237.

In *Stokes,* this Court addressed the constitutionality of Act No. 85-237, which provided that vacancies on the Mobile County Commission would be filled by a special election when at least 12 months remained on the unexpired term of any commissioner. The registered voter challenging Act No. 85-237 in *Stokes* argued that Act No. 85-237, a local act, was subsumed by a general law, § 11-3-6, Ala.Code 1975, and, consequently, was unconstitutional under Art. IV, § 105, Alabama Constitution 1901.

Act No. 85-237 provided:
*1016 " 'Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term.' "
534 So.2d at 238. We held that Act No. 85-237, applicable only to Mobile County, constituted a local law on the same subject as the previously enacted general law. We then considered § 11-3-6, Ala.Code 1975, which appears in Chapter 3, Title 11, of the Alabama Code pertaining to county commissions. It provided at the time we decided *Stokes:* " 'In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed.' " 534 So.2d at 238. We recognized that § 11-3-6 is clearly a general law, a statewide statute addressing the filling of vacancies on county commissions

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

928 So.2d 1013
928 So.2d 1013
**(Cite as: 928 So.2d 1013)**

Page 3

throughout the State, and that the legislature did not in the language of § 11-3-6, Ala.Code 1975, manifest an intent to except the local law from the general law. Therefore, we held that Act No. 85-237 was contrary to § 11-3-6, Ala.Code 1975, and, consequently, that it violated Art. IV, § 105, Alabama Constitution 1901, which provides, in pertinent part: "No special, private, or local law ... shall be enacted in any case which is provided for by a general law." We reasoned that because the legislature did not in § 11-3-6, Ala.Code 1975, manifest an intent to except the local law from the general law, the contrary local law, in that case Act No. 85-237, must defer to the general law, § 11-3-6, Ala.Code 1975, and, consequently, we held, Act No. 85-237 violated Art. IV, § 105, Alabama Constitution 1901.

On May 14, 2004, Governor Riley approved Act No. 2004-455 and it became effective. Act No. 2004-455 amends § 11-3-6, Ala.Code 1975, to read as follows: "Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed."

Kennedy argues that Act No. 2004-455, which amended § 11-3-6, Ala.Code 1975, manifests an intent by the legislature to cure the impediment to the enforceability this Court found as to Act No. 85-237 and to now give effect to that Act and that, consequently, a special election is the proper procedure by which to fill the vacancy created on the Mobile County Commission by Jones's resignation. We cannot agree with that conclusion because the language of Act No. 2004-455 does not clearly so indicate.

This Court has consistently held that
" 'statutes are to be prospective only, unless clearly indicated by the legislature. Retrospective legislation is not favored by the courts, and statutes will not be construed as retrospective unless the language used in the enactment of the statute is so clear that there is no other possible construction. Sutherland Stat. Const., § 41.04 (4th ed 1984).'
"*Dennis v. Pendley*, 518 So.2d 688, 690 (Ala.1987)."
*Gotcher v. Teague*, 583 So.2d 267, 268 (Ala.1991). Moreover, although curative statutes are "of necessity" **\*1017**retroactive, *Horton v. Carter*, 253 Ala. 325, 328, 45 So.2d 10, 12 (1950), even they are subject to the same rule of statutory construction, i.e., they will not be construed as retroactive unless the

intent of the legislature that the statute have such retroactive effect is clearly expressed. The act under consideration in *Horton* expressly provided: "This Act shall be deemed retroactive in its effect upon its passage and approval by the Governor or upon its otherwise becoming a law." 253 Ala. at 328, 45 So.2d at 12. On numerous other occasions the legislature has demonstrated its ability to provide expressly for retroactive effect when enacting curative legislation. See, *e.g.*, § 34-8-28(h), Ala.Code 1975 ("The provisions of this amendatory section are remedial and curative and shall be retroactive to January 1, 1998."); § 11-50-16(c), Ala.Code 1975 ("The provisions of this section shall be curative and retroactive ...."); § 11-43-80(d), Ala.Code 1975 ("The provisions of this section shall be curative and retroactive ...."); and Act No. 2001-891, § 5, Ala. Acts 2001 ("It is the intent of the Legislature that this act be construed as retroactive and curative.").

