

**U.S. Department of Justice**

Civil Rights Division

---

*Office of the Assistant Attorney General*                    *Washington, D.C. 20530*

JAN - 8 2007

Mr. Troy King
Attorney General

Mr. John J. Park, Jr.
Assistant Attorney General
State of Alabama
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

Dear Messrs. King and Park:

This letter refers to the change in method of selection for filling vacancies on the Mobile County Commission from special election to gubernatorial appointment in Mobile County, Alabama, pursuant to decisions of the Alabama Supreme Court in *Stokes v. Noonan*, 534 So. 2d 237 (Ala. 1988), and *Riley v. Kennedy*, 928 So. 2d 1013 (Ala. 2005), submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, as amended. This matter arises from an order entered on August 18, 2006, by a three-judge panel in *Kennedy v. Riley*, 445 F. Supp. 2d 1333 (M.D. Ala. 2006), ruling that the State of Alabama submit the two decisions for preclearance under Section 5. We received your submission on November 9, 2006.

We have carefully considered the information you have provided, as well as census data, comments, and information from other interested parties. Under Section 5, the Attorney General must determine whether the submitting authority has met its burden of showing that the proposed change "neither has the purpose nor will have the effect" of denying or abridging the right to vote on account of race. *Georgia v. United States*, 411 U.S. 526 (1973). *See also* Procedures for the Administration of Section 5 of the Voting Rights Act, 28 C.F.R. § 51.52. "A change affecting voting is considered to have a discriminatory effect under Section 5 if it will lead to a retrogression in the position of members of a racial or language minority group (*i.e.*, will make members of such a group worse off than they had been before the change) with respect to their opportunity to exercise the electoral franchise effectively." 28 C.F.R. § 51.54(a) (citing *Beer v. United States*, 425 U.S. 130, 140-42 (1976)).

Pursuant to Act No. 85-237, a vacancy on the Mobile County Commission is to be filled through popular election by the voters within the relevant single-member district. That statute was precleared by the Attorney General under Section 5 on June 17, 1985 (File No. 1985-1645),

-2-

and was first implemented in a 1987 District 1 special election. Pursuant to decision of the Alabama Supreme Court in *Stokes v. Noonan*, that method of filling vacancies was changed from election by the voters of the district to appointment by the Governor of Alabama in 1988, and reaffirmed by *Riley v. Kennedy* in 2005.

Pursuant to the decision of the three-judge federal panel in *Kennedy v. Riley*, the State has submitted the changes effected by *Stokes v. Noonan* and *Riley v. Kennedy* for review under Section 5 of the Voting Rights Act. Additionally, we understand that Alabama law has changed, legislatively reversing the decision in these cases and restoring the authority to fill vacancies to the voters themselves for future elections. This is the effect of Act No. 2006-342, which was signed by the Governor on April 12, 2006, and which would govern all future vacancies. The question before us, therefore, is limited to whether the change effected by *Stokes v. Noonan* and *Riley v. Kennedy* will lead to impermissible retrogression, caused by the appointment, rather than election, of an individual to fill a vacancy on the Mobile County Commission for a term expiring in 2008.

In evaluating whether a change affecting voting will lead to impermissible retrogression, the Attorney General compares the submitted change to the practice or procedure in effect at the time of the submission. 28 C.F.R. § 51.54(a). In light of your submission, we note that a change brought about by a state court decision is subject to Section 5. *Branch v. Smith*, 538 U.S. 254, 262 (2003). A practice or procedure that is not legally enforceable under Section 5 cannot serve as a benchmark; the comparison is with the last legally enforceable practice or procedure used by the jurisdiction. *Id.* Changes that are not precleared are not enforceable. 42 U.S.C. § 1973c; *Hathorn v. Lovorn*, 457 U.S. 255, 269 (1982); *Clark v. Roemer*, 500 U.S. 646, 652 (1991). Because the changes pursuant to *Stokes* and *Riley* were never precleared, they cannot serve as the benchmark. *See Kennedy*, 445 F. Supp. 2d at 1336, (citing *Abrams v. Johnson*, 521 U.S. 74, 96-97 (1997)); *Gresham v. Harris*, 695 F.Supp. 1179, 1183 (N.D. Ga. 1988) (three-judge court), *aff'd sub nom. Poole v. Gresham*, 495 U.S. 954 (1990). The benchmark is determined without regard to its legality under state law. *Kennedy*, 445 F. Supp. 2d at 1336 (citing *City of Lockhart v. United States*, 460 U.S. 125, 132-133 (1983)); *Perkins v. Matthews*, 400 U.S. 379, 394-95 (1971).

