IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES ) <br> BUSKEY & WILLIAM CLARK, ) <br>  ) <br>     Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> HONORABLE BOB RILEY, ) <br> as Governor of the State of Alabama ) <br>  ) <br>     Defendant. ) | CIVIL ACTION <br> NO. 2:05 CV 1100-T |

**RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR FURTHER RELIEF**

Following the decision by the United States Department of Justice ("USDOJ") to interpose an objection, *i.e.,* refuse to preclear, the decisions of the Supreme Court of Alabama in Riley v. Kennedy, 928 So. 2d 1013 (Ala. 2005), and Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988), see (No. 35, Exhibit A), the Plaintiffs have filed a Motion for Further Relief, (No. 35). In response to the Plaintiffs' Motion, Bob Riley, in his official capacity as Governor of Alabama, defendant in this action, states:

    1.    Governor Riley maintains his position that preclearance cannot make an invalid State law valid, and, accordingly, that preclearance should not be required and Plaintiffs are entitled to no relief. Governor Riley further maintains his position that serious constitutional concerns are raised by the requirement that the State of Alabama seek preclearance of the decisions in Riley v. Kennedy and Stokes v. Noonan and by the prospect of granting the Plaintiffs relief in the event that preclearance cannot be achieved. *See* Trial Brief of Governor Riley (No. 16); Supplemental Brief of Governor Riley (No. 21); Preclearance Submission (attached as Exhibit A to No. 30).

2. As USDOJ's letter states, the State of Alabama is entitled to ask for reconsideration. See 28 C.F.R. § 51.45(a) ("The submitting authority may at any time request the Attorney General to reconsider an objection."). The State is in the process of drafting a request for reconsideration now. Governor Riley will keep this Court advised of the steps taken by the State to achieve administrative preclearance from the Department of Justice. Governor Riley respectfully requests that this Court refrain from taking any action as to remedy until the USDOJ has responded to the State's request for reconsideration.

3. As USDOJ's letter states, the State of Alabama is entitled to seek judicial preclearance from the United States District Court for the District of Columbia. See 42 U.S.C. § 1973c. If favorable reconsideration is not forthcoming from the Department of Justice, then the State may pursue judicial preclearance. Governor Riley will keep this Court advised of any steps taken by the State in this regard, and, if the State proceeds to seek judicial preclearance, it may be appropriate to refrain from taking action with respect to remedy.

4. For the reasons stated above, consideration of a remedy is both inappropriate and premature at this time. In the event, however, that this Court intends to move to the remedy stage of these proceedings, Governor Riley asks that a briefing schedule be set. The issue of remedy in this case is a thorny one, and the Plaintiffs' terse motion for relief should not be permitted to mask that reality. The Plaintiffs should be required to demonstrate that they are entitled to the invasive remedy they seek, and the Governor should then be permitted to rebut the Plaintiffs' contentions and to further explain the constitutional concerns at issue.

5.   Preliminarily, Governor Riley notes that, to the extent that the Plaintiffs ask this Court to declare and require State officials to follow what they deem to be State law, the relief is inconsistent with the holding in Pennhurst II. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 121, 104 S. Ct. 900, 919 (1984) ("We conclude[] . . . that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."). Also, given that no valid State law provides authority for a special election, it is unclear how a successor can be "qualified in accord with State law."[1] Finally, Plaintiffs also ask that this Court enter an injunction directed at a non-party, the Probate Judge of Mobile County.

6.   In summary, the question of remedy is premature until it is finally resolved whether Riley v. Kennedy and Stokes v. Noonan will be precleared, whether it be by the Department of Justice or the United States District Court for the District of Columbia. If the question of remedy is reached, then the Plaintiffs should be required to affirmatively demonstrate that they are entitled to the invasive remedy they seek, and the Governor should have the opportunity to respond. Neither the Plaintiffs' current motion for relief nor any prior argument filed in this Court supports any judgment for the relief Plaintiffs now seek.

---

[1]   Act No. 2006-342 is of no assistance. That law is a response to the Alabama Supreme Court's decision in Riley v. Kennedy, 928 So. 2d 1013 (Ala. 2005), and, like all laws which do not specifically state to the contrary, is to be applied prospectively. Any vacancy in the seat formerly held by the Honorable Sam Jones arose before Act No. 2006-342 was enacted into law. Furthermore, as with any other law affecting voting, the Act would need to be precleared to be effective. USDOJ's suggestion to the contrary, hedged as it is, is of little comfort in light of the consequences of being found to be incorrect, as the State has learned. For these reasons, Act No. 2006-342 cannot serve as a basis for conducting a special election.

Respectfully submitted,

**TROY KING (KIN047)**
**ATTORNEY GENERAL**
**BY:**

**s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number: (PAR041)

**Assistant Attorney General**

Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.
Gardner, Middlebrooks, Gibbons,
 Kittrell, Olsen, Walker & Hill
Post Office Box 3103
Mobile, AL 36652

Edward Still
2112 11th Avenue South, Suite 201
Birmingham, AL 35205


**s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number:  (PAR041)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us