IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK,<br><br>     Plaintiffs,<br><br>vs.<br><br>HONORABLE BOB RILEY,<br>as Governor of the State of Alabama<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 2:05 CV 1100-T<br>)<br>)<br>)<br>) |

### RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR FURTHER RELIEF

Bob Riley, in his official capacity as Governor of Alabama, defendant in this action, submits this Response to the Kennedy Plaintiffs' Renewed Motion for Further Relief (No. 44). For the reasons stated below, this Court should revisit its previous decision and, if it declines to do so, do no more than nullify Governor Riley's appointment of Juan Chastang:

1. In their Motion, Plaintiffs ask this Court to order a special election for the seat on the Mobile County Commission at issue or, in the alternative, to declare the seat vacant, add the local probate judge as a defendant, and direct him to conduct a special election.

2. To the extent that the Plaintiffs seek to have this Court order a State official to conduct a special election, they ask for relief that is barred by the Eleventh Amendment to the United States Constitution. In Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984), the United States Supreme Court held that the Eleventh Amendment prohibits federal courts from directing State officials to follow

State law. Id., 465 U.S. at 106, 104 S. Ct. at 911. Notwithstanding the fact that this case arises under Section 5 of the Voting Rights Act, State law is at issue. More specifically, it is State law, not federal law, that governs the filling of vacancies on the Mobile County Commission.

3. At most, Section 5 precludes a covered jurisdiction from enforcing a change that has not been precleared. In this instance, the action that is allegedly unlawful is the appointment of Juan Chastang by Governor Riley. Section 5 allows for that action to be undone and no more.

4. Before this Court directs that Chastang's appointment be undone, it should revisit its conclusion that preclearance of Stokes v. Noonan and Riley v. Kennedy is required. At the hearing, it appeared that the panel did not believe that it was dictating to USDOJ whether or not to preclear those two decisions. Rather, it was simply directing the State to seek preclearance. USDOJ, however, interpreted this Court's decision to require it to object to their enforcement even though those decisions are based on race-neutral, generally applicable principles of law. The State Legislature's passage of a local law that can cure the Plaintiffs' complaint prospectively making Chastang's appointment a one-time event aggravates the effect of USDOJ's action.[1]

5. As Governor Riley has explained, this Court's decision also throws a wrench into the State's efforts to comply with its obligations under the Voting Rights Act. In the ordinary course of the State's business, legislative enactments are submitted and precleared before a legal challenge to their validity is final. The State has no wish to deprive litigants of their day in court or to render the Alabama Supreme Court a nullity.

---

[1] That local law cannot be submitted for preclearance while this action is pending. Its authorization of a special election to fill a vacancy on the Mobile County Commission is unclear due to an ambiguity as to when this vacancy will arise.

2

But, if preclearance means that a statute, even one subject to a cloud before it is enforced, like Act No. 85-237, is immune from challenge without another round of preclearance, the State's following of its standard practices will result in the infringement of the legitimate prerogatives of its citizens and its courts. This is true without regard to whether a litigant ultimately prevails. Indeed, as the two decisions at issue show, the result in the trial court does not control the result on appeal. Waiting to submit new enactments for challenges to be vetted, on the other hand, does not honor the will of the State's Legislature.

      6. As Governor Riley warned in his Trial Brief (No. 16), the proceedings in this case have resulted in an unconstitutional commandeering of the State's legislative and judicial processes. USDOJ is telling the State of Alabama what its law is, and is thereby purporting to validate an invalid law and revive something that cannot be revived. The United States Supreme Court has held that "Congress may not simply 'commandee[r] the legislative processes of the States by directly compelling them to enact and enforce a federal regulatory program.'" New York v. United States, 505 U.S. 144, 161, 112 S. Ct. 2408, 2420 (1992) (quoting Hodel v. Virginia Surface Mining & Reclamation Assn., Inc., 452 U.S. 264, 288, 101 S. Ct. 2352, 2366 (1981)); see also United States v. Printz, 521 U.S 898, 117 S. Ct. 2365 (1997); Coyle v. Smith, 221 U.S. 559, 31 S. Ct. 688 (1911). In Coyle, the Court held that the Tenth Amendment barred Congress from conditioning Oklahoma's statehood on the specified siting of the state capital. If Congress cannot tell a State what its state capital shall be, neither it nor USDOJ can tell a State what its law is. Likewise, neither Congress nor USDOJ can commandeer State officials and compel them to conduct a special election.

3

7. Governor Riley states further that he contemplates filing suit in the United States District Court for the District of Columbia to seek judicial preclearance.

>Respectfully submitted,
>
>**TROY KING (KIN047)**
>**ATTORNEY GENERAL**
>**BY:**
>
>s/ John J. Park, Jr.
>John J. Park, Jr. Bar Number:  (PAR041)
>Assistant Attorney General
>Office of the Attorney General
>11 S. Union Street
>Montgomery, AL  36130-0152
>Telephone:  (334) 242-7300
>Fax:  (334) 353-8440
>E-mail:  jpark@ago.state.al.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.
Gardner, Middlebrooks, Gibbons,
 Kittrell, Olsen, Walker & Hill
Post Office Box 3103
Mobile, AL 36652

Edward Still
2112 11th Avenue South, Suite 201
Birmingham, AL 35205

>s/ John J. Park, Jr.
>John J. Park, Jr. Bar Number:  (PAR041)
>Assistant Attorney General
>Office of the Attorney General
>11 S. Union Street
>Montgomery, AL  36130-0152
>Telephone:  (334) 242-7300
>Fax:  (334) 353-8440
>E-mail:  jpark@ago.state.al.us