IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>HONORABLE BOB RILEY, )<br>as Governor of the State of Alabama )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO. 2:05 CV 1100-T |

### EMERGENCY MOTION FOR STAY PENDING APPEAL

Pursuant to Federal Rule of Civil Procedure 62, Bob Riley, in his official capacity as Governor of Alabama, defendant in this action, moves this Court to stay its Order of May 1, 2007 (No. 48) pending appeal. As grounds for this Motion, Governor Riley states:

1. In its Order, this Court vacated Juan Chastang's appointment to a seat on the Mobile County Commission, but did not order State officials to conduct a special election. This Court also declined Governor Riley's suggestion that the underlying order, which required preclearance of certain decisions of the Alabama Supreme Court, be revisited because of its grave constitutional implications.

2. Assuming, without conceding, that there is any State law authority for a special election, Governor Riley states that, in the State court proceedings in <u>Kennedy v. Riley</u>, he advised the Supreme Court of Alabama and the Circuit Court of Montgomery County that the estimated cost of a special election, including a primary, runoff, and special election, the related postcard mailing expenses, publication notices, and absentee

office and election worker expenses was some $189,000. There is no reason to believe that estimate is not correct. Once spent, that money cannot be recovered. Before that much money is spent, and Chastang is ousted from the position to which he was appointed in accordance with State law, as construed by the highest court of the State, the propriety of that relief should be clear.

      3. As Governor Riley has stated, he contemplates filing suit in the United States District Court for the District Court to seek, among other things, judicial preclearance. The United States is allowed 60 days after service of a complaint to respond, and the duration of that litigation cannot be estimated with any certainty.

      4. Governor Riley also plans to appeal from this Court's remedy order, an order that represents the conclusion of the core proceedings in this case. Governor Riley believes that, between his appeal to the United States Supreme Court and the lawsuit seeking judicial preclearance, there is a reasonable likelihood of success with respect to the State's contentions that: (1) there is no change requiring preclearance; (2) application of Section 5 to this state of facts is unconstitutional; and, (3) if preclearance is required, it should be granted.

      5. As Governor Riley has contended, preclearance under Section 5 simply renders valid State laws enforceable. Preclearance does not, and cannot constitutionally, make flawed laws valid under State law. If Governor Riley is correct, no valid, enforceable State law authorizes a special election to fill a vacancy in the Mobile County Commission.

6. Alternatively, even if there is a valid, enforceable State law that authorizes a special election, any vacancy created by this Court's ruling will last for some 60-90 days after the election machinery starts.

7. Nature abhors a vacuum, and the law abhors a vacancy. This Court should stay its order, either to allow the completion of the judicial preclearance and appellate processes, or at least for the time until the special election process is complete. Even a limited stay would reduce the time during which the residents of District 1 would otherwise go unrepresented.

Respectfully submitted,

**TROY KING (KIN047)**
**ATTORNEY GENERAL**
**BY:**

**s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number: (PAR041)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8440
E-mail: jpark@ago.state.al.us

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 2nd day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.
Gardner, Middlebrooks, Gibbons,
 Kittrell, Olsen, Walker & Hill
Post Office Box 3103
Mobile, AL 36652

Edward Still
2112 11th Avenue South, Suite 201
Birmingham, AL 35205

      **s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number: (PAR041)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us