IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK,<br><br>    Plaintiffs,<br><br>    v.<br><br>HONORABLE BOB RILEY, as Governor of the State of Alabama,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION NO.<br>)     2:05cv1100-MHT<br>)         (WO)<br>)<br>)<br>)<br>)<br>) |

Before Stanley Marcus, Circuit Judge, Myron H. Thompson, District Judge, and W. Harold Albritton, Senior District Judge.

OPINION AND ORDER

This matter is before this three-judge court again, this time on defendant Bob Riley's motion that we stay our order entered May 1, 2007, vacating the appointment of Juan Chastang to the Mobile County Commission. We conclude that the motion should be denied.

The events giving rise to the motion are, briefly stated, as follows. On August 18, 2006, we held, pursuant to § 5 of the Voting Rights Act of 1965, as

amended, 42 U.S.C. § 1973c, that two Alabama Supreme Court decisions, <u>Stokes v. Noonan</u>, 534 So.2d 237 (Ala. 1988), and <u>Riley v. Kennedy</u>, 928 So.2d 1013 (Ala. 2005), must be precleared before they can be implemented. <u>Kennedy v. Riley</u>, 445 F.Supp.2d 1333, 1337 (M.D. Ala. 2006).  On January 8, 2007, the United States Department of Justice refused to preclear these two state-court decisions, and, on March 12, 2007, refused to reconsider its decision.  On May 1, 2007, because the appointment of Juan Chastang to the Mobile County Commission was pursuant to these unprecleared state-court decisions, we vacated the appointment as unlawful under federal law.

The defendant asks that we stay our May 1 order pending his appeal of that order to the United States Supreme Court and pending the State's seeking judicial approval of the two state-court decisions in the United States District Court for the District of Columbia. Alternatively, he asks that we stay the May 1 order

pending the holding of a special election for the seat held by Chastang.

A court should consider the following factors in determining whether to grant a stay pending resolution of an appeal: (1) whether the applicant has made a strong showing that he is likely to prevail; (2) whether the applicant will be irreparably injured if a stay is not granted; (3) whether granting the stay will substantially injure the other parties in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). These factors apply to the defendant's motion here.

Strong Showing of Likelihood to Prevail: First, we believe, for the reasons given in our August 18 opinion, Kennedy v. Riley, 445 F.Supp.2d 1333 (M.D. Ala. 2006), that there is not a strong likelihood that the defendant will prevail on appeal to the United States Supreme Court. Second, the defendant has presented no evidence whatsoever from which we can determine whether there is

a likelihood (let alone a strong one) that the State will prevail on the merits in the United States District Court for the District of Columbia.  Finally, while the defendant asks for a stay pending the holding of a special election, the State has not committed to holding such an election; indeed, the defendant maintains that conducting such an election would be illegal under state law.

<u>Irreparable Injury to Applicant</u>: The defendant argues that the State will be irreparably harmed absent a stay. Not only has the defendant failed to explain why he did not appeal the August 18 judgment (which he admits would be essentially the basis for his appeal), he has still (as far as we can tell) yet to pursue appeal of the May 1 order.  Also, as far as we can tell, the State has failed to initiate a lawsuit in the United States District Court for the District of Columbia, despite the fact that the Justice Department refused to preclear the two state-court decisions on January 8, 2007, and refused

to reconsider its decision on March 12, 2007. This unexplained delay strongly counsels against any finding that the defendant or the State will suffer irreparable harm unless a stay is granted pending the pursuit of these two legal avenues.

The defendant also complains that it will cost $ 189,000 to conduct a special election and that, during that time, the district which Chastang represented would be unrepresented. Again, the State has not committed to conducting a special election, and, in any event, the cost of conducting a special election does not outweigh the plaintiffs' interest in having their rights under the Voting Rights Act vindicated. In addition, the defendant has not shown that adequate redress for the vacancy created by the May 1 order cannot be found in state law that does not violate federal law.

<u>Substantial Injury to Other Parties</u>: It appears that the position which Chastang held on the Mobile County Commission will be up for regular election sometime in

2008.  Unless a special election is held before too long, the plaintiffs here will have been effectively denied all relief despite the fact that their rights under the Voting Rights Act were violated.

**Public Interest**: Because, in addition to the reasons given above, the Voting Rights Act is intended to protect the right to vote and because that right is a "fundamental political right" in that it is "preservative of all rights," <u>Yick Wo v. Hopkins</u>, 118 U.S. 356, 370 (1886), we believe that the public interest is best served by denying the defendant's motion for a stay.

Accordingly, it is ORDERED that defendant Bob Riley's motion for a stay (Doc. No. 49) is denied.

Done, this the 17th day of May, 2007.

      /s/ Stanley Marcus
     UNITED STATES CIRCUIT JUDGE

      /s/ Myron H. Thompson
     UNITED STATES DISTRICT JUDGE

      /s/ W. Harold Albritton
     SENIOR UNITED STATES DISTRICT JUDGE