**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **YVONNE KENNEDY, JAMES** | * | |
| **BUSKEY and WILLIAM CLARK,** | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CV 2:05 CV 1100.MHT** |
| | * | |
| **HONORABLE BOB RILEY, as** | * | |
| **Governor of the State of Alabama,** | * | |
| **Defendant.** | * | |
| | * | |

## MOTION TO INTERVENE

COMES NOW, Don Davis, as Probate Judge of Mobile County, Alabama (hereinafter "Probate Judge"), and pursuant to *Fed. R. Civ. P.* 24 moves to intervene in this action for the limited purpose of having this Court declare the duties and obligations of the Probate Judge in conducting the special election to fill the vacancy on the Mobile County Commission created by this Court's order vacating the appointment of Juan Chastang to said County Commission. In support of this motion, the Probate Judge would show unto the Court as follows:

1.     The Probate Judge of Mobile County, Alabama is the chief election official for the County and has the duty to oversee the conduct and administration of the elections. §17-1-3, *Ala. Code* (Supp. 2006)(formerly §17-1-8, *Ala. Code (1975)).*

2.     Pursuant to this Court's Order of May 1, 2007, Governor Riley's appointment of Juan Chastang to the Mobile County Commission was unlawful under federal law. As a result, this Court vacated the appointment and created a vacancy on the Mobile County Commission for District One (1).

3.      Plaintiffs are registered voters in Mobile County, Alabama and residents of Mobile County Commission District One (1). The Plaintiffs and their District do not currently have a representative on the Mobile County Commission as a result of the vacancy created by this Court's Order of May 1, 2007.

4.      In 1985, the Alabama Legislature enacted Alabama Act No. 85-237, which provided, in part, that whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy. *See Ala. Act No. 85-237*. Alabama Act No. 85-237 was declared unconstitutional by the Supreme Court of Alabama's decision in *Stokes v. Noonan*, 534 So.2d 237 (Ala. 1988). As Act 85-237 has been declared unconstitutional by the Supreme Court of Alabama, the Probate Judge cannot proceed under the authority granted in Act 85-237 pursuant to state law.

5.      This Court has ruled that the Governor's power to fill a vacancy on the Mobile County Commission by use of his appointment power pursuant to §11-3-6 *Ala. Code* (Supp 2004) violated federal law as the change in procedure from Act 85-237 to that provided in §11-3-6 and the Supreme Court of Alabama cases of *Stokes v. Noonan* and *Riley v. Kennedy*, No. 1050087, __ So. 2d __ (Ala. Nov. 9, 2005), was not precleared under Section 5 of the Voting Rights Act of 1965. As a result, the vacancy on the Mobile County Commission cannot be filled by gubernatorial appointment under federal law.

6.      In 2006, the Alabama Legislature passed Alabama Act No. 2006-342 which sought to re-enact the language of Act No. 85-237, and provided, in part, that whenever a vacancy occurs in any seat on the Mobile County Commission with twelve

months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy, with such election to be held no sooner than 60 days and no later than 90 days after such seat has become vacant. *See Ala. Act No. 06-342.* Alabama Act No. 06-342 has not been submitted for preclearance. The Probate Judge has serious concerns as to the likelihood that Act No. 06-342 will receive preclearance by the United States Department of Justice as the Act, as currently enacted,  fails to provide adequate time for the processing of ballots cast by United States Military Personnel serving outside Alabama, especially those active duty personnel serving overseas. Many of the provisions enabling active duty military to vote via absentee ballots and military ballots were enacted as part of the Help America Vote Act of 2002 (HAVA) and Alabama's state plan under HAVA,  and therefore did not exist when Act 85-237 was precleared. As Act 06-342 has not been precleared, proceeding under the authority granted by that Act would violate federal law for the same reason that this Court declared the Governor's appointment of Juan Chastang unlawful under federal law.

7.     The Alabama Legislature revised, recast and reordered Title 17 of the Code of Alabama (the Alabama Election Code, §§17-1-1 *et seq.*(Supp 2006)) pursuant to Alabama Act 2006-570. Act 2006-570 has not been precleared under Section 5 of the Voting Rights Act of 1965. The prior Alabama Election Code was also repealed by Act 2006-570. As a result, a significant issue exists as to which version of the Alabama Election Code would govern the administration of a special election.

8.     The Plaintiffs have requested a special election be conducted to fill the vacancy in the District One (1) seat. As no valid legal authority exists to conduct such an

election, the Probate Judge seeks to intervene in this matter and have this Court declare

the obligations and duties of the Probate Judge and authorize the conduct of a special

election to fill the vacancy in the Mobile County Commission District One (1) seat. The

Probate Judge seeks this declaration so that a special election may be held to provide

representation to the citizens of Mobile County Commission District One and to avoid

the likelihood that said special election would be challenged and rendered void if

conducted  under (1) an unconstitutional  state law (Act 85-237) or  (2) a state law which

is in violation of federal law (Act 06-342). As conducting a special election necessitates

the expenditure of significant taxpayer funds, the Probate Judge seeks this Court's

authority to conduct said election without risk that said funds would be expended on an

unauthorized and unlawful election.

WHEREFORE, the Probate Judge moves to intervene in this action for the limited

purpose of  having this Court declare as follows:

a)      That a special election to fill the vacancy on the Mobile County

Commission be held;

b)      That the Probate Judge administer said special election;

c)      That the special election be administered according to the

provisions of the Alabama Election Code as it existed prior to the enactment of Act 2006-

570 as that version was the last to be precleared under Section 5 of the Voting Rights

Act;

d)      That the timetable for the special election be as follows;

i.      45 days from the date of this Court's Order  (lead in time)
for the candidates to qualify with the parties , for the parties
to certify candidates to the Probate Judge, and for
independent candidates, if any, to obtain necessary

signatures and file same with the Probate Judge by date of primary.

ii.     45 days thereafter (1st primary) within said time, Probate Court to have absentee ballots prepared, including overseas military ballots,  mailed out and returned by election day, and to prepare other election  materials, issue public notices, and appoint and train poll workers for 1st primary, providing, however that said  time may be adjusted to ensure said primary occurs on a Tuesday.

iii.    42 days thereafter (2nd primary – run-off) within said time, complete provisional balloting from 1st primary, receive certification for run-off candidates, prepare absentee ballots, mail and receive said ballots, and prepare other election materials for run-off, providing, however, that if no primary run-off is necessary, the time for holding the general election will be advanced accordingly.

iv.     42 days thereafter (general election) within said time, complete provisional balloting from run-off primary if necessary),receive certification for general election candidates, prepare, send out and receive absentee ballots, and prepare other election materials for general election.

v.      One (1) week thereafter, complete provisional balloting for general election and issue canvass results and certificate of election.

Respectfully submitted,

s/J. MICHAEL DRUHAN, JR

J. MICHAEL DRUHAN, JR. (DRUHJ2816)
Attorney for Intervenor
Don Davis, Judge of Probate

OF COUNSEL
JOHNSTON DRUHAN, LLP
Post Office Box 154
Mobile, Alabama 36601
(251) 432-0738
(251) 432-4874 – facsimile

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 17TH of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
Gardner, Middlebrooks
Post Office Box 3103
Mobile, AL 36652

Edward Still, Esq.
2112 11th Avenue South, Suite 201
Birmingham, AL 35205

John J. Park, Jr., Esq.
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130

s/J.MICHAEL DRUHAN, JR.