IN THE CIRCUIT COURT MOBILE COUNTY, ALABAMA

YVONNE KENNEDY, JAMES  
BUSKEY & WILLIAM CLARK,

    Plaintiffs,

vs.

HONORABLE DON DAVIS, as  
Probate Judge of Mobile County,  
Alabama,

    Defendant.

CIVIL ACTION

NO._____

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND FOR WRIT OF MANDAMUS

1. This is a petition for a writ of mandamus pursuant to Code of Alabama, 6-6-640, for a declaratory judgment pursuant to Code of Alabama, § 6-6-204, et seq. and for injunctive relief based thereon.

### PLAINTIFFS

2. Plaintiffs Yvonne Kennedy, James Buskey and William Clark are each registered voters in Mobile County, Alabama and are residents of County Commission District 1.

### DEFENDANTS

3. Honorable Don Davis is the Probate Judge of Mobile County and is charged by law with the responsibility of making provision for and conducting a special election to fill a vacancy on the Mobile County Commission when a vacancy occurs with twelve (12) or more months remaining on the term of office of a commissioner who vacates the office. Acts of Alabama, 2006, Act No. 2006-342. (Exhibit A)

4. On October 3, 2005, Honorable Sam Jones, vacated the office of County Commissioner of District 1 of the Mobile County Commission, in order to assume the office of Mayor of the City of Mobile.

5. Governor Bob Riley, purporting to act under authority of Code of Alabama, § 11-3-6, appointed an individual to the vacancy in Commission District 1. The appointment was declared unlawful on May 1, 2007 by the U.S. District Court for the Middle District of Alabama in case number CV 2:05 CV 1100.MHT. A copy of the Order declaring such is attached hereto as Exhibit B.

6. Because of the action of the U.S. District Court, there is now again a vacancy in County Commission District 1 which must be filled according to the law.

7. On April 12, 2006, Governor Riley signed into law Act No. 2006-342, a copy of which is attached hereto as Exhibit B. Act No. 2006-342, in essence, requires that the defendant, Probate Judge Davis "immediately" make provision for a special election to fill the vacancy. Judge Davis has expressed doubt as to his responsibilities concerning this matter.

8. Plaintiffs aver that Act No. 2006-342 requires that a special election be held to fill the vacancy and, if a special election is not held, they and other similarly situated registered voters of the County of Mobile will be disenfranchised and denied the opportunity to vote for a candidate of their choice to fill the vacancy mentioned.

9. The premises considered, there exists a bona fide divergence of opinion between the plaintiffs and the defendant and for that reason, there is a justiciable controversy over which this Court has jurisdiction.

## PRAYER FOR RELIEF

Plaintiffs pray that this matter be expedited and that upon hearing, the court will issue its DECLARATION:

a. That Acts of Alabama 2006, Act No. 2006-342 is a presently effective and valid statute of the State of Alabama with application to Mobile County and that the same requires that the vacancy mentioned herein should be filled by a special election according to the terms of said statute.

b. That a writ of mandamus issue requiring Honorable Don Davis, as Judge of Probate of Mobile County, make provisions for and conduct such a special election pursuant to Act No. 2006-342, Acts of Alabama 2006.

c. Such other further or different relief to which the plaintiffs may be entitled.

Respectfully submitted,

**Attorneys for Plaintiffs**

THE GARDNER FIRM, P.C.
P.O. Box 3103
Mobile, Alabama 36652
(251) 433-8100

By: /s/ J. Cecil Gardner
J. CECIL GARDNER
GAR039

and

Edward Still, Esq. [STI009]
Edward Still Law Firm & Mediation Center
2112 11th Avenue South, Suite 201
Birmingham, AL 35205-2844
205-320-2882
877-264-5513 (facsimile)

Please serve the Defendant
via certified mail at:

HONORABLE DON DAVIS
Probate Judge of Mobile County, Alabama
P.O. Box 7
Mobile, Alabama 36601

## IN THE CIRCUIT COURT MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK,** | * | |
| Plaintiffs, | * | |
| vs. | * | **CIVIL ACTION** |
| | * | NO._____ |
| **HONORABLE DON DAVIS**, as Probate Judge of Mobile County, Alabama, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND FOR WRIT OF MANDAMUS

I verify that I have read the complaint to which this verification is attached and that the same is true and correct based upon my information and belief.

_____
**YVONNE KENNEDY**

## IN THE CIRCUIT COURT MOBILE COUNTY, ALABAMA

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK,<br><br>Plaintiffs,<br><br>vs.<br><br>HONORABLE DON DAVIS, as Probate Judge of Mobile County, Alabama,<br><br>Defendant. | CIVIL ACTION<br><br>NO._____ |

## **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND FOR WRIT OF MANDAMUS**

I verify that I have read the complaint to which this verification is attached and that the same is true and correct based upon my information and belief.

