IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY, AND WILLIAM CLARK,<br><br>             Plaintiffs,<br><br>    v.<br><br>HONORABLE BOB RILEY, as Governor of the State of Alabama,<br><br>             Defendant. | CIVIL ACTION NO.<br>2:05-cv-01100-MHT-DRB |

# Plaintiffs' Motion To Add Probate Judge As Defendant, And To Set Special Election Schedule

    1. Plaintiffs hereby request an order adding Mobile County Probate Judge Don Davis as a party defendant, for the ultimate purpose of allowing the Court to set a schedule for a special election.

    2. This Court's May 1, 2007, order (Doc. 48) had the effect of creating (or recognizing the existence of) a vacancy on the Mobile County Commission. It is therefore necessary to have a special election to fill that vacancy. This Court's May 17, 2007, order (Doc. 52) denied the Governor's motion for a stay. Thus the necessity of a special election is perfectly clear at this time. As this Court said at page 6 of its May 17 order, "Unless a special election is held before too long, the plaintiffs here will have been effectively

1

denied all relief despite the fact that their rights under the Voting Rights Act were violated."

3. Judge Davis, the official who has the power to call the election, has so far failed or refused to do so.

4. After the Court issued the two order referenced above, the following things have happened that are relevant to this motion: (1) Probate Judge Davis moved to intervene in this Court, and asked this Court to tell him when to hold a special election (Doc. 53); (2) Plaintiffs agreed to the motion to intervene, though disagreeing with Judge Davis's proposed schedule for the special election (Doc. 56); (3) Plaintiffs, out of an abundance of caution, also filed a state-court suit in Mobile County seeking a special election (Doc. 58); and (4) Judge Davis has now "noticed" the "withdrawal" of his motion to intervene in this Court, on the grounds that the state court suit made the intervention an unnecessary expenditure of resources (Doc. 61).

5. The most recent thing that has happened, however, is that Plaintiffs have voluntarily dismissed the state court case. The reason is that they have realized that this Court is, as a practical matter, the only court that can effectively solve the problem of when to hold a special election. So, we ask this Court to grant the motion to intervene (ignoring the putative "withdrawal" of the motion) or in the alternative to join Judge Davis as a party. Then the Court can decide whether to order the election schedule that Judge Davis had proposed in his motion to intervene, or to order the election schedule that Plaintiffs proposed in the response to that motion, or to order some other election schedule.

6. The problem must be resolved by a federal court because if a state court orders an election, the necessity of further preclearance by the Department of Justice would stretch out the timeline to an intolerable degree. That is, someone must pick the dates on which the special election will be held (including dates for the primary, runoff, general, and so forth). If those dates are selected by the Probate Judge himself, then certainly his selections are subject to the requirement of preclearance. *See, e.g., NAACP v. Hampton County Election Comm'n*, 470 U.S. 166, 178-80, 105 S.Ct. 1128, 1135-37 (changes in election dates, made by election officials, require preclearance).[1] The same would be true if the dates were selected by a state court; as this Court has recognized in its order on the merits of this case, state court orders that effect voting changes do require preclearance. But a federal court's decisions do not have to be approved by the Department of Justice, at least where they do not embody the policy choices of state officials. *See, e.g., Lopez v. Monterey County*, 525 U.S. 266, 286-87, 119 S.Ct. 693, 704-05 (1999). So, having the decision rest with the federal court would hasten the process by eliminating the 60 days that are allowed for a preclearance decision by the Department of Justice.

7. No other federal court can solve the problem. Plaintiffs do not currently know of a federal claim that they could bring in any other federal court that would give a federal court jurisdiction over the dispute, other than

---

[1] The necessity of such preclearance is underscored by the fact that the Probate Judge asserted in his motion to intervene that he could not follow the 60-to-90 day timetable provided by state law, because of the necessity of getting absentee ballots to citizens overseas; thus it is clear that the Probate Judge seeks, and will seek, a "change" in voting practice.

3

the Section 5 claim that is already within this Court's jurisdiction. Nor was Plaintiffs' Mobile County suit removable to the U.S. District Court for the Southern District of Alabama, since that suit did not arise under federal law. (Of course, there was no diversity and so the case could not be removable on the basis of diversity jurisdiction. Nor could Judge Davis have removed that case on the basis of some anticipated federal defense or some collateral federal question that might have arisen during the course of the suit.)

8. For these reasons, plaintiffs respectfully request the Court to add Judge Davis as a party, and to quickly resolve the dispute (which is reflected in the motion to intervene and our response thereto) as to when the special election should be held. Such action will save the resources of all parties, and will most importantly allow for the vindication of the voting rights of the affected citizens of Mobile County.

Submitted by,

| | |
|---|---|
| Cecil Gardner | /s/ Edward Still |
| Vance McCrary | Edward Still |
| The Gardner Firm PC | 2112 11th Avenue South |
| Post Office Drawer 3103 | Suite 201 |
| Mobile AL 36652 | Birmingham AL 35205-2844 |
| phone 251.433.8100 | phone: 205-320-2882 |
| fax 251.433.8181 | fax: 877-264-5513 |
| email cgardner@gmlegal.com | email: Still@votelaw.com |
| email vmccrary@gmlegal.com | |

CERTIFICATE OF SERVICE

I certify that on 31 May 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

4

| | |
|---|---|
| John J. Park, Jr. Esq.<br>Assistant Attorney General<br>Office of the Attorney General of Alabama<br>11 South Union Street<br>Montgomery AL 36130-0152<br>    phone: 334-242-7401<br>    fax: 334-242-4891<br>    email: jpark@ago.state.al.us | J. Michael Druhan, Jr., Esq.<br>Johnston Druhan, LLP<br>P O Box 154<br>Mobile, AL 36601 |

/s/ Edward Still