## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES ) | |
| BUSKEY & WILLIAM CLARK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | NO. 2:05 CV 1100-T |
| HONORABLE BOB RILEY, ) | |
| as Governor of the State of Alabama ) | |
| ) | |
| Defendant. ) | |

### RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ADD PROBATE JUDGE AS A DEFENDANT, AND TO SET SPECIAL ELECTION SCHEDULE

Pursuant to this Court's Order of June 1, 2007 (No. 65), Bob Riley, in his official capacity as Governor of Alabama, defendant in this action, submits this Response in opposition to the Motion to add Probate Judge Davis as a defendant and to set a special election schedule filed by the Kennedy Plaintiffs (No. 64). This Court should deny the Plaintiffs' Motion for the following reasons:

1. Governor Riley's filing of Notice of Appeal has the effect of divesting this Court of jurisdiction over all core matters of this case. In Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S. Ct. 400 (1982), the United States Supreme Court explained that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the courts of appeals and divests the district courts of those aspects of the case involved in the appeal." 459 U.S. at 58, 103 S. Ct. at 402; see also Zimmer v. McKeithen, 467 F. 2d 1381, 1382 (5th Cir. 1972) ("In the absence of

exceptions . . ., once an appeal is taken, jurisdiction passes to the appellate court)[1]; Hawthorne v. Hurley, 762 F. Supp. 1475 (M. D. Ala. 1991) (three-judge court). Because Rule 18 of the Rules of the United States Supreme Court provides that the appeal commences with the filing of notice of appeal, and because Governor Riley has appealed from, among other things, this Court's remedy order, a Motion raising additional remedy issues that would drive this case in a new direction should not be entertained.

2. To the extent that the Kennedy Plaintiffs ask this Court to order a special election, they ask this Court to revisit its Order vacating Mr. Chastang's appointment without ordering additional relief. In their Motion for Further Relief (No. 44), the Kennedy Plaintiffs asked this Court to order a special election or, in the alternative, declare the seat at issue vacant, add Probate Judge Davis as a defendant, and direct him to conduct a special election. In response, Governor Riley noted that, among other things, Section 5 precludes a covered jurisdiction from enforcing a change that has not been precleared and allows for that action to be undone, but does not empower a court to do more. See No. 46 at 2. Without explanation, on May 1, 2007, this Court declined to do any more than to vacate the appointment of Mr. Chastang. See No. 48. In their current Motion, filed 30 days later, the Kennedy Plaintiffs do not offer any basis for concluding that this Court erred in so limiting the relief.

3. The Kennedy Plaintiffs' request that this Court order a special election is also a request that this Court to order a State official to follow State law. The only warrant for a special election to fill the vacancy comes from State law: Act No. 85-237, which has been held unconstitutional; Act No. 2006-342, which has not been precleared; or both. In

---

[1] Zimmer is binding authority in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F. 2d 1208 (11th Cir. 1981) (en banc).

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984), the United States Supreme Court held that the Eleventh Amendment prohibits federal courts from directing State officials to follow State law. The direction that the Kennedy Plaintiffs seek can come only from the State courts, if it can come at all.

4.   The Kennedy Plaintiffs' request that this Court "set" a special election calendar further embroils this Court in State law matters. That request comes from the same plaintiffs who invoked the protection of Section 5 and now wish to jettison Section 5 because compliance with it does not further their goals. Moreover, that request would require this Court to change State law, including Act No. 2006-342 which the Kennedy Plaintiffs sponsored in the Legislature. To the extent the Kennedy Plaintiffs find themselves in a ditch, it is one that they had a hand in digging.

5.   The Kennedy Plaintiffs' request that this Court "set" a special election calendar would require a change in State law. Acts Nos. 85-237 and 2006-342 establish a schedule, calling for the special election process to begin no sooner than 60 days after the vacancy arises and to be complete no later than 90 days after the vacancy arises. To the extent that Probate Judge Davis believes that schedule to be unworkable because it threatens to disfranchise those uniformed and overseas voters who will not be present in Mobile County for some or all of the election time, Governor Riley agrees. That schedule, which is the product of legislative action, should be fixed by the Alabama Legislature if it is unworkable. If this Court were to take on that work, it would not only run roughshod over principles of federalism, but also those of separation of powers.

6. Likewise, this Court should not accept the Kennedy Plaintiffs' invitation to revisit the proposed intervention of Probate Judge Davis. For the reasons stated above, his intervention would be futile.

7. The proposed addition of Probate Judge Davis also comes after the core proceedings in the case have been concluded. It should be considered too late

8. With respect to both the Kennedy Plaintiffs and Probate Judge Davis, the propriety of a special election is a matter to be determined in the State courts, the State Legislature, or both. The Kennedy Plaintiffs' Motion should be denied because it would embroil this Court in State law matters.

    Respectfully submitted,

    **TROY KING (KIN047)**
    **ATTORNEY GENERAL**
    **BY:**

    **s/ John J. Park, Jr.**
    John J. Park, Jr. Bar Number: (PAR041)
    Special Deputy Attorney General
    Office of the Attorney General
    11 S. Union Street
    Montgomery, AL  36130-0152
    Telephone: (334) 242-7300
    Fax: (334) 353-8440
    E-mail: jpark@ago.state.al.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.
The Gardner Firm PC
Post Office Box 3103
Mobile, AL 36602

Edward Still
Edward Still Law Firm LLC
2112 11th Avenue South, Suite 201
Birmingham, AL 35205-2844

J. Michael Druhan, Jr.
Johnston Druhan, LLP
P. O. Box 154
Mobile, AL 36601


**s/ John J. Park, Jr.**
John J. Park, Jr. Bar Number:  (PAR041)
Special Deputy Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us