IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY and WILLIAM CLARK, Plaintiffs, | * * * * |
| v. | * CV 2:05 CV 1100.MHT * |
| HONORABLE BOB RILEY, as Governor of the State of Alabama, Defendant. | * * * * |

## MEMORANDUM BRIEF OF DON DAVIS, AS JUDGE OF PROBATE OF MOBILE COUNTY, ALABAMA

COMES NOW, Don Davis, as Judge of Probate of Mobile County, Alabama (hereinafter "Judge of Probate "), and pursuant to this Court's Order of June 1, 2007 submits this Memorandum Brief on the Plaintiffs' Motion to Add the Judge of Probate as a Defendant and to set Special Election Schedule.

The Judge of Probate of Mobile County, Alabama is the chief election official for the County and has the duty to oversee the conduct and administration of elections. §17-1-3, *Ala. Code* (Supp. 2006)(formerly §17-1-8, *Ala. Code (1975)).* Pursuant to this Court's Order of May 1, 2007, Governor Riley's appointment of Juan Chastang to the Mobile County Commission was unlawful under federal law. (Docs 22, 23, 48). As a result, this Court vacated the appointment and created a vacancy on the Mobile County Commission for District One (1). (Doc. 48).

Plaintiffs are registered voters in Mobile County, Alabama and residents of Mobile County Commission District One (1). (Doc. 1). The Plaintiffs and their District do not currently have a representative on the Mobile County Commission as a result of

the vacancy created by this Court's Order of May 1, 2007. The Plaintiffs have requested a special election be conducted to fill the vacancy in the District One (1) seat. Plaintiffs assert the authority under which the Judge of Probate is required to hold the special election and the procedures for holding such an election is found in Alabama Act No. 2006-342.

Alabama Act No. 2006-342 has not received preclearance under Section 5 of the Voting Rights Act of 1965.

As the use of the appointment power of the Governor has been determined by this Court to be invalid under Section 5 of the Voting Rights Act, the Plaintiffs have demanded a special election be held to fill the vacancy. The Plaintiffs are, in essence, seeking the ultimate relief in this action, the special election, through this demand on the Judge of Probate .

The Judge of Probate is charged with the duty of administering and conducting elections in Mobile County. §17-1-3, *Ala. Code* (Supp. 2006)(formerly §17-1-8, *Ala. Code (1975))*. The Plaintiffs assert the Judge of Probate has the authority to call for a special election to fill the vacancy pursuant to Alabama Act No. 2006-342. However, the Act cited by the Plaintiffs has not been precleared under Section 5 of the Voting Rights Act. This Court, as part of the action on the claim under § 5 of Voting Rights Act, has the authority to determine if a change was covered by § 5, if so, whether § 5's approval requirements were satisfied, and if not, what remedy is appropriate. *City of Lockhart v. United States,* 460 U.S. 125, 129 n. 3, 103 S.Ct. 998, 1001 n. 3, 74 L.Ed.2d 863 (1983); *Brooks v. Georgia State Bd. of Elections*, 997 F.2d 857, 867 (11th Cir. 1993). This Court has the authority to order the special election sought by the Plaintiffs. *Chatman v.*

*Spillers*, 44. F.3d 923 (11th Cir. 1995). This Court has the authority to devise an election plan or schedule for the conduct of the special election. *U.S. v. Dallas County Com'n, Dallas County, Ala.*, 850 F.2d 1430 (11th Cir. 1988). Such an election plan or schedule is necessary in this action as the current State statutes which would normally authorize the election and set out the election procedures have not been precleared under Section 5 of the Voting Rights Act.

The Judge of Probate takes no position for or against being added to this action for the limited purpose of having this Court determine the method of filling the vacancy created by its earlier order and, if necessary, authorize a special election according to a Court approved schedule. The Judge of Probate had previously filed a motion to intervene in this action, as it was the only active case at the time, seeking authority to conduct a special election to fill the vacancy on the County Commission. The Judge of Probate withdrew said motion due to the Plaintiffs' filing of the action in Mobile County Circuit Court naming the Judge of Probate as a defendant. It is the Plaintiffs' unexpected dismissal of the state court action which has brought the Judge of Probate to this Court at this time.[1]

It is the position of the Judge of Probate that Alabama Act No. 2006-342 is not valid as it has not been precleared and effectively disenfranchises citizens who must use overseas/absentee balloting or military ballots as the Act fails to provide for adequate time between sending and receiving the ballots in violation of federal law. In order to avoid the risk of having a special election challenged or reversed, and thereby wasting

---

[1] The Judge of Probate disputes the assertion that the Mobile County action could not have been removed to federal court in the Southern District of Alabama and fails to see how this Court has jurisdiction to hear the matter while the Southern District would lack such jurisdiction.

substantial sums of Mobile County's money[2], should this Court grant the Plaintiffs' motion to add the Judge of Probate as a defendant, determine that a special election is the method by which the vacancy is to be filled and set a schedule for such a special election, the Judge of Probate would request the Court enter the following as it pertains to the special election schedule and the Judge of Probate as a defendant:

    A)    That the special election be administered according to the provisions of the Alabama Election Code as it existed prior to the enactment of Act 2006-570 as that version was the last to be precleared under Section 5 of the Voting Rights Act;

    B)    That the timetable for the special election be as follows;

        i.    14 days from the date of this Court's Order the names of all candidates who have qualified with the parties and the parties certification of the candidates to the Judge of Probate shall be due.

        ii.    the Judge of Probate shall set a date for the Primary Election to be held, said date to be within 51 days of the qualification date; shall have absentee ballots prepared, including overseas military ballots, mailed out and returned by election day, shall prepare other election materials, issue public notices, and appoint and train poll workers for the 1st primary.

        iii.    if necessary, the Judge of Probate shall set a date for the primary run-off to be held within 42 days of the 1st primary and within said time, the Judge of Probate shall complete provisional balloting from 1st primary, receive certification for run-off candidates, prepare absentee ballots, mail and receive said ballots, and prepare other election materials for run-off, providing, however, that if no primary run-off is necessary, the time for holding the general election will be advanced accordingly.

---

[2] Estimate of the cost of the special election is $300,000.00, all of which must come from the County.

        iv.      the Judge of Probate shall set a date for the general election to be held 42 days after the primary, or primary run off if such run off is necessary, and within said time, complete provisional balloting from run-off primary (if necessary), receive certification for general election candidates, prepare, send out and receive absentee ballots, and prepare other election materials for general election.

        v.      One (1) week thereafter, the Judge of Probate shall complete provisional balloting for general election and issue canvass results and a certificate of election.

C)    That this Court shall retain jurisdiction over this action until the certificate of election is issued and filed with this Court. Upon filing of the Certificate of Election, the Judge of Probate shall be dismissed with prejudice, with the Plaintiffs and the Judge of Probate to each bear their own costs, fees and expenses incurred as a result of the motion to join and the order, if any, to conduct a special election.

Respectfully submitted,

s/J. MICHAEL DRUHAN, JR_____
J. MICHAEL DRUHAN, JR. (DRUHJ2816)
JASON K. HAGMAIER (HAGMJ7644)
Attorneys for Don Davis, Judge of Probate

OF COUNSEL
JOHNSTON DRUHAN, LLP
Post Office Box 154
Mobile, Alabama 36601
(251) 432-0738
(251) 432-4874 – facsimile

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
Gardner, Middlebrooks
Post Office Box 3103
Mobile, AL 36652

Edward Still, Esq.
2112 11th Avenue South, Suite 201
Birmingham, AL 35205

John J. Park, Jr., Esq.
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130

s/J.MICHAEL DRUHAN, JR._____