IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY, AND WILLIAM CLARK,<br><br>    Plaintiffs,<br><br>  v.<br><br>HONORABLE BOB RILEY, as Governor of the State of Alabama,<br><br>    Defendant. | CIVIL ACTION NO.<br>2:05-cv-01100-MHT-DRB |

## Plaintiffs' Motion for Leave to Reply To Docs 66 and 67 Regarding Special Election; and Incorporated Reply

  Plaintiffs hereby respectfully move for leave to submit this short reply in support of Plaintiffs' motion (Doc. 64) to add Probate Judge Don Davis as a defendant and to order a special election. Plaintiffs are submitting this reply promptly in hopes that it will be helpful to the Court; and no party will be prejudiced in the least by the granting of leave.

  Judge Davis, to his great credit, does not oppose our motion to add him as a defendant, and confirms that this Court has the authority to set a special election schedule. *See* Doc. 67, p. 3 ("The Judge of Probate takes no position for or against being added to this action for the limited purpose of having this Court determine the method of filling the vacancy created by its earlier order and, if necessary, authorize a special election according to a Court approved schedule."); *id.* ("This Court has the authority to devise an

election plan or schedule for the conduct of the special election. … Such an election plan or schedule is necessary in this action …").

Judge Davis suggests that Ala. Act 2006-342 has not received preclearance under Section 5 of the Voting Rights Act and that it therefore cannot be the basis for the setting of a special election. (Doc. 67, pp. 2, 3). However, the Department of Justice has confirmed that Act 2006-342 does not need to be submitted or precleared to the extent that it does not represent a change from the valid "baseline" of state law that *has* been precleared. [Doc. 35, Exhibit 1, p.3]. So, in the end it does not matter whether the Court finds authority in Act 2006-342, or in prior precleared state law that represents the valid "baseline" for Voting Rights Act purposes. The point, under either way of reaching the conclusion, is that Plaintiffs are entitled to a special election.[1]

In contrast to Judge Davis, Governor Riley has submitted an opposition to our motion that can only be viewed as obstructionism. *See* Doc. 66. But none of Governor Riley's contentions has any merit.

First, Governor Riley suggests that this Court lacks jurisdiction to order a special election, because he has appealed the Court's merits order. [Doc. 66, pp. 1-2]. But Governor Riley exaggerates the effect of his notice of appeal. A notice of appeal divests the District Court of "its control over <u>those

---

[1] Judge Davis expresses an inability to understand why this Court has jurisdiction but the Southern District of Alabama would not have had removal jurisdiction over our now-withdrawn state-law suit. The reason is simple: this Court has jurisdiction over our federal Voting Rights Act claim. But there was no federal claim in the now-withdrawn suit in Mobile County state court, and so no basis for removal jurisdiction.

aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. duPont de Nemours*, 341 F.3d 1292, 1309 (11th Cir. 2003), quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (emphasis supplied). In other words, "'When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *Green Leaf Nursery*, 341 F.3d at 1309, quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). The doctrine does not bar the District Court from "entertaining motions on matters collateral to those at issue on appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). *See also Doe v. Bush*, 261 F.3d 1037, 1064-65 (11th Cir. 2001) (citing with approval *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 76 (5th Cir.1995), describing it as holding that "the district court maintains jurisdiction to order stays or modify injunctive relief").

In this case, the "aspect[] of the case involved in the appeal" is simply – at most – this Court's conclusions (a) that preclearance was required but not received; and (b) therefore declaring the Chastang appointment unlawful. There has been no appeal regarding the issue that is now before the Court, which is the distinct issue of whether to set a special election and (if so) on what schedule. The Governor has not, and could not have, appealed on any issue regarding a special election, because there has been no decision adverse to him on that issue. So his notice of appeal could not divest the Court of jurisdiction over this remaining issue.

Moreover, this Court's order declaring the Chastang appointment unlawful – i.e., the order appealed from – must be viewed as either a declaratory order or an injunction. And whichever one of those it was, this Court has continuing jurisdiction to enter further relief despite the pendency of the Governor's appeal. If the Court views its order as an injunction, then Fed. R. Civ. P. 62(c) provides the answer to the Governor's contention: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." By the same token, if the Court views its order as having been a declaratory one, then 28 U.S.C. § 2202 provides the answer: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." "Courts that have addressed when a motion for further relief may be brought under § 2202 have consistently held that neither the filing of an appeal nor a lengthy delay after the trial court's initial ruling terminates the court's authority to grant further relief pursuant to § 2202." *United Teachers Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 572 (5th Cir. 2005). *See also Burford Equipment Co. v. Centennial Ins. Co.*, 857 F.Supp. 1499, 1502-03 (M.D. Ala. 1994) (notice of appeal did not divest District Court of jurisdiction to issue further relief following declaratory judgment). For these reasons, the Court plainly has the authority to issue

the relief requested; the Governor cannot unilaterally call a halt to Plaintiffs' efforts to obtain further relief by appealing from the relief that was already granted.