Here, the plain language in Act No. 2004-455, amending § 11-3-6, Ala.Code 1975, provides for prospective application only, and that language must be given effect according to its terms. Nothing in the language in Act No. 2004- 455 demonstrates an intent by the legislature that the amendment of § 11-3-6 apply retroactively. The argument that Act No. 2004-455 applies prospectively only is further supported by the preamble of the Act, which provides that the purpose of the Act is "[t]o amend Section 11-3-6 of the Code of Alabama 1975, relating to county commissions, *to authorize the Legislature by local law to provide for the manner of filling vacancies in the office of the county commission.*" (Emphasis added.) The language "to authorize the Legislature ... to provide" the means by which vacancies on the county commission are to be filled further indicates an intention by the legislature that the Act is to be prospectively applied. Therefore, we hold that Act No. 2004-455 applies prospectively only; consequently, Governor Riley is authorized to fill the vacancy on the Mobile County Commission by appointment.

*Conclusion*
Based on the foregoing, we conclude that the trial court erred in holding that the vacancy on the Mobile County Commission should be filled by a special election. Its judgment so holding is, therefore, reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

928 So.2d 1013
928 So.2d 1013
**(Cite as: 928 So.2d 1013)**

Page 4

NABERS, C.J., and SEE, LYONS, HARWOOD,
SMITH, BOLIN, and PARKER, JJ., concur.

WOODALL, J., concurs in the result.

928 So.2d 1013

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

534 So.2d 237
534 So.2d 237
(Cite as: 534 So.2d 237)

Page 1

☞

Supreme Court of Alabama.
Willie H. STOKES
v.
Lionel W. "Red" NOONAN, in his capacity as Judge
of the Probate Court of Mobile
County, et al.
**86-1082.**

Sept. 30, 1988.

Registered voter of Mobile County brought action contesting constitutionality of local act, which provided for filling of vacancies on Mobile County Commission by special election.  The Circuit Court, Mobile County, Edward B. McDermott, J., entered judgment against voter, and voter appealed.  The Supreme Court, Beatty, J., held that local act is unconstitutional under state constitutional provision, which states that no local law shall be enacted in any case which is provided by a general law.

Reversed and judgment rendered.

Maddox, J., concurred specially and filed opinion.

Almon, J., concurred in result.

Steagall, J., dissented and filed opinion in which Adams, J., concurred.

West Headnotes

**Counties** ☞41
104k41
Local act, which provides for filling of vacancies on Mobile County Commission by special election where at least 12 months remain on any commissioner's unexpired term is unconstitutional under state constitutional provision, which states that no local law shall be enacted in any case which is provided by a general law;  general law provides for filling of vacancies by appointment by Governor. Acts 1985, No. 85-237, § 1 et seq.;  Code 1975, § 11-3-6; Const. § 105.
*237 W. Gary Hooks, Jr., Mobile, for appellant.

James C. Wood of Simon, Wood and Crane, Mobile, for appellee Lionel W. Noonan.

Michael A. Figures and J. Malcolm Jackson III of Figures, Ludgood & Figures, Mobile, for appellees Leophus Lyde, James Buskey, Frank Seals and Michael A. Figures.

BEATTY, Justice.

The plaintiff, Willie H. Stokes, appeals from a judgment in favor of defendant Lionel W. "Red" Noonan, et al., holding that Act No. 85-237, Acts of Alabama 1985, is valid and constitutional.

Stokes, as a registered voter, taxpayer, and real property owner of Mobile County, filed suit in April 1987 contesting the constitutionality *238 of Act No. 85-237, which provides for the filling of vacancies on the Mobile County Commission by a special election when at least 12 months remain on any commissioner's unexpired term:

"Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant.  Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."

Stokes contends that the subject of local Act No. 85-237 is subsumed by a general law, § 11-3-6, Code of 1975, and therefore, under Art. IV, § 105, Constitution 1901, and this Court's decision in Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), is unconstitutional.

Section 105, in pertinent part, states: "No special, private, or local law ... shall be enacted in any case which is provided by a general law." Section 11-3-6, Code of 1975, is contained in the chapter pertaining to county commissions and refers to vacancies:

"In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed."

Stokes also contends that Act No. 85-237 violates Art. IV, § 104(29), Constitution of 1901, which

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT
A-2

534 So.2d 237                                                                        Page 2
534 So.2d 237
**(Cite as: 534 So.2d 237)**

states, in pertinent part:

"The legislature shall not pass a special, private, or local law in any of the following cases:

"....

"(29) Providing for the conduct of elections or designating places of voting, or changing the boundaries of wards, precincts, or districts, except in the event of organization of new counties, or the changing of the lines of old counties...."