Thus, the last precleared procedure for filling vacancies in the Mobile County Commission that was in force or effect was the special election method set forth in Act No. 85-237. *Kennedy*, 445 F. Supp. 2d at 1336. This Act remains in full force and effect, as it affects voting, was precleared, and was implemented in the 1987 special election cycle. *See Young v. Fordice*, 520 U.S. 273, 282-83 (1997); *Lockhart*, 460 U.S. at 132-33. It is therefore the benchmark against which we measure the proposed change to fill vacancies by appointment of the Governor of Alabama.

The measurement is straightforward. As a result of litigation under the Voting Rights Act, Mobile County is governed by the three-member Mobile County Commission, the members of which are elected from single-member districts. *Brown v. Moore*, Civ. Act. No. 75-298-P

-3-

(S.D. Ala. 1976) (unpublished opinion). One of the single-member districts, District 1, is over sixty-three percent African-American in population and registered voters. The African-American voters of District 1 enjoy the opportunity to elect minority candidates of their choice to the County Commission; indeed, they enjoyed it in the 1987 special election in which Act 85-237 was first implemented. There is no dispute that the change would transfer this electoral power to a state official elected by a statewide constituency whose racial make-up and electoral choices regularly differ from those of the voters of District 1. Attorneys General have on at least ten occasions previously interposed objections to changes in method of selection from election to appointment in Alabama and elsewhere. For instance, in 1971, the Attorney General objected to Act No. 2445 of the Alabama Legislature, which changed the method of selection of judges of Justice of the Peace Courts in Alabama from election to appointment. Letter of David L. Norman, Assistant Attorney General, Civil Rights Division, to Hon. William J. Baxley, Attorney General, State of Alabama, Dec. 26, 1973.

The transfer of electoral power effected by *Stokes v. Noonan* and *Riley v. Kennedy* appears to diminish the opportunity of minority voters to elect a representative of their choice to the Mobile County Commission. We have received no indication that the voters of District 1 would have selected the particular individual selected by the Governor. Under these circumstances, the State has failed to carry its burden of proof that the change is not retrogressive. On behalf of the Attorney General, therefore, I must interpose an objection to the change in method of selection for vacancies occurring on the Mobile County Commission from special election to gubernatorial appointment.

We note that under Section 5, you have the right to seek a declaratory judgment from the United States District Court for the District of Columbia that the proposed change neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group. *See* 28 C.F.R. § 51.44. In addition, you may request that the Attorney General reconsider the objection. *See* 28 C.F.R. § 51.45. However, until the objection is withdrawn or a judgment from the United States District Court for the District of Columbia is obtained, the method of selection for vacancies on the Mobile County Commission by gubernatorial appointment will continue to be legally unenforceable as a matter of federal law. *Clark v. Roemer*, 500 U.S. 646 (1991); 28 C.F.R. § 51.10.

We also have been advised, as suggested above, that the State has, in essence, re-enacted the provisions of Act No. 85-237 in Act No. 2006-342, which similarly provides that future vacancies on the Mobile County Commission will be filled by special election. To the extent that Act No. 2006-342 does not change the voting practices and procedures set forth in Act No. 85-237, it need not be submitted for Section 5 review. We respectfully request your advice as to whether changes covered by Section 5 are contained in the 2006 law. In the meantime, special elections may be held pursuant to Act No. 85-237.

To enable us to meet our responsibility to enforce the Voting Rights Act, please inform us of the action the State of Alabama plans to take concerning this matter. If you have any

-4-

questions, please call Robert Lowell (202-514-3539), an attorney in the Voting Section. Because this matter has been the subject of pending litigation in *Kennedy v. Riley*, we are serving copies of this letter by facsimile transmission to the Court and counsel of record.

Sincerely,

Wan J. Kim
Assistant Attorney General