_____
**JAMES BUSKEY**

IN THE CIRCUIT COURT MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK, | * | |
| | * | |
| Plaintiffs, | | |
| | * | CIVIL ACTION |
| vs. | | |
| | * | NO._____ |
| HONORABLE DON DAVIS, as Probate Judge of Mobile County, Alabama, | * | |
| | * | |
| Defendant. | | |
| | * | |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND FOR WRIT OF MANDAMUS

I verify that I have read the complaint to which this verification is attached and that the same is true and correct based upon my information and belief.

_____
WILLIAM CLARK

ACT No. 2006-**342**

1  HB522

2  78594-4

3  By Representatives Kennedy, Buskey, Clark and Mitchell (N & P)

4  RFD: Mobile County Legislation

5  First Read: 31-JAN-06



**EXHIBIT A**

Page 0

HB522

1
2      ENROLLED, An Act,
3              Relating to Mobile County; prescribing procedure for
4      filling certain vacancies on the county commission.
5      BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
6              Section 1. Whenever a vacancy occurs in any seat on
7      the Mobile County Commission with 12 months or more remaining
8      on the term of the vacant seat, the judge of probate shall
9      immediately make provisions for a special election to fill
10     such vacancy with such election to be held no sooner than 60
11     days and no later than 90 days after such seat has become
12     vacant. Such election shall be held in the manner prescribed
13     by law and the person elected to fill such vacancy shall serve
14     for the remainder of the unexpired term.
15             Section 2. The purpose of this act is to reenact Act
16     85-237 of the 1985 Regular Session (Acts 1985, p. 137) without
17     change and to reaffirm the Legislature's intention as set
18     forth in that statute.
19             Section 3. All laws or parts of laws which conflict
20     with this act are repealed.
21             Section 4. This act shall become effective
22     immediately following its passage and approval by the
23     Governor, or its otherwise becoming law.

HB522

1
2
3  _____
4  Speaker of the House of Representatives

5  _____
6  President and Presiding Officer of the Senate

7       House of Representatives
8       I hereby certify that the within Act originated in
9  and was passed by the House 14-FEB-06, as amended.
10
11            Greg Pappas
12            Clerk
13

14  _____
15
16  Senate            30-MAR-06            Passed
17

APPROVED  4-12-06
TIME  12:36 p.m.
_____
GOVERNOR

Alabama Secretary Of State
Act Num....: 2006-342
Bill Num...: H-522

Page 2

Rec'd 04/12/06   01:30pmJJB

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HONORABLE BOB RILEY, as Governor of the State of Alabama, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>2:05cv1100-MHT<br>(WO) |

Before Stanley Marcus, Circuit Judge, Myron H. Thompson, District Judge, and W. Harold Albritton, Senior District Judge.

ORDER

On August 18, 2006, this three-judge court held that two Alabama Supreme Court decisions, Stokes v. Noonan, 534 So. 2d 237 (Ala. 1988), and Riley v. Kennedy, 928 So.2d 1013 (Ala. 2005), must be precleared before they can be implemented. Kennedy v. Riley, 445 F. Supp. 2d 1333, 1337 (M.D. Ala. 2006). On January 8, 2007, after the State of Alabama had submitted the state-court decisions for preclearance, the United States Department

of Justice refused to preclear them, and, on March 12, 2007, refused to reconsider its decision. This matter is now before us on the plaintiffs' renewed motion for further relief.

We conclude that, because <u>Stokes v. Noonan</u> and <u>Riley v. Kennedy</u> were not precleared, Governor Bob Riley's appointment of Juan Chastang to the Mobile County Commission pursuant to these two decisions was unlawful under federal law. Chastang's appointment must therefore be vacated.

Accordingly, it is the ORDER, JUDGMENT and DECREE of the court that the plaintiffs' renewed motion for further relief (Doc. No. 44) is granted to the extent that the appointment of Juan Chastang to the Mobile County Commission is vacated.

Done, this the 1st day of May, 2007.

                <u>/s/ Stanley Marcus</u>
                UNITED STATES CIRCUIT JUDGE

                <u>/s/ Myron H. Thompson</u>
                UNITED STATES DISTRICT JUDGE

                <u>/s/ W. Harold Albritton</u>
                SENIOR UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK, </br></br>    Plaintiffs, </br></br>    v. </br></br> HONORABLE BOB RILEY, as Governor of the State of Alabama, </br></br>    Defendant. | ) </br> ) </br> ) </br> ) </br> )     CIVIL ACTION NO. </br> )     2:05cv1100-MHT </br> )         (WO) </br> ) </br> ) </br> ) </br> ) |

Before Stanley Marcus, Circuit Judge, Myron H. Thompson, District Judge, and W. Harold Albritton, Senior District Judge.