Next, Governor Riley suggests that this Court has already declined to order a special election and that there is no reason to change that ruling. [Doc. 66, p. 2]. However, we submit that the better reasoning is that the Court surely anticipated that, upon the vacatur of the Chastang appointment, relevant officials would surely move forward with a special election without the necessity of court order. Now that such hopes have been dashed, it is perfectly sensible that the Court should go forward to provide the relief to which Plaintiffs are entitled. This is, after all, a suit to enforce <u>Voting Rights</u>. The very reason why Plaintiffs had a claim under the Voting Rights Act was that the unprecleared changes took away their right <u>to vote</u> in a special election on who would fill the empty seat. The mere vacatur of the unlawful appointment, without more, would leave the disenfranchisement of Plaintiffs' <u>voting rights</u> unremedied. That is why a special election should be called.

Governor Riley suggests, third, that an order setting a special election would constitute an order based on state law, and as such that the order would be barred by the Eleventh Amendment. [Doc. 66, pp. 2-3]. In this, Governor Riley makes two mistakes. First, he continues his incorrect stance that this is a suit to enforce state law. It is not. It is a suit to enforce the Plaintiffs' rights under federal law. Under federal law, Plaintiffs' right was to not have their opportunity to vote in a special election taken away

(unless that change was precleared, which it was not). An order setting a special election would be a remedy for, and enforcement of, that federal-law right. The Eleventh Amendment does not bar enforcement of the Voting Rights Act.

In any event, Governor Riley's Eleventh Amendment argument is misplaced because Judge Davis has not offered any Eleventh Amendment objection. There is, therefore, no Eleventh Amendment bar to an order directed at Judge Davis regarding the setting of a special election. It is well-settled, of course, that Eleventh Amendment immunity can be waived in litigation. Governor Riley has cited no authority allowing one state official to raise the Eleventh Amendment as a bar to an order against another state official, where the state official who would be subject to the order has declined to do so.[2]

Governor Riley next suggests that the Court should simply let the State Legislature decide the schedule for a special election. [Doc. 66, p. 3]. This, of course, would mean as a practical matter that Plaintiffs would never get a special election, and would be without representation until the next general election. The Legislature may never pass a statute regarding special elections in these circumstances, and any such action would (if it would constitute a change, as it would have to in order to take account of the voting

---

[2] Moreover, even if the Eleventh Amendment were relevant to this case at all as a limitation on the type of relief that could be awarded, there would be no Eleventh Amendment bar to an order requiring the State to pay the attorneys' fees for this portion of the litigation, as well as the rest. *See Kentucky v. Graham*, 473 U.S. 159, 170-71, 105 S.Ct. 3099, 3108 (1985) (Eleventh Amendment does not bar fee award when an order on the merits has been entered against a state official in his official capacity).

rights of overseas citizens) have to be precleared.  Delay, delay, delay, is the Governor's mantra.

The remainder of Governor Riley's contentions are not supported by any authority or even by any reasoned argument, and so do not require a reply.

As to the schedule of the special election, Plaintiffs rely on the schedule that they previously proposed in Doc. 56 (Judge Davis' proposed timetable is essentially the same), and respectfully request that the Court move with all possible dispatch to set an election schedule on the quickest schedule that the Court deems practicable.

Finally, as to the relief requested by Judge Davis in Paragraph C on page 5 of Doc. 67, the Plaintiffs request that the Court simply allow Judge Davis to be dismissed without any liability for fees upon the completion of the election process.  Providing that "each [party] bear their own costs" might be viewed as precluding the Plaintiffs from seeking fees from Gov. Riley.

Submitted by,

| | |
|---|---|
| Cecil Gardner | /s/ Edward Still |
| Vance McCrary | Edward Still |
| The Gardner Firm PC | 2112 11th Avenue South |
| Post Office Drawer 3103 | Suite 201 |
| Mobile AL 36652 | Birmingham AL 35205-2844 |
|     phone 251.433.8100 |     phone: 205-320-2882 |
|     fax 251.433.8181 |     fax: 877-264-5513 |
|     email cgardner@gmlegal.com |     email: Still@votelaw.com |
|     email vmccrary@gmlegal.com | |

CERTIFICATE OF SERVICE

I certify that on 11 June 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

John J. Park, Jr. Esq.
Assistant Attorney General
Office of the Attorney General of Alabama
11 South Union Street
Montgomery AL 36130-0152
    phone: 334-242-7401
    fax: 334-242-4891
    email: jpark@ago.state.al.us

J. Michael Druhan, Jr., Esq.
Jason K. Hagmaier, Esq.
Johnston Druhan, LLP
P O Box 154
Mobile, AL 36601


    /s/ Edward Still