We need not address the plaintiff's attacks under § 104(29) because we are convinced that Act No. 85-237 clearly offends § 105 of the Constitution of 1901.

In *Peddycoart v. City of Birmingham,* 354 So.2d 808 (Ala.1978), this Court explained at length the difference between a local law and a general law, and, applying the literal language of the Constitution of 1901, held that the presence of a general law upon a given subject was *primary,* meaning "that a local law cannot be passed upon that subject." This Court added at 813:

"By constitutional definition a general law is one which applies to the whole state and to each county in the state with the same force as though it had been a valid local law from inception. Its passage is none the less based upon local considerations simply because it has a statewide application, and already having that effect, the constitutional framers have prohibited the enactment of a local act when the subject is already subsumed by the general statute."

Section 11-3-6 is a statewide statute governing the general subject of filling vacancies on county commissions. Its language is substantially the same as its complementary section that appeared in Ala.Code 1940 as Title 12, § 6. See also Ala.Code 1940, Title 12, § 6 (Recomp.1958).

Act No. 85-237 was approved April 8, 1985. By its terms, it is made applicable only to Mobile County. Hence, when it became law it applied to a political subdivision of the state less than the whole, and thus, it was a local law on the same subject as the previously enacted general law, § 11-3- 6; see Constitution of 1901, § 110; *Peddycoart,* 354 So.2d at 814; and, accordingly, it is unconstitutional under § 105. We cannot, therefore, agree with the defendant that the Mobile County Commission, because of statutory history, has always been, and therefore is still, governed by local law. To approve such a proposition here would run directly counter to the language of our constitution. Surely, it cannot be

held that the legislature is proscribed from enacting general laws on subjects *239 already covered by local laws, even if by application such local laws are repealed, when the intent of the legislature is clear-- and it is in this case. See *Buskey v. Mobile County Board of Registrars,* 501 So.2d 447 (Ala.1986).

In *Baldwin County v. Jenkins,* 494 So.2d 584 (Ala.1986), a similar question dealing with the constitutionality of a local act was resolved. In that case, this Court was confronted with two statutes dealing with the election and terms of the office of county commissioners. This Court held that the general statute, Code of 1975, § 11-3-1, as amended, having contained the language, "unless otherwise provided by local law," manifested a legislative intent that the subject it dealt with not be subsumed within it:

"A situation completely opposite and contrary to the one presented here was contemplated and prohibited by the constitutional framers, which is to say that the legislature, by enacting a general law *containing no such provision or exception for contrary local laws,* thereby intended that general law to be *primary* and the subject subsumed entirely by the general law. In that situation, § 105 would operate to prohibit the enactment of contrary local laws. Such is not the case with respect to § 11-3-1 and Act No. 84-639. Because the language of the statute provides for the existence of and prevailing effect of contrary local laws, it must be that the legislature did not intend the subject to be 'subsumed' exclusively within § 11-3-1. That being the case, the co-existence of the general law (§ 11-3-1) and the *contrary* local law (Act No. 84-639) deferred to in the general law, cannot be said to be repugnant to § 105 because 'the constitutional framers have [only] prohibited the enactment of a local act when the subject [as intended by the legislature] is already subsumed by the general statute.' *Peddycoart,* [354 So.2d at 813]."

494 So.2d at 587. (Emphasis in *Jenkins.*)

No such intent is demonstrated by the language of § 11-3-6 regarding filling of vacancies, and that language must be given effect according to its terms. Thus, it is our duty to declare Act No. 85-237 unconstitutional as violating § 105. It follows that the judgment appealed from must be, and it is hereby, reversed, and a judgment rendered declaring that Act unconstitutional.

REVERSED AND JUDGMENT RENDERED.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

534 So.2d 237
534 So.2d 237                                                              Page 3
**(Cite as: 534 So.2d 237)**

TORBERT, C.J., and JONES, SHORES and HOUSTON, JJ., concur.

MADDOX, J., concurs specially.

ALMON, J., concurs in the result.

ADAMS and STEAGALL, JJ., dissent.

MADDOX, Justice (concurring specially).

I concur completely with the opinion holding that Act No. 86-237 is unconstitutional under § 105, under this Court's decision in *Peddycoart,* cited in the majority opinion.