OPINION AND ORDER

This matter is before this three-judge court again, this time on defendant Bob Riley's motion that we stay our order entered May 1, 2007, vacating the appointment of Juan Chastang to the Mobile County Commission. We conclude that the motion should be denied.

The events giving rise to the motion are, briefly stated, as follows. On August 18, 2006, we held, pursuant to § 5 of the Voting Rights Act of 1965, as

amended, 42 U.S.C. § 1973c, that two Alabama Supreme Court decisions, Stokes v. Noonan, 534 So.2d 237 (Ala. 1988), and Riley v. Kennedy, 928 So.2d 1013 (Ala. 2005), must be precleared before they can be implemented. Kennedy v. Riley, 445 F.Supp.2d 1333, 1337 (M.D. Ala. 2006). On January 8, 2007, the United States Department of Justice refused to preclear these two state-court decisions, and, on March 12, 2007, refused to reconsider its decision. On May 1, 2007, because the appointment of Juan Chastang to the Mobile County Commission was pursuant to these unprecleared state-court decisions, we vacated the appointment as unlawful under federal law.

The defendant asks that we stay our May 1 order pending his appeal of that order to the United States Supreme Court and pending the State's seeking judicial approval of the two state-court decisions in the United States District Court for the District of Columbia. Alternatively, he asks that we stay the May 1 order

pending the holding of a special election for the seat held by Chastang.

A court should consider the following factors in determining whether to grant a stay pending resolution of an appeal: (1) whether the applicant has made a strong showing that he is likely to prevail; (2) whether the applicant will be irreparably injured if a stay is not granted; (3) whether granting the stay will substantially injure the other parties in the proceeding; and (4) where the public interest lies. <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987). These factors apply to the defendant's motion here.

<u>Strong Showing of Likelihood to Prevail</u>: First, we believe, for the reasons given in our August 18 opinion, <u>Kennedy v. Riley</u>, 445 F.Supp.2d 1333 (M.D. Ala. 2006), that there is not a strong likelihood that the defendant will prevail on appeal to the United States Supreme Court. Second, the defendant has presented no evidence whatsoever from which we can determine whether there is

3

a likelihood (let alone a strong one) that the State will prevail on the merits in the United States District Court for the District of Columbia. Finally, while the defendant asks for a stay pending the holding of a special election, the State has not committed to holding such an election; indeed, the defendant maintains that conducting such an election would be illegal under state law.

<u>Irreparable Injury to Applicant</u>: The defendant argues that the State will be irreparably harmed absent a stay. Not only has the defendant failed to explain why he did not appeal the August 18 judgment (which he admits would be essentially the basis for his appeal), he has still (as far as we can tell) yet to pursue appeal of the May 1 order. Also, as far as we can tell, the State has failed to initiate a lawsuit in the United States District Court for the District of Columbia, despite the fact that the Justice Department refused to preclear the two state-court decisions on January 8, 2007, and refused

4

to reconsider its decision on March 12, 2007. This unexplained delay strongly counsels against any finding that the defendant or the State will suffer irreparable harm unless a stay is granted pending the pursuit of these two legal avenues.

The defendant also complains that it will cost $ 189,000 to conduct a special election and that, during that time, the district which Chastang represented would be unrepresented. Again, the State has not committed to conducting a special election, and, in any event, the cost of conducting a special election does not outweigh the plaintiffs' interest in having their rights under the Voting Rights Act vindicated. In addition, the defendant has not shown that adequate redress for the vacancy created by the May 1 order cannot be found in state law that does not violate federal law.

Substantial Injury to Other Parties: It appears that the position which Chastang held on the Mobile County Commission will be up for regular election sometime in

5

2008. Unless a special election is held before too long, the plaintiffs here will have been effectively denied all relief despite the fact that their rights under the Voting Rights Act were violated.

Public Interest: Because, in addition to the reasons given above, the Voting Rights Act is intended to protect the right to vote and because that right is a "fundamental political right" in that it is "preservative of all rights," Yick Wo v. Hopkins, 118 U.S. 356, 370 (1886), we believe that the public interest is best served by denying the defendant's motion for a stay.

Accordingly, it is ORDERED that defendant Bob Riley's motion for a stay (Doc. No. 49) is denied.

Done, this the 17th day of May, 2007.

/s/ Stanley Marcus
UNITED STATES CIRCUIT JUDGE

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

/s/ W. Harold Albritton
SENIOR UNITED STATES DISTRICT JUDGE