I do not believe it is necessary to distinguish *Baldwin County v. Jenkins,* 494 So.2d 584 (Ala.1986), which I thought was incorrectly decided, for the reasons I expressed in a dissent in that case; therefore, I concur specially.

STEAGALL, Justice (dissenting).

I respectfully dissent as to the majority opinion's reversal of the trial court's decision that Act No. 85-237 is valid and constitutional.

The Mobile County Commission was created on August 7, 1957, when the Alabama Legislature passed Act No. 181, Acts of Alabama 1957, a local act.   The Act created the Mobile County Commission out of the existing board of revenue and road commissioners and provided for the election of its members, those members' terms of office, qualifications for that office, and various other requirements dealing with that body, including the filling of vacancies when they occurred. That Act states specifically:
"Vacancies on the commission shall be filled by appointment by the Governor, but the office of president of the commission **240** shall be filled by the members thereof.  Any person appointed to fill a vacancy shall serve the unexpired term, and until his successor is elected and qualified."

Act No. 181, § 2(b), Acts of Alabama 1957, at 234.

The local act being question here, Act No. 85-237, Acts of Alabama 1985, states, in regard to vacancies on the Mobile County Commission:
"Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant.   Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."

Act No. 85-237, Acts of Alabama 1985, at 137.

This Court has on several occasions upheld trial courts' rulings that a local act amending a local act is not unconstitutional.   In *Freeman v. Purvis,* 400 So.2d 389 (Ala.1981), the Court upheld a trial court ruling which found that:
"Act 80-797 passed in the 1980 regular session of the Legislature of Alabama, is a Local Act which amends a local act and is not unconstitutional."

400 So.2d at 390.   The Court then stated:
"Accordingly, the trial court was correct when it held that Act No. 797 was a local law which amended Act No. 710, a pre-existing local law."

400 So.2d at 392.

Local Act 85-237 is amendatory in nature, affecting the already-existing local legislation, which created the Mobile County Commission and provided for the filling of vacancies.

In *Peddycoart v. City of Birmingham,* 354 So.2d 808 (Ala.1978), we stated, regarding legislation passed before and after that decision:
"Henceforth when at its enactment legislation is local in its application it will be a local act and subject to all of the constitutional qualifications applicable to it.   With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases."

354 So.2d at 814.

The effect of this passage was to say that the new standard established in *Peddycoart* as to the constitutionality of local legislation would be applied only prospectively.  *Ex parte Bracewell,* 407 So.2d 845 (Ala.1979), *reversed on other grounds,* 457 U.S. 1114, 102 S.Ct. 2920, 73 L.Ed.2d 1325 (1982). Where, as here, we are looking at legislation enacted prior to *Peddycoart* but amended afterwards, this Court is required to apply the law as it stood before *Peddycoart.*   That law can be found in the case of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

534 So.2d 237
534 So.2d 237
**(Cite as: 534 So.2d 237)**

Page 4

_Johnson v. State ex rel. City of Birmingham,_ 245 Ala. 499, 17 So.2d 662 (1944):

> "Sec. 105 of the Constitution is not construed to inhibit local legislation on a subject not prohibited by the Constitution, merely because the local law is different, and works a partial repeal of a general law."

245 Ala. at 503, 17 So.2d at 664, citing _Talley v. Webster,_ 225 Ala. 384, 143 So. 555 (1932). This Court, in _Talley v. Webster,_ in determining whether a statute violated Section 105 of the Constitution, stated:

> "We need not review the numerous cases construing this section. Suffice it to say it does not inhibit the passage of local laws on subjects, not prohibited by <u>Section 104</u>, merely because such local law is different, and works a partial repeal of the general law of the state in the territory affected."

225 Ala. at 385, 143 So. at 555.

In the case of _Norris v. Seibels,_ 353 So.2d 1165 (Ala.1977), this Court reversed a judgment of the Alabama Court of Civil Appeals and held that a showing of specific legislative intent was necessary to effect any such repeal:

> **\*241** "This general statute cannot be repealed by implication found in the local statute unless the legislative intent to effect such a repeal is clearly manifested."

353 So.2d at 1167. This Court held that the language used in the questioned local statute contained no express repeal of the general statute. However, such is not the case here. Section 3 of Act 85-237, Acts of Alabama 1985, demonstrates a specific legislative intent by expressly repealing "[a]ll laws or parts of laws which are in conflict with this act."

Because I believe that Act 85-237, a local act, is amendatory in nature and therefore that the law to be applied is that existing prior to our decision in _Peddycoart,_ supra, I believe the trial court's judgment should be affirmed.

ADAMS, J., concurs.

534 So.2d 237

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

137

that the Board of Managers is authorized, in the case of Jessie James White, to waive compliance with the provision of law requiring all applications for extraordinary disability to be made within twelve (12) months after the accident resulting in such disability and requiring that such pensions be granted only within twelve (12) months after the accident resulting in such disability and the Board of Managers shall have the authority to award said extraordinary pension to Jessie James White if, in the sole judgment of the Board of Managers, such pension is required.

**Section 2.** This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved April 8, 1985

Time: 4:00 P.M.

---

Act No. 85-237                                      S. 262—Senator Figures

## AN ACT

Relating to Mobile County; prescribing procedure for filling certain vacancies on the county commission.

*Be It Enacted by the Legislature of Alabama:*

**Section 1.** Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term.

**Section 2.** The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

**Section 3.** All laws or parts of laws which conflict with this act are hereby repealed.

**Section 4.** This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved April 8, 1985

Time: 4:00 P.M.



PENGAD 800-631-6989

EXHIBIT

B-1

1

**Each Probate Judge, Sheriff, District Court Clerk, the Clerk and Register of the Circuit Court, County Commission Chairman and Municipal Clerk is required by law to preserve this slip or pamphlet in a book kept in his office until the Act is published in permanent form.**

# ALABAMA LAW

(Regular Session, 2004)

———

Act No. 2004-455                                S. 331 – Senator Holley

## AN ACT

To amend Section 11-3-6 of the Code of Alabama 1975, relating to county commissions, to authorize the Legislature by local law to provide for the manner of filling vacancies in the office of county commissioner.

*Be It Enacted by the Legislature of Alabama:*

**Section 1.**   Section 11-3-6 of the Code of Alabama 1975, is amended to read as follows:

"§11-3-6.

"Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed."

**Section 2.**   This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

Approved May 14, 2004

Time: 11:15 A.M.

I hereby certify that the foregoing copy of an Act of the Legislature of Alabama has been compared with the enrolled Act and it is a true and correct copy thereof.

Given under my hand this 18th day of May, 2004.

McDOWELL LEE
Secretary of Senate


EXHIBIT
B.2

Westlaw.

Page 1

Ala.Code 1975 § 11-3-6

**C**

Code of Alabama Currentness
  Title 11. Counties and Municipal Corporations. (Refs & Annos)
    Subtitle 1. Provisions Applicable to Counties Only. (Refs & Annos)
      ◀ Chapter 3. County Commission. (Refs & Annos)
        ◀ Article 1. General Provisions. (Refs & Annos)

→ **§ 11-3-6. Vacancies.**

Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the Governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed.

(Code 1852, § 698; Code 1867, § 826; Code 1876, § 740; Code 1886, § 820; Code 1896, § 952; Code 1907, § 3307; Code 1923, § 6749; Code 1940, T. 12, § 6; Act 2004-455, p. 809, § 1.)

HISTORY

Amendment notes:

**The 2004 amendment,** effective May 14, 2004, substituted "Unless a local law authorizes a special election, in" for "In", and inserted "or she".

LIBRARY REFERENCES

  20 C.J.S. Counties, § 75.

CASENOTES

  1. Local law governing filling vacancies on county commissions held unconstitutional

**Local law governing filling vacancies on county commissions held unconstitutional.** As this section is a statewide statute governing the general subject of filling vacancies on county commissions, and Act No. 85-237 was a local law on same subject as this section, Act No. 85-237 would be held unconstitutional under Ala. Const., Art. IV, § 105. Stokes v. Noonan, 534 So.2d 237 (Ala.1988).

  2. Miscellaneous

**Statute that required Governor to fill vacancy on county commission,** unless local law authorized special election, applied prospectively, not retroactively, and therefore did not revive unconstitutional local act requiring vacancy in Mobile County Commission to be filled by special election; plain language provided for prospective application, and preamble stated intent to authorize Legislature by local law to provide for the manner of filling vacancies in the office of the county commission. Riley v. Kennedy, 2005 WL 2995136 (Ala.2005). Counties⟜ 39

Ala. Code 1975 § 11-3-6, **AL ST § 11-3-6**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
**B-3**

Page 2

Ala.Code 1975 § 11-3-6

Current through End of 2006 Regular Session.

Copr © 2006 by State of Alabama. All rights reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.