# Exhibit 1



STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL

TROY KING
ATTORNEY GENERAL

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130
(334) 242-7300
WWW.AGO.STATE.AL.US

July 2, 2007

Chief, Voting Section
Civil Rights Division
Room 7254 - NWB
Department of Justice
1800 G St., N.W.
Washington, DC 20006

RE:    **Submission under Section 5 of the Voting Rights Act of 1965**

Dear Sir:

In accordance with Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, as amended, and with the strong urging of a three-judge federal district court, we make this submission for preclearance by the Attorney General of the United States.

This submission concerns Alabama Act No. 2006-342. While the Attorney General of the United States is familiar with this Act due to a prior submission, we note that this Act has never formally been put before the Attorney General of the United States, *cf.* Allen v. State Board of Elections, 393 U.S. 544, 571, 89 S. Ct. 817, 834-35 (1969) ("[W]e do not think that the [Voting Rights] Act contemplates that a 'submission' occurs when the Attorney General merely becomes aware of the legislation, no matter in what manner . . . . A fair interpretation of the Act requires that the State in some unambiguous and recordable manner submit any legislation or regulation in question directly to the Attorney General with a request for his consideration pursuant to the Act."). This letter and the Exhibits represent the State's unambiguous and recordable submission of Act No. 2006-342.

The three-judge federal district court has indicated its desire that review of this submission be expedited. In that respect, as noted below, three current and/or former African-American members of the Alabama House of Representatives have filed suit in the Circuit Court of Mobile County asking that court to order a special election pursuant to Act No. 2006-342 and using a calendar that the plaintiffs propose. We have now been notified that the Circuit Court has entered an Order setting out an election schedule which is inconsistent with Act No. 2006-342, but that nonetheless uses the preclearance

Chief, Voting Section
July 2, 2007
Page 2

of Act No. 2006-342 as one of two triggers to start the election process. We have further been informed that USDOJ has already precleared the Circuit Court's order. *See* USDOJ File No. 2007-3303.

In compliance with 28 C.F.R. § 51.27, we submit the following information to the Attorney General:

*"(a) A copy of any ordinance, enactment, order, or regulation embodying a change affecting voting."*

A copy of Act No. 2006-342 is enclosed as Exhibit A

*"(b) A copy of any ordinance, enactment, order, or regulation embodying the voting practice that is proposed to be repealed, amended, or otherwise changed."*

We refer you to your files concerning the State's request for preclearance of Stokes v. Noonan, 524 So. 2d 237 (Ala. 1988), and Riley v. Kennedy, 928 So. 2d 1013 (Ala. 2005). That submission was made on November 9, 2006. By letter dated January 8, 2007, the Attorney General of the United States interposed an objection. The State requested reconsideration on January 30, 2007. By letter dated March 12, 2007, the Attorney General of the United States declined to withdraw his objection. These documents are incorporated into this submission by reference, and we assume full knowledge and understanding of these documents on your part.

With this background in mind, Act No. 2006-342 responds to the decision of the Supreme Court of Alabama in Riley v. Kennedy, 928 So. 2d 1013 (Ala. 2005). In Riley v. Kennedy, the Supreme Court of Alabama, applying valid, race-neutral, generally-applicable principles of State law, held that Act No. 2004-455 opened the door for statutory changes on a prospective basis only. Act No. 2004-455 amended § 11-3-6, Code of Alabama (2005), to permit the Alabama Legislature to pass local laws that deviated from the general rule that vacancies on county commissions are to be filled by gubernatorial appointment. The decision that Act No. 2004-455 applies only prospectively led the Alabama Legislature to pass a local law applicable to the Mobile County Commission.

Such a local law was necessary as a matter of State law because a predecessor local law, Act No. 85-237, providing that vacancies on the Mobile County Commission be filled by special election was declared unconstitutional in Stokes v. Noonan, 524 So. 2d 237 (Ala. 1988).

At this point, neither Stokes v. Noonan nor Riley v. Kennedy is enforceable. They have not been precleared, and a three-judge federal district court has said that Act No. 85-237 is the benchmark. If Governor Riley prevails on appeal or the State prevails in its attempt to obtain judicial preclearance of those decisions, Act No. 2006-342 will

Chief, Voting Section
July 2, 2007
Page 3

provide the necessary State-law authority for special elections to fill vacancies in the Mobile County Commission, under the conditions set forth in the Act.

A copy of Riley v. Kennedy is enclosed as Exhibit B, and a copy of Stokes v. Noonan is enclosed as Exhibit C.

*"(c) If the change affecting voting either is not readily apparent on the face of the documents provided under paragraphs (a) and (b) of this section or is not embodied in a document, a clear statement of the change explaining the difference between the submitted change and the prior law or practice, or explanatory materials adequate to disclose to the Attorney General the difference between the prior and proposed situation with respect to voting."*

Act No. 2006-342 provides State law authority for a special election to fill vacancies on the Mobile County Commission. Without Act No. 2006-342, we do not believe that there is any valid State law authority for such an election because the predecessor local law, Act No. 85-237, was declared unconstitutional in Stokes v. Noonan. 524 So. 2d 237 (Ala. 1988). In Kennedy v. Riley, 445 F. Supp. 2d 1333 (M.D. Ala. 2006), a three-judge federal district court held that Stokes v. Noonan is unenforceable until precleared, and USDOJ has declined to preclear that decision administratively. The State intends to seek judicial preclearance of Stokes v. Noonan and Riley v. Kennedy, and, if that effort is successful, Act No. 2006-342 will be necessary. In addition, and in the alternative, Governor Riley has appealed from the three-judge federal district court's remedy order vacating his appointment and from the orders that are the predicate for the remedy order. If Governor Riley is successful on appeal, Act No. 2006-342 will be necessary to support the calling of a special election. If neither the State nor Governor Riley is successful, Act No. 2006-342 will provide State law authority for a special election to fill vacancies on the Mobile County Commission, under the circumstances stated in the Act.

For additional information, see your files concerning the State's request for preclearance of Stokes v. Noonan, 524 So. 2d 237 (Ala. 1988), and Riley v. Kennedy, 928 So. 2d 1013 (Ala. 2005).

*"(d) The name, title, address, and telephone number of the person making the submission."*

Troy King, Attorney General, John J. Park, Jr., Special Assistant Attorney General, and Misty S. Fairbanks, Assistant Attorney General, State of Alabama. Mail should be directed to them at Alabama State House, 11 South Union Street, 3d Floor, Montgomery, Alabama 36130-0152. Mr. Park can be reached at (t) 334-242-7997, (f) 334-353-8440, and e-mail jpark@ago.state.al.us. Ms. Fairbanks can be reached at (t) 334-353-8674, (f) 334-353-8440, and e-mail mfairbanks@ago.state.al.us.

Chief, Voting Section
July 2, 2007
Page 4

"(e) The name of the submitting authority and the name of the jurisdiction responsible for the change, if different."

      The State of Alabama.

"(f) If the submission is not from a State or county, the name of the county and State in which the submitting authority is located."

      Not applicable.

"(g) Identification of the person or body responsible for making the change and the mode of decision (e.g., act of State legislature, ordinance of city council, administrative decision by registrar)."

      The change results from an Act of the Alabama Legislature that was signed by Governor Riley.

"(h) A statement identifying the statutory or other authority under which the jurisdiction undertakes the change and a description of the procedures the jurisdiction was required to follow in deciding to undertake the change."

      Act No. 2006-342 was adopted pursuant to the Legislature's authority to enact laws generally, *see* Ala. Const. art. IV, §§ 44-111, as amended, and the Legislature's authority to "by law provide for the registration of voters, absentee voting, secrecy in voting, the administration of elections, and the nomination of candidates," Ala. Const. art. VIII, § 177(c). Act No. 2006-342 was approved by the Governor pursuant to his authority under Ala. Const. art. V, § 125.

"(i) The date of adoption of the change affecting voting."

      Act No. 2006-342 was signed by Governor Riley on April 12, 2006.

"(j) The date on which the change is to take effect."

      By its terms, Act No. 2006-342 became effective immediately following its passage and approval by the Governor.

"(k) A statement that the change has not yet been enforced or administered, or an explanation of why such a statement cannot be made."

      Act No. 2006-342 has not yet been enforced or administered, and the chief election official for Mobile County, Probate Judge Don Davis, has expressed his belief that Act No. 2006-342 must be precleared before he can proceed with a special election to fill an existing vacancy on the Mobile County Commission. The Circuit Court of Mobile County has entered an Order setting an election schedule for the current vacancy,

Chief, Voting Section
July 2, 2007
Page 5

and that Order states that the election schedule is triggered, in part, by preclearance of Act No. 2006-342, despite the fact that the election schedule is inconsistent with the Act. USDOJ has precleared that Order. *See* USDOJ File No. 2007-3303.

*"(l) Where the change will affect less than the entire jurisdiction, an explanation of the scope of the change."*

Act No. 2006-342 is applicable only to vacancies on the Mobile County Commission.

*"(m) A statement of the reasons for the change."*

We assume full knowledge on your part of your files concerning the State's request for preclearance of Stokes v. Noonan, 524 So. 2d 237 (Ala. 1988), and Riley v. Kennedy, 928 So. 2d 1013 (Ala. 2005). In addition, we note that the change appears to be intended to provide valid State-law authority to support a special election to fill a vacancy on the Mobile County Commission. A three-judge federal district court has declared that Stokes v. Noonan is unenforceable unless precleared and that Act No 85-237 is the baseline for evaluating changes that have occurred since 1985. Kennedy v. Riley, 445 F. Supp. 2d 1333 (M.D. Ala. 2006) (three-judge court). That said, the Alabama Supreme Court said that Act No. 85-237 is unconstitutional, and it is not clear how a State official can act pursuant to an Alabama Act that does not exist under Alabama law because it has been declared unconstitutional, and, thus, was void *ab initio*.

A copy of the decision in Kennedy v. Riley is included as Exhibit D.

*"(n) A statement of the anticipated effect of the change on members of racial or language minority groups."*

By its terms, Act No. 2006-342 calls for vacancies on the Mobile County Commission to be filled by a special election with the process to begin no sooner than 60 days after the vacancy arises and to be complete no later than 90 days after the vacancy arises. We do not believe that a primary election, a primary runoff, and a general election can be conducted within that 30 day period in a way that accommodates the interests of absentee voters including uniformed and overseas voters who reside in Mobile County but will be absent when a special election is conducted. We express no opinion regarding the power of a State court to rewrite Act No. 2006-342 to change the schedule to accommodate the interests of those voters.[1]

---

[1]    As USDOJ knows, however, the Circuit Court of Mobile County has entered an Order setting an election schedule to fill the current vacancy and that Order has been precleared, though the schedule is inconsistent with Act No. 2006-342 (as well as with Act No. 85-237). *See* USDOJ File No. 2007-3303.

Chief, Voting Section
July 2, 2007
Page 6

In this regard, we note that, because no federal office is involved, UOCAVA does not apply. Even so, we believe that the interest of these voters should not lightly be disregarded. We note further that the United States Department of Justice recently sued the State of Alabama contending that the time between the federal primary election and the federal primary runoff election, some three weeks, was insufficient to comply with UOCAVA. The State responded by enacting Act No. 2006-354, which accommodates the voters protected by UOCAVA in federal, State and county primary runoff elections and in municipal elections. With respect to this litigation and Act No. 2006-354, we refer you to your files.

*"(o) A statement identifying any past or pending litigation concerning the change or related voting practices."*

In 1985, when Act No. 85-237 was passed and approved, there was no vacancy on the Mobile County Commission. When the first vacancy arose, and the county contemplated holding a special election to fill the vacancy in accordance with Act No 85-237, a lawsuit was filed in the Circuit Court of Mobile County challenging the constitutionality of Act No. 85-237. The plaintiffs alleged that Act No. 85-237 violated Article IV, §§ 104(29) and 105 of the Constitution of Alabama (1901). The Circuit Court denied relief, but Stokes appealed. Before the case was decided on appeal, the county conducted a special election and filled the vacancy. On appeal, the Supreme Court of Alabama declared Act No. 85-237 unconstitutional on the ground that it violated § 105 of the Alabama Constitution. Stokes v. Noonan, 524 So. 2d 237 (Ala. 1988).[2] Then Governor Guy Hunt, a Republican, solved the State-law problem by appointing the person who had been elected to fill the vacancy.

In 2004, the Alabama Legislature enacted and the Governor approved Act No. 2004-455. Act No. 2004-455 amended the general law codified at § 11-3-6 to allow for local laws that modify the rule of gubernatorial appointment to fill vacancies on county commissions. Act No. 2004-455 was precleared by letter dated September 28, 2004.

In 2005, a vacancy arose on the Mobile County Commission. Some contended that the vacancy was to be filled by gubernatorial appointment; pointing to Stokes v. Noonan, they argued that, because Act No. 85-237 was unconstitutional and Act No. 2004-455 operated prospectively, Act No 2004-455 did not revive Act No. 85-237. Others relied on Act No. 85-237, contending that Act 2004-455 unburied and resuscitated it. This disagreement resulted in litigation.

---

[2]     The Supreme Court of Alabama did not address the contention that Act No. 85-237 violated § 104(29) of the Alabama Constitution. That section bars, among other things, local laws that provide for the conduct of elections. We express no opinion on whether Act No. 85-237, or Act No. 2006-342 for that matter, complies with § 104(29).

Chief, Voting Section
July 2, 2007
Page 7

Three African-American members of the Alabama House of Representatives, Yvonne Kennedy, William Clark, and James Buskey, filed suit in the Circuit Court of Montgomery County asking that court to order that the vacancy be filled through a special election called pursuant to Act No. 85-237.[3]  Governor Riley was named as a defendant.  The Circuit Court of Montgomery County directed that the vacancy be filled by special election, and Governor Riley appealed.  After expedited proceedings in the Supreme Court of Alabama, that Court held that Act No. 2004-455 operated prospectively and did not retroactively revive Act No. 85-237.  Riley v. Kennedy, 928 So. 2d 1013 (Ala. 2006).

The Kennedy Plaintiffs turned around and filed suit in the United States District Court for the Middle District of Alabama.  They contended that the decisions of the Supreme Court of Alabama in Stokes v. Noonan and Riley v. Kennedy represented changes that affected voting and could not be enforced unless precleared.  Governor Riley, who was named as a defendant, responded by contending that, because both decisions affected the underlying validity of a state law, they were not changes.  Rather, he argued that an invalid state law does not finally become State law, even if precleared.  A three-judge federal district court disagreed with Governor Riley and declared that the decisions of the Supreme Court of Alabama were unenforceable unless precleared.  Kennedy v. Riley, 445 F. Supp. 2d 1333 (M. D. Ala. 2006) (three-judge court).  After the Attorney General of the United States declined to preclear the decisions and rejected the State's request for reconsideration, the three-judge federal district court vacated Governor Riley's appointment of Mr. Juan Chastang to fill the vacancy.  Governor Riley has appealed to the United States Supreme Court from the order ousting Mr. Chastang and from the orders that form the predicate for that relief.

In the State's view, any further relief is a matter of State law.  The Kennedy Plaintiffs have filed suit in the Circuit Court of Mobile County asking that court to set a special election under the authority of Act No. 2006-342.  A copy of the Complaint is included with this submission as Exhibit E.[4]  For further proceedings in that action, refer to USDOJ File No. 2007-3303.

As noted above, the State of Alabama contemplates filing suit to seek judicial preclearance of Stokes v. Noonan and Riley v. Kennedy, but that lawsuit has not yet been filed.

---

[3]  Mr. Clark is no longer a Member of the Alabama House of Representatives, but he was when the litigation was filed.

[4]  This is the second time that the Kennedy Plaintiffs have filed suit against Probate Judge Davis in State court.  In May 2007, the Kennedy Plaintiffs filed a similar lawsuit, but dismissed it after Probate Judge Davis sought to intervene in the federal case.  Contemporaneously with the Kennedy Plaintiffs' dismissal of that lawsuit, Probate Judge Davis withdrew his proposed intervention.

Chief, Voting Section
July 2, 2007
Page 8

*"(p) A statement that the prior practice has been precleared (with the date) or is not subject to the preclearance requirement and a statement that the procedure for the adoption of the change has been precleared (with the date) or is not subject to the preclearance requirement, or an explanation of why such statements cannot be made."*

The general law providing for the filling of vacancies on county commissions, § 11-3-6, predates the effective date of the Voting Rights Act, so it did not require preclearance. Act No. 85-237, which changed the general rule to allow for vacancies on the Mobile County Commission to be filled by special election, was precleared on June 17, 1985.

The Supreme Court of Alabama declared Act 85-237 unconstitutional in <u>Stokes v. Noonan</u> in 1988. At the direction of a three-judge federal district court and over its objection, the State submitted <u>Stokes v. Noonan</u> for preclearance in 2006, but, through a letter from the Assistant Attorney General for Civil Rights, the Attorney General of the United States interposed an objection and, subsequently, denied a request for reconsideration.

Governor Riley has filed notice of appeal from the order of the three-judge court vacating his use of § 11-3-6 to appoint Mr. Juan Chastang to fill the vacancy. In addition, the State of Alabama intends to seek judicial preclearance of the decisions of the Supreme Court of Alabama in <u>Stokes v. Noonan</u> and <u>Riley v. Kennedy</u>. If Governor Riley is successful in his appeal, or the State is successful in its attempt to obtain judicial preclearance, Act No. 85-237 will not support a special election to fill the current vacancy. Alternatively, if neither Governor Riley nor the State of Alabama is successful, Act No. 2006-342 will provide State law authority for a special election to fill vacancies on the Mobile County Commission, under the circumstances stated in the Act.

As to the procedure for the adoption of the change, Ala. Const. art. IV, §§ 44-111, as amended, and Ala. Const. art. V, § 125 are general laws not requiring preclearance. Ala. Const. art. VIII, § 177(c) was last amended by Amendment 579, which was proposed by Act No. 95-443. USDOJ precleared Act No. 95-433 on June 24, 1996.

*"(q) For redistrictings and annexations: the items listed under § 51.28 (a)(1) and (b)(1); for annexations only: the items listed under § 51.28(c)(3)."*

Not applicable.

*"(r) Other information that the Attorney General determines is required for an evaluation of the purpose or effect of the change. Such information may include items listed in § 51.28 and is most likely to be needed with respect to redistrictings, annexations, and other complex changes. In the interest of time such information should be furnished with the initial submission relating to voting changes of this type. When such information is required, but not provided, the Attorney General shall notify the submitting authority in the manner provided in § 51.37."*

Chief, Voting Section
July 2, 2007
Page 9

The Kennedy Plaintiffs are current and/or former African-American members of the Alabama Hose of Representatives. While all of them live in Mobile, we do not know if they reside in Commission District 1. They can be reached at:

Yvonne Kennedy
351 North Broad Street
Mobile, AL 36603
(251) 690-6418

James E. Buskey
2207 Barretts Lane
Mobile, AL 36117
(251) 457-7926 (h)
(251) 208-5840 (d)

William Clark
711 South Atmore Avenue
Prichard, AL 36612
(251) 438-1533 (b)
(251) 208-5840 (d)

The Kennedy Plaintiffs have been represented by Ed Still, 2112 11th Avenue South, Birmingham, AL 35205, (205) 320-2882, and Cecil Gardner and Vance McCrary, Gardner Law Firm, Post Office Drawer 3103, Mobile, AL 36652, (251) 433-8100.

Juan Chastang, an African-American whose appointment was vacated by the three-judge federal district court, can be reached at 1503 Chantague Street, Mobile, AL 36603, (251) 574-1100. Chastang resides in Commission District 1.

One or more units of the United States Army Reserve or the Alabama Army National Guard that are based in Mobile have been deployed. We are aware of one such unit, the 226th Area Support Group, that is now in Iraq. Unit members may want to vote absentee in any special election. The chief legal officer, or command judge advocate, for the 226th ASG can be reached at:

LTC W. Terry Travis
Command Judge Advocate
226th Area Support Group
Al Asad Airbase, Building 221
APO AE 09333
william.t.travis@us.army.mil
william.t.travis@iraq.centcom.mil

Chief, Voting Section
July 2, 2007
Page 10

      For further information, please contact John J. Park, Jr., or Misty S. Fairbanks. Please direct all correspondence, including the determination letter, to them.

Sincerely,

TROY KING
Attorney General
By:

*Jack Park*

John J. Park, Jr.
Special Assistant Attorney General

TK:jjp
Enclosures

cc. w/o encl.:     Hon. Kenneth D. Wallis II

ACT No. 2006-*342*

1    HB522

2    78594-4

3    By Representatives Kennedy, Buskey, Clark and Mitchell (N & P)

4    RFD: Mobile County Legislation

5    First Read: 31-JAN-06





HB522

1

2      ENROLLED, An Act,

3             Relating to Mobile County; prescribing procedure for

4      filling certain vacancies on the county commission.

5      BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

6             Section 1. Whenever a vacancy occurs in any seat on

7      the Mobile County Commission with 12 months or more remaining

8      on the term of the vacant seat, the judge of probate shall

9      immediately make provisions for a special election to fill

10     such vacancy with such election to be held no sooner than 60

11     days and no later than 90 days after such seat has become

12     vacant. Such election shall be held in the manner prescribed

13     by law and the person elected to fill such vacancy shall serve

14     for the remainder of the unexpired term.

15            Section 2. The purpose of this act is to reenact Act

16     85-237 of the 1985 Regular Session (Acts 1985, p. 137) without

17     change and to reaffirm the Legislature's intention as set

18     forth in that statute.

19            Section 3. All laws or parts of laws which conflict

20     with this act are repealed.

21            Section 4. This act shall become effective

22     immediately following its passage and approval by the

23     Governor, or its otherwise becoming law.

HB522

1

2

3

_____

4                    Speaker of the House of Representatives

5

_____

6             President and Presiding Officer of the Senate

7                         House of Representatives
8            I hereby certify that the within Act originated in
9       and was passed by the House 14-FEB-06, as amended.
10
11                              Greg Pappas
12                              Clerk
13

14             _____

15

16      Senate          30-MAR-06                          Passed

17

APPROVED    4-12-06
TIME    12:36 p.m.

GOVERNOR

Alabama Secretary Of State
Act Num....: 2006-342
Bill Num...: H-522
Recv'd 04/12/06    01:30pmJJB

Page 2

Westlaw.

928 So.2d 1013

928 So.2d 1013
**(Cite as: 928 So.2d 1013)**

Page 1

▷
Riley v. Kennedy
Ala.,2005.

Supreme Court of Alabama.
Bob RILEY, as Governor of Alabama
v.
Yvonne KENNEDY et al.
**1050087.**

Nov. 9, 2005.
Rehearing Denied Nov. 15, 2005.

**Background:** Voters brought action for a declaratory judgment that special election, rather than gubernatorial appointment, was required to fill vacancy on the Mobile County Commission. The Circuit Court, Montgomery County, No. CV-05-2432,Eugene W. Reese, J., required a special election. Governor appealed.

**Holding:** The Supreme Court, Stuart, J., held that statute which required governor to fill vacancy on county commission, unless local law authorized special election, applied prospectively, not retroactively, and, therefore, did not revive unconstitutional local act requiring vacancy to be filled by special election.

Reversed and remanded.

Woodall, J., concurred in the result.
West Headnotes
**[1] Appeal and Error 30** ☞**893(1)**

30 Appeal and Error
  30XVI Review
    30XVI(F) Trial De Novo
      30k892 Trial De Novo

30k893 Cases Triable in Appellate Court
        30k893(1) k. In General. Most Cited Cases
Supreme Court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented.

**[2] Appeal and Error 30** ☞**893(1)**

30 Appeal and Error
  30XVI Review
    30XVI(F) Trial De Novo
      30k892 Trial De Novo
        30k893 Cases Triable in Appellate Court
        30k893(1) k. In General. Most Cited Cases
Where the facts of a case are essentially undisputed, the Supreme Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review.

**[3] Counties 104** ☞**39**

104 Counties
  104II Government
    104II(C) County Board
      104k39 k. Constitutional and Statutory Provisions. Most Cited Cases
Statute that required governor to fill vacancy on county commission, unless local law authorized special election, applied prospectively, not retroactively, and therefore did not revive unconstitutional local act requiring vacancy in Mobile County Commission to be filled by special election; plain language provided for prospective application, and preamble stated intent to authorize legislature by local law to provide for the manner of filling vacancies in the office of the county commission. Const. Art. 4, § 105; Code 1975, § 11-3-6; Acts 1985, No. 85-237, § 1; Acts 2004, No. 04-455, § 1.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



928 So.2d 1013

928 So.2d 1013
**(Cite as: 928 So.2d 1013)**

Troy King, atty. gen., Kevin C. Newsom, deputy atty. gen., and John J. Park, Jr., and Charles B. Campbell, asst. attys. gen., for appellant.

J. Cecil Gardner of Gardner, Middlebrooks, Gibbons, Kittrell, Olsen, Walker & Hill, P.C., Mobile; and James H. Anderson of Beers, Anderson, Jackson, Patty & Van Heest, P.C., Montgomery, for appellees.

STUART, Justice.

Bob Riley, in his official capacity as Governor of Alabama, appeals a judgment of the Montgomery Circuit Court holding that a vacancy on the Mobile County Commission should be filled by a special election. We reverse and remand.

*Facts*

In an election held on September 13, 2005, Sam Jones, the county commissioner for district 1, Mobile County Commission, was elected to the office of mayor of the City of Mobile. On September 19, 2005, Yvonne Kennedy, James Buskey, and William Clark, registered voters in Mobile County and residents of district 1 (hereinafter referred to collectively as "Kennedy"), filed a pleading in the Montgomery Circuit Court containing the following: a complaint seeking a declaration as to whether Alabama law requires the vacancy in the district 1 seat on the County Commission to be filled by a special election; a petition for a writ of mandamus directing Don Davis, probate judge of Mobile County to conduct such a special election to fill the district 1 seat; and a request for an injunction prohibiting Governor Riley and the other defendants [FN1] from acting to the contrary.

> FN1. In addition to naming Governor Riley as a defendant, the complaint also named Don Davis, in his official capacity as probate judge of Mobile County; the Mobile County Commission; and Stephen Nodine and Mike Dean, in their official capacities as members of the Mobile County Commission. Governor Riley is the only defendant who appealed.

*1015 According to the complaint, Governor Riley, through his legal advisers, had made public statements indicating that he would fill the vacancy created when Jones resigned his seat on the County Commission to assume the office of mayor. Kennedy averred that Governor Riley could not make such an appointment, because, she argued, Act No. 85-237, Ala. Acts 1985, requires that "a special election be held to fill the vacancy, and, if a special election is not held, [Kennedy] and other similarly situated registered voters of the County of Mobile will be disenfranchised and denied the opportunity to vote for a candidate of their choice to fill the vacancy mentioned."

Governor Riley answered the complaint, asserting that he is authorized by general law to fill the vacancy and that Act No. 85-237, Ala. Acts 1985, relied on by Kennedy, was declared unconstitutional by this Court in *Stokes v. Noonan,* 534 So.2d 237 (Ala.1988). Act No. 85-237, he argues, is therefore void, and it was not revived, as Kennedy argues, by the legislature's subsequent enactment of Act No. 2004-455, Ala. Acts 2004, amending § 11-3-6, Ala.Code 1975.

On September 29, 2005, after hearing argument by counsel, the Montgomery Circuit Court, apparently giving a field of operation to Act No. 85-237, Ala. Acts 1985, held that the vacancy on the Mobile County Commission must be filled by a special election rather than by appointment by the Governor. On October 3, 2005, Sam Jones, the commissioner for district 1, resigned to assume the office of mayor of the City of Mobile. On October 11, 2005, Governor Riley appealed.

*Standard of Review*

[1][2] " 'This court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented.' *Scott Bridge Co. v. Wright,* 883 So.2d 1221, 1223 (Ala.2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. *Carter v. City of*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

928 So.2d 1013

928 So.2d 1013
**(Cite as: 928 So.2d 1013)**

*Haleyville,* 669 So.2d 812, 815 (Ala.1995)."
*Continental Nat'l Indem. Co. v. Fields,* 926 So.2d
1033, 1034-35 (Ala.2005).

### Discussion

[3] Governor Riley contends that Act No.
2004-455, Ala. Acts 2004, amending § 11-3-6,
Ala.Code 1975, did not revive Act No. 85-237, Ala.
Acts 1985, which this Court had held
unconstitutional, see *Stokes v. Noonan,* and that,
therefore, the trial court erred in declaring that the
vacancy on the Mobile County Commission created
by Jones's resignation should be filled by a special
election.FN2

> FN2. We review this issue only as
> presented by these facts and by the parties'
> arguments regarding these facts; we do
> not address any other possible
> impediments that may exist to the
> constitutionality or enforceability of Act
> No. 85-237.

In *Stokes,* this Court addressed the constitutionality
of Act No. 85-237, which provided that vacancies
on the Mobile County Commission would be filled
by a special election when at least 12 months
remained on the unexpired term of any
commissioner. The registered voter challenging
Act No. 85-237 in *Stokes* argued that Act No.
85-237, a local act, was subsumed by a general law,
§ 11-3-6, Ala.Code 1975, and, consequently, was
unconstitutional under Art. IV, § 105, Alabama
Constitution 1901.

Act No. 85-237 provided:
**\*1016** " 'Whenever a vacancy occurs in any seat on
the Mobile County Commission with twelve months
or more remaining on the term of the vacant seat,
the judge of probate shall immediately make
provisions for a special election to fill such vacancy
with such election to be held no sooner than sixty
days and no later than ninety days after such seat
has become vacant. Such election shall be held in
the manner prescribed by law and the person
elected to fill such vacancy shall serve for the

remainder of the unexpired term.' "

534 So.2d at 238. We held that Act No. 85-237,
applicable only to Mobile County, constituted a
local law on the same subject as the previously
enacted general law. We then considered § 11-3-6,
Ala.Code 1975, which appears in Chapter 3, Title
11, of the Alabama Code pertaining to county
commissions. It provided at the time we decided
*Stokes:* " 'In case of a vacancy, it shall be filled by
appointment by the governor, and the person so
appointed shall hold office for the remainder of the
term of the commissioner in whose place he is
appointed.' " 534 So.2d at 238. We recognized
that § 11-3-6 is clearly a general law, a statewide
statute addressing the filling of vacancies on county
commissions throughout the State, and that the
legislature did not in the language of § 11-3-6,
Ala.Code 1975, manifest an intent to except the
local law from the general law. Therefore, we held
that Act No. 85-237 was contrary to § 11-3-6,
Ala.Code 1975, and, consequently, that it violated
Art. IV, § 105, Alabama Constitution 1901, which
provides, in pertinent part: "No special, private, or
local law ... shall be enacted in any case which is
provided for by a general law." We reasoned that
because the legislature did not in § 11-3-6,
Ala.Code 1975, manifest an intent to except the
local law from the general law, the contrary local
law, in that case Act No. 85-237, must defer to the
general law, § 11-3-6, Ala.Code 1975, and,
consequently, we held, Act No. 85-237 violated Art.
IV, § 105, Alabama Constitution 1901.

On May 14, 2004, Governor Riley approved Act
No. 2004-455 and it became effective. Act No.
2004-455 amends § 11-3-6, Ala.Code 1975, to read
as follows: "Unless a local law authorizes a special
election, in case of a vacancy, it shall be filled by
appointment by the governor, and the person so
appointed shall hold office for the remainder of the
term of the commissioner in whose place he or she
is appointed."

Kennedy argues that Act No. 2004-455, which
amended § 11-3-6, Ala.Code 1975, manifests an
intent by the legislature to cure the impediment to
the enforceability this Court found as to Act No.
85-237 and to now give effect to that Act and that,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

928 So.2d 1013

928 So.2d 1013
**(Cite as: 928 So.2d 1013)**

consequently, a special election is the proper procedure by which to fill the vacancy created on the Mobile County Commission by Jones's resignation. We agree with that conclusion because the language of Act No. 2004-455 does not clearly so indicate.

This Court has consistently held that
" 'statutes are to be prospective only, unless clearly indicated by the legislature. Retrospective legislation is not favored by the courts, and statutes will not be construed as retrospective unless the language used in the enactment of the statute is so clear that there is no other possible construction. *Sutherland Stat. Const.,* § 41.04 (4th ed 1984).'
"*Dennis v. Pendley,* 518 So.2d 688, 690 (Ala.1987). "

*Gotcher v. Teague,* 583 So.2d 267, 268 (Ala.1991). Moreover, although curative statutes are "of necessity" retroactive, *1017*Horton v. Carter,* 253 Ala. 325, 328, 45 So.2d 10, 12 (1950), even they are subject to the same rule of statutory construction, i.e., they will not be construed as retroactive unless the intent of the legislature that the statute have such retroactive effect is clearly expressed. The act under consideration in *Horton* expressly provided: "This Act shall be deemed retroactive in its effect upon its passage and approval by the Governor or upon its otherwise becoming a law." 253 Ala. at 328, 45 So.2d at 12. On numerous other occasions the legislature has demonstrated its ability to provide expressly for retroactive effect when enacting curative legislation. See, *e.g.,* § 34-8-28(h), Ala.Code 1975 ("The provisions of this amendatory section are remedial and curative and shall be retroactive to January 1, 1998."); § 11-50-16(c), Ala.Code 1975 ("The provisions of this section shall be curative and retroactive ...."); § 11-43-80(d), Ala.Code 1975 (" The provisions of this section shall be curative and retroactive ...."); and Act No. 2001-891, § 5, Ala. Acts 2001 ("It is the intent of the Legislature that this act be construed as retroactive and curative.").

Here, the plain language in Act No. 2004-455, amending § 11-3-6, Ala.Code 1975, provides for prospective application only, and that language must be given effect according to its terms.

Nothing in the language in Act No. 2004-455 demonstrates an intent by the legislature that the amendment of § 11-3-6 apply retroactively. The argument that Act No. 2004-455 applies prospectively only is further supported by the preamble of the Act, which provides that the purpose of the Act is "[t]o amend Section 11-3-6 of the Code of Alabama 1975, relating to county commissions, *to authorize the Legislature by local law to provide for the manner of filling vacancies in the office of the county commission.*" (Emphasis added.) The language "to authorize the Legislature ... to provide" the means by which vacancies on the county commission are to be filled further indicates an intention by the legislature that the Act is to be prospectively applied. Therefore, we hold that Act No. 2004-455 applies prospectively only; consequently, Governor Riley is authorized to fill the vacancy on the Mobile County Commission by appointment.

*Conclusion*

Based on the foregoing, we conclude that the trial court erred in holding that the vacancy on the Mobile County Commission should be filled by a special election. Its judgment so holding is, therefore, reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

NABERS, C.J., and SEE, LYONS, HARWOOD, SMITH, BOLIN, and PARKER, JJ., concur.
WOODALL, J., concurs in the result.
Ala.,2005.
Riley v. Kennedy
928 So.2d 1013

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

534 So.2d 237

534 So.2d 237
(Cite as: 534 So.2d 237)

Page 1

▷
Stokes v. Noonan
Ala.,1988.

Supreme Court of Alabama.
Willie H. STOKES
v.
Lionel W. "Red" NOONAN, in his capacity as
Judge of the Probate Court of Mobile County, et al.
86-1082.

Sept. 30, 1988.

Registered voter of Mobile County brought action contesting constitutionality of local act, which provided for filling of vacancies on Mobile County Commission by special election. The Circuit Court, Mobile County, Edward B. McDermott, J., entered judgment against voter, and voter appealed. The Supreme Court, Beatty, J., held that local act is unconstitutional under state constitutional provision, which states that no local law shall be enacted in any case which is provided by a general law.

Reversed and judgment rendered.

Maddox, J., concurred specially and filed opinion.

Almon, J., concurred in result.

Steagall, J., dissented and filed opinion in which Adams, J., concurred.
West Headnotes
Counties 104 ⊙⊃41

104 Counties
    104II Government
        104II(C) County Board
            104k41 k. Appointment or Election. Most
Cited Cases
Local act, which provides for filling of vacancies on Mobile County Commission by special election where at least 12 months remain on any

commissioner's unexpired term is unconstitutional under state constitutional provision, which states that no local law shall be enacted in any case which is provided by a general law; general law provides for filling of vacancies by appointment by Governor. Acts 1985, No. 85-237, § 1 et seq.; Code 1975, § 11-3-6; Const. § 105.

*237 W. Gary Hooks, Jr., Mobile, for appellant.
James C. Wood of Simon, Wood and Crane, Mobile, for appellee Lionel W. Noonan.
Michael A. Figures and J. Malcolm Jackson III of Figures, Ludgood & Figures, Mobile, for appellees Leophus Lyde, James Buskey, Frank Seals and Michael A. Figures.
BEATTY, Justice.
The plaintiff, Willie H. Stokes, appeals from a judgment in favor of defendant Lionel W. "Red" Noonan, et al., holding that Act No. 85-237, Acts of Alabama 1985, is valid and constitutional.

Stokes, as a registered voter, taxpayer, and real property owner of Mobile County, filed suit in April 1987 contesting the constitutionality*238 of Act No. 85-237, which provides for the filling of vacancies on the Mobile County Commission by a special election when at least 12 months remain on any commissioner's unexpired term:
"Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."

Stokes contends that the subject of local Act No. 85-237 is subsumed by a general law, § 11-3-6, Code of 1975, and therefore, under Art. IV, § 105,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Constitution 1901, and this Court's decision in *Peddycoart v. City of Birmingham,* 354 So.2d 808 (Ala.1978), is unconstitutional.

Section 105, in pertinent part, states: "No special, private, or local law ... shall be enacted in any case which is provided by a general law." Section 11-3-6, Code of 1975, is contained in the chapter pertaining to county commissions and refers to vacancies:

"In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed."

Stokes also contends that Act No. 85-237 violates Art. IV, § 104(29), Constitution of 1901, which states, in pertinent part:"The legislature shall not pass a special, private, or local law in any of the following cases:

"....

"(29) Providing for the conduct of elections or designating places of voting, or changing the boundaries of wards, precincts, or districts, except in the event of organization of new counties, or the changing of the lines of old counties...."

We need not address the plaintiff's attacks under § 104(29) because we are convinced that Act No. 85-237 clearly offends § 105 of the Constitution of 1901.

In *Peddycoart v. City of Birmingham,* 354 So.2d 808 (Ala.1978), this Court explained at length the difference between a local law and a general law, and, applying the literal language of the Constitution of 1901, held that the presence of a general law upon a given subject was *primary,* meaning "that a local law cannot be passed upon that subject." This Court added at 813:

"By constitutional definition a general law is one which applies to the whole state and to each county in the state with the same force as though it had been a valid local law from inception. Its passage is none the less based upon local considerations simply because it has a statewide application, and already having that effect, the constitutional framers

have prohibited the enactment of a local act when the subject is already subsumed by the general statute."

Section 11-3-6 is a statewide statute governing the general subject of filling vacancies on county commissions. Its language is substantially the same as its complementary section that appeared in Ala.Code 1940 as Title 12, § 6. See also Ala.Code 1940, Title 12, § 6 (Recomp.1958).

Act No. 85-237 was approved April 8, 1985. By its terms, it is made applicable only to Mobile County. Hence, when it became law it applied to a political subdivision of the state less than the whole, and, thus, it was a local law on the same subject as the previously enacted general law, § 11-3-6; see Constitution of 1901, § 110; *Peddycoart,* 354 So.2d at 814; and, accordingly, it is unconstitutional under § 105. We cannot, therefore, agree with the defendant that the Mobile County Commission, because of statutory history, has always been, and therefore is still, governed by local law. To approve such a proposition here would run directly counter to the language of our constitution. Surely, it cannot be held that the legislature is proscribed from enacting general laws on subjects*239 already covered by local laws, even if by application such local laws are repealed, when the intent of the legislature is clear-and it is in this case. See *Buskey v. Mobile County Board of Registrars,* 501 So.2d 447 (Ala.1986).

In *Baldwin County v. Jenkins,* 494 So.2d 584 (Ala.1986), a similar question dealing with the constitutionality of a local act was resolved. In that case, this Court was confronted with two statutes dealing with the election and terms of the office of county commissioners. This Court held that the general statute, Code of 1975, § 11-3-1, as amended, having contained the language, "unless otherwise provided by local law," manifested a legislative intent that the subject it dealt with not be subsumed within it:

"A situation completely opposite and contrary to the one presented here was contemplated and prohibited by the constitutional framers, which is to say that the legislature, by enacting a general law

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

534 So.2d 237
**(Cite as: 534 So.2d 237)**

*containing no such provision or exception for contrary local laws,* thereby intended that general law to be *primary* and the subject subsumed entirely by the general law. In that situation, § 105 does operate to prohibit the enactment of contrary local laws. Such is not the case with respect to § 11-3-1 and Act No. 84-639. Because the language of the statute provides for the existence of and prevailing effect of contrary local laws, it must be that the legislature did not intend the subject to be ' subsumed' exclusively within § 11-3-1. That being the case, the co-existence of the general law (§ 11-3-1) and the *contrary* local law (Act No. 84-639) deferred to in the general law, cannot be said to be repugnant to § 105 because 'the constitutional framers have [only] prohibited the enactment of a local act when the subject [as intended by the legislature] is already subsumed by the general statute.' *Peddycoart,* [354 So.2d at 813]."

*494 So.2d at 587. (Emphasis in *Jenkins.*)*

No such intent is demonstrated by the language of § 11-3-6 regarding filling of vacancies, and that language must be given effect according to its terms. Thus, it is our duty to declare Act No. 85-237 unconstitutional as violating § 105. It follows that the judgment appealed from must be, and it is hereby, reversed, and a judgment rendered declaring that Act unconstitutional.

REVERSED AND JUDGMENT RENDERED.

TORBERT, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
MADDOX, J., concurs specially.
ALMON, J., concurs in the result.
ADAMS and STEAGALL, JJ., dissent.MADDOX, Justice (concurring specially).
I concur completely with the opinion holding that Act No. 86-237 is unconstitutional under § 105, under this Court's decision in *Peddycoart,* cited in the majority opinion.

I do not believe it is necessary to distinguish *Baldwin County v. Jenkins,* 494 So.2d 584 (Ala.1986), which I thought was incorrectly decided, for the reasons I expressed in a dissent in

that case; therefore, I concur specially.

STEAGALL, Justice (dissenting).
I respectfully dissent as to the majority opinion's reversal of the trial court's decision that Act No. 85-237 is valid and constitutional.

The Mobile County Commission was created on August 7, 1957, when the Alabama Legislature passed Act No. 181, Acts of Alabama 1957, a local act. The Act created the Mobile County Commission out of the existing board of revenue and road commissioners and provided for the election of its members, those members' terms of office, qualifications for that office, and various other requirements dealing with the filling of vacancies when they occurred. That Act states specifically:
"Vacancies on the commission shall be filled by appointment by the Governor, but the office of president of the commission*240 shall be filled by the members thereof. Any person appointed to fill a vacancy shall serve the unexpired term, and until his successor is elected and qualified."

Act No. 181, § 2(b), Acts of Alabama 1957, at 234.

The local act being question here, Act No. 85-237, Acts of Alabama 1985, states, in regard to vacancies on the Mobile County Commission:
"Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."

Act No. 85-237, Acts of Alabama 1985, at 137.

This Court has on several occasions upheld trial courts' rulings that a local act amending a local act is not unconstitutional. In *Freeman v. Purvis,* 400 So.2d 389 (Ala.1981), the Court upheld a trial court ruling which found that:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

534 So.2d 237
**(Cite as: 534 So.2d 237)**

"Act 80-797 passed in the 1980 regular session of the Legislature of Alabama, is a Local Act which amends a local act and is not unconstitutional."

400 So.2d at 390. The Court then stated:" Accordingly, the trial court was correct when it held that Act No. 797 was a local law which amended Act No. 710, a pre-existing local law."

400 So.2d at 392.

Local Act 85-237 is amendatory in nature, affecting the already-existing local legislation, which created the Mobile County Commission and provided for the filling of vacancies.

In *Peddycoart v. City of Birmingham,* 354 So.2d 808 (Ala.1978), we stated, regarding legislation passed before and after that decision:
"Henceforth when at its enactment legislation is local in its application it will be a local act and subject to all of the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases."

354 So.2d at 814.

The effect of this passage was to say that the new standard established in *Peddycoart* as to the constitutionality of local legislation would be applied only prospectively. *Ex parte Bracewell,* 407 So.2d 845 (Ala.1979), *reversed on other grounds,* 457 U.S. 1114, 102 S.Ct. 2920, 73 L.Ed.2d 1325 (1982). Where, as here, we are looking at legislation enacted prior to *Peddycoart* but amended afterwards, this Court is required to apply the law as it stood before *Peddycoart.* That law can be found in the case of *Johnson v. State ex rel. City of Birmingham,* 245 Ala. 499, 17 So.2d 662 (1944):
"Sec. 105 of the Constitution is not construed to inhibit local legislation on a subject not prohibited by the Constitution, merely because the local law is different, and works a partial repeal of a general law. "

245 Ala. at 503, 17 So.2d at 664, citing *Talley v.*

*Webster,* 225 Ala. 384, 143 So. 555 (1932). This Court, in *Talley v. Webster,* in determining whether a statute violated Section 105 of the Constitution, stated:"We need not review the numerous cases construing this section. Suffice it to say it does not inhibit the passage of local laws on subjects, not prohibited by Section 104, merely because such local law is different, and works a partial repeal of the general law of the state in the territory affected."

225 Ala. at 385, 143 So. at 555.

In the case of *Norris v. Seibels,* 353 So.2d 1165 (Ala.1977), this Court reversed a judgment of the Alabama Court of Civil Appeals and held that a showing of specific legislative intent was necessary to effect any such repeal:
*241 "This general statute cannot be repealed by implication found in the local statute unless the legislative intent to effect such a repeal is clearly manifested."

353 So.2d at 1167. This Court held that the language used in the questioned local statute contained no express repeal of the general statute. However, such is not the case here. Section 3 of Act 85-237, Acts of Alabama 1985, demonstrates a specific legislative intent by expressly repealing " [a]ll laws or parts of laws which are in conflict with this act."

Because I believe that Act 85-237, a local act, is amendatory in nature and therefore that the law to be applied is that existing prior to our decision in *Peddycoart,* supra, I believe the trial court's judgment should be affirmed.

ADAMS, J., concurs.
Ala.,1988.
Stokes v. Noonan
534 So.2d 237

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

445 F.Supp.2d 1333

Page 1

445 F.Supp.2d 1333
**(Cite as: 445 F.Supp.2d 1333)**

Kennedy v. Riley
M.D.Ala.,2006.

United States District Court,M.D.
Alabama,Northern Division.
Yvonne KENNEDY, James Buskey & William
Clark, Plaintiffs,
v.
Honorable Bob RILEY, as Governor of the State of
Alabama, Defendant.
**Civil Action No. 2:05cv1100-MHT.**

Aug. 18, 2006.

**Background:** Action was brought alleging that
State of Alabama failed to preclear two decisions of
the Alabama Supreme Court, as required by the
Voting Rights Act.

**Holding:** A three judge panel of the District Court,
Myron H. Thompson, J., held that two Alabama
Supreme Court decisions had to be precleared
before they could be implemented.

Judgment for plaintiffs.
West Headnotes
[1] Elections 144 12(8)

144 Elections
    144I Right of Suffrage and Regulation Thereof
in General
        144k12 Denial or Abridgment on Account of
Race
            144k12(8) k. Federal Preclearance of
Changes in Voting Procedure. Most Cited Cases
Voting Rights Act requires certain States to obtain
preclearance from the Attorney General of the
United States or the United States District Court for
the District of Columbia when they or their political
subdivisions enact or seek to administer any

standard, practice, or procedure with respect to
voting different from that in force or effect on
November 1, 1964. Voting Rights Act of 1965, § 5,
42 U.S.C.A. 1973c.

[2] Elections 144 12(8)

144 Elections
    144I Right of Suffrage and Regulation Thereof
in General
        144k12 Denial or Abridgment on Account of
Race
            144k12(8) k. Federal Preclearance of
Changes in Voting Procedure. Most Cited Cases
Generally, under the Voting Rights Act a change
from an elected to an appointed office requires
preclearance. Voting Rights Act of 1965, § 5, 42
U.S.C.A. 1973c.

[3] Elections 144 12(8)

144 Elections
    144I Right of Suffrage and Regulation Thereof
in General
        144k12 Denial or Abridgment on Account of
Race
            144k12(8) k. Federal Preclearance of
Changes in Voting Procedure. Most Cited Cases
A change in election standards, practices, or
procedures brought about by state court decisions
are subject to preclearance requirements of the
Voting Rights Act. Voting Rights Act of 1965, § 5,
42 U.S.C.A. 1973c.

[4] Elections 144 12(8)

144 Elections
    144I Right of Suffrage and Regulation Thereof
in General
        144k12 Denial or Abridgment on Account of
Race
            144k12(8) k. Federal Preclearance of
Changes in Voting Procedure. Most Cited Cases
Under the Voting Rights Act, a state may preclear a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
D

PENGAD 800-631-6989

445 F.Supp.2d 1333

Page 2

445 F.Supp.2d 1333
**(Cite as: 445 F.Supp.2d 1333)**

voting change by obtaining a declaratory judgment in the United States District Court for the District of Columbia, or by submitting the change to the Attorney General of the United States for approval; if the Attorney General approves the change, or fails to register an objection to the change within 60 days, the change is precleared. Voting Rights Act of 1965, § 5, 42 U.S.C.A. 1973c.

**[5] Elections 144 ☞12(8)**

144 Elections
   144I Right of Suffrage and Regulation Thereof in General
      144k12 Denial or Abridgment on Account of Race
         144k12(8) k. Federal Preclearance of Changes in Voting Procedure. Most Cited Cases
In a case concerning preclearance requirements of Voting Rights Act, court must determine (1) whether the change in standards, practices, or procedures with respect to voting was subject to preclearance requirement, (2) whether the approval requirements were satisfied, and (3) if not, what remedy is appropriate. Voting Rights Act of 1965, § 5, 42 U.S.C.A. 1973c.

**[6] Elections 144 ☞12(8)**

144 Elections
   144I Right of Suffrage and Regulation Thereof in General
      144k12 Denial or Abridgment on Account of Race
         144k12(8) k. Federal Preclearance of Changes in Voting Procedure. Most Cited Cases
Two decisions of the Alabama Supreme Court, which held that a precleared local law requiring special elections to fill County Commission vacancies violated the Alabama Constitution, and that a subsequent precleared Alabama statute did not render the local law enforceable, had to be precleared pursuant to the Voting Rights Act before they could be implemented; the two Court decisions constituted changes in election standards, practices, or procedures. Voting Rights Act of 1965, § 5, 42 U.S.C.A. 1973c.

**[7] Elections 144 ☞12(9.1)**

144 Elections
   144I Right of Suffrage and Regulation Thereof in General
      144k12 Denial or Abridgment on Account of Race
         144k12(9) Judicial Review or Intervention; Injunction
           144k12(9.1) k. In General. Most Cited Cases
Having determined that two decisions of the Alabama Supreme Court required preclearance, pursuant to the Voting Rights Act, before they could be implemented, District Court would give State 90 days to obtain the necessary preclearance before enjoining enforcement of the decisions or taking action regarding other actions taken in reliance thereon. Voting Rights Act of 1965, § 5, 42 U.S.C.A. 1973c.

Edward Still, Edward Still Law Firm & Mediation Center, Birmingham, AL, Jesse Cecil Gardner, Michael Vance McCrary, Gardner Middlebrooks Gibbons Kittrell & Olsen, PC, Mobile, AL, for Plaintiffs.
John J. Park, Jr., Office of the Attorney General, Montgomery, AL, for Defendant.

Before STANLEY MARCUS, Circuit Judge, MYRON H. THOMPSON, District Judge, and W. HAROLD ALBRITTON, Senior District Judge.

**OPINION**
MYRON H. THOMPSON, District Judge.
This three-judge court has been convened to consider the claim of plaintiffs Yvonne Kennedy, James Buskey, and William Clark that, under § 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, the State of Alabama was required, but failed, to preclear two decisions of the Alabama Supreme Court: *Stokes v. Noonan,* 534 So.2d 237 (Ala.1988), and *Riley v. Kennedy,* 928 So.2d 1013 (Ala.2005). For the reasons that follow, we hold that the state court decisions should have been precleared before they were implemented.

I.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

445 F.Supp.2d 1333
**(Cite as: 445 F.Supp.2d 1333)**

A brief chronology of the events leading up to the challenge to these two state court decisions is helpful:

*April through June 1985:* Act No. 85-237, a local law providing, in certain circumstances, for a special election to fill vacancies on the Mobile County Commission, was enacted and, shortly thereafter, precleared by the United States Attorney General.[FN1] Prior to Act No. 85-237, such *1335 vacancies were filled by gubernatorial appointment.

> FN1. Act No. 85-237 states that:
> "Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of that seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant...."
> Act of Apr. 8, 1985, No. 85-237, 1985 Ala. Acts 137.

*June and July 1987:* Pursuant to Act No. 85-237, a special election was held to fill a vacancy on the Mobile County Commission. Sam Jones won and assumed office.

*September and October 1988:* In *Stokes v. Noonan,* the Alabama Supreme Court held that, because Act No. 85-237 was a local statute and because it conflicted with and was subsumed by another state law of general application, it violated the Alabama Constitution. The governor then appointed Jones to the Mobile County Commission seat to which he was previously elected. The State did not submit *Stokes v. Noonan* for preclearance.

*May through September 2004:* The Alabama Legislature passed Act No. 2004-455 expressly to allow local laws to make exceptions to the general rule of filling vacancies by gubernatorial appointments.[FN2] The United States Attorney General precleared Act No. 2004-455.

> FN2. Act No. 2004-455 amended the general law, Ala.Code § 11-3-6, to read as follows:
> "Unless a local law authorizes a special election, in case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed."

*September and October 2005:* Jones was elected Mayor of Mobile and vacated his Mobile County Commission position.

*November 2005:* In *Riley v. Kennedy,* the Alabama Supreme Court rejected claims that Act No. 2004-455 revived Act No. 85-237 and that, as a result, Act. No. 85-237 now required that the vacancy on the Mobile County Commission be filled by special election rather than by gubernatorial appointment; the court held that Act No. 2004-455 applied only prospectively. Relying on *Riley v. Kennedy,* the governor appointed Juan Chastang to the vacated position on the Mobile County Commission. As with *Stokes v. Noonan,* the State did not submit *Riley v. Kennedy* for preclearance.

The plaintiffs then filed this lawsuit claiming that *Riley v. Kennedy* and the earlier decision in *Stokes v. Noonan* could not be implemented without first being precleared.

## II.

The thrust of the plaintiffs' argument is that, because Act No. 85-237 was precleared and enforced, *Stokes v. Noonan* (the decision invalidating it) and *Riley v. Kennedy* (the later decision refusing to revive, and therefore, to enforce it) should not have been implemented without first being precleared.

## A.

[1][2][3] Section 5 of the Voting Rights Act

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

445 F.Supp.2d 1333
**(Cite as: 445 F.Supp.2d 1333)**

requires certain States, such as Alabama, to obtain preclearance from the Attorney General of the United States or the United States District Court for the District of Columbia when they "or [their] political subdivision[s] ... enact or seek to administer any ... standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964." 42 U.S.C. § 1973c. Generally, a change from an elected to an appointed office requires preclearance, *Allen v. State Bd. of Elections,* 393 U.S. 544, 569-70, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969), and a § 5 change may be brought about by state court decisions. *Branch v. Smith,* 538 U.S. 254, 262, 123 S.Ct. 1429, 155 L.Ed.2d 407 (2003).

[4] "The State may preclear a voting change in one of two ways: it may obtain a *1336 declaratory judgment in the United States District Court for the District of Columbia, or it may submit the change to the Attorney General of the United States for approval. If the Attorney General approves the change, or fails to register an objection to the change within 60 days, the change is precleared." *Boxx v. Bennett,* 50 F.Supp.2d 1219, 1223 (M.D.Ala.1999) (three-judge court).

[5] In reviewing the plaintiffs' § 5 claim, we are tasked with the limited purpose of determining "(i) whether a change was covered by § 5, (ii) if the change was covered, whether § 5's approval requirements were satisfied, and (iii) if the requirements were not satisfied, what remedy [is] appropriate." *City of Lockhart v. United States,* 460 U.S. 125, 129 n. 3, 103 S.Ct. 998, 74 L.Ed.2d 863 (1983). Because it is undisputed that *Stokes v. Noonan* and *Riley v. Kennedy* were not precleared, the critical inquiries for this court are whether these decisions brought about a change covered by § 5, and, if so, the appropriate remedy.

In determining whether a change covered by § 5 occurred, we must first determine if there was, in fact, a change. Changes are measured by comparing the new challenged practice with the baseline practice, that is, the most recent practice that is both precleared and in force or effect. *Abrams v. Johnson,* 521 U.S. 74, 96-97, 117 S.Ct. 1925, 138 L.Ed.2d 285 (1997) (citing 28 CFR §

51.54); *Gresham v. Harris,* 695 F.Supp. 1179, 1183 (N.D.Ga.1988) (three-judge court), *aff'd sub nom. Poole v. Gresham,* 495 U.S. 954, 110 S.Ct. 2556, 109 L.Ed.2d 739 (1990).

Here, the parties dispute what constitutes the baseline practice. The plaintiffs argue that the baseline is Act No. 85-237, which provided for the filling of the vacancy on the Mobile County Commission by special election; they maintain that *Stokes v. Noonan* and *Riley v. Kennedy* were changes because the former invalidated the Act and the latter still refused to enforce it. The State responds that the baseline could not be Act No. 85-237 because the Alabama Supreme Court declared it unconstitutional; the State posits that *Stokes v. Noonan* and *Riley v. Kennedy* did not reflect a change but were rather a mere reaffirmation of the correct scope of the governor's preexisting appointment power under Alabama general law.

[6] We think the plaintiffs have the better argument. Because Act No. 85-237 was the most recent precleared practice put into force and effect with the election of Jones in 1987, it is the baseline against which we must determine if there was a change. To be sure, the Alabama Supreme Court declared Act No. 85-237 unconstitutional under state law; this was, however, after Act No. 85-237 had been put into effect. We are required to determine the baseline "without regard for [its] legality under state law." *Lockhart,* 460 U.S. at 133, 103 S.Ct. 998 (relying on *Perkins v. Matthews,* 400 U.S. 379, 394-395, 91 S.Ct. 431, 27 L.Ed.2d 476 (1971)).

We therefore hold that, because Act No. 85-237 is the baseline and because *Stokes v. Noonan* invalidated Act No. 85-237 and *Riley v. Kennedy* held that Act No. 85-237 was not rendered enforceable by Act No. 2004-455, the two decisions constituted changes that should have been precleared before they were implemented. In reaching this holding, we emphasize that we are in no way disputing the rulings of the Supreme Court of Alabama, the reasoning underlying the rulings in these two cases, or that the governors acted in accordance with state law in making the appointments. Indeed, this court does not have

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

445 F.Supp.2d 1333

445 F.Supp.2d 1333
**(Cite as: 445 F.Supp.2d 1333)**

jurisdiction to address such purely state-law questions. Whether Act No. 85-237 is, in fact, unconstitutional under state law and **\*1337** whether positions on the Mobile County Commission must be filled by special election or gubernatorial appointment are state-law questions we do not reach and should not be understood in any way as reaching; our holding today does not in any way undermine these two decisions under state law. We merely hold that federal law requires that they be precleared before they are implemented.

### B.

[7] The plaintiffs suggest that rather than enjoin enforcement of *Stokes v. Noonan* and *Riley v. Kennedy,* or otherwise even consider taking any action regarding the appointment of Juan Chastang to the Mobile County Commission, we should give the State 90 days to obtain the necessary preclearance. We agree.

### JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Judgment is entered in favor of plaintiffs Yvonne Kennedy, James Buskey, and William Clark and against defendant Bob Riley.

(2) The State of Alabama has 90 days from the date of this order to obtain preclearance in accordance with § 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c; if the State fails to comply with this requirement within the time allowed, the court will revisit the issue of remedy. Defendant Riley is to keep the court informed of what action, if any, the State decides to take and the result of that action.

It is further ORDERED that costs are taxed against defendant Riley, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment

pursuant to Rule 58 of the Federal Rules of Civil Procedure.

M.D.Ala.,2006.
Kennedy v. Riley
445 F.Supp.2d 1333

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| Yvonne Kennedy, James Buskey, and William Clark, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 2:05-cv-01100-MHT-DRB |
| Honorable Bob Riley, as Governor of the State of Alabama, | * * * | |
| Defendant. | * | |

### Plaintiffs' Notice of Second Action Filed in State Court

Plaintiffs' give notice to the Court of an action filed in the Circuit Court for Mobile County entitled *Yvonne Kennedy, et al v. Honorable Don Davis* on June 20, 2007.  A copy of the Verified Complaint is attached.

Respectfully submitted,


  s/ J. Cecil Gardner
J. CECIL GARDNER, ESQ.
THE GARDNER FIRM, P.C.
P.O. Box 3103
Mobile, Alabama 36652
(251) 433-8100


Edward Still, Esq.
Edward Still Law Firm & Mediation Center
2112 11th Avenue South, Suite 201
Birmingham, AL 35205-2844
205-320-2882
877-264-5513 (facsimile)



EXHIBIT
E

## CERTIFICATE OF SERVICE

I certify that on June 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

John J. Park, Esq.
Assistant Attorney General
Office of the Attorney General of
Alabama
11 South Union Street
Montgomery, AL 36130-0152

J. Michael Druhan, Jr., Esq.
Johnston Druhan, LLP
P.O. Box 54
Mobile, AL 36601

s/ J. Cecil Gardner

IN THE CIRCUIT COURT MOBILE COUNTY, ALABAMA

YVONNE KENNEDY, JAMES           *
BUSKEY & WILLIAM CLARK,
                                *

     Plaintiffs,                *

                                *          CIVIL ACTION
vs.
                                *    NO._____
HONORABLE DON DAVIS, as         *
Probate Judge of Mobile County,
Alabama,                        *

     Defendant.                 *

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND FOR WRIT OF MANDAMUS

1.     This is a petition for a writ of mandamus pursuant to Code of Alabama, 6-6-640, for a declaratory judgment pursuant to Code of Alabama, § 6-6-204, et seq. and for injunctive relief based thereon.

### PLAINTIFFS

2.     Plaintiffs Yvonne Kennedy, James Buskey and William Clark are each registered voters in Mobile County, Alabama and are residents of County Commission District 1.

### DEFENDANTS

3.     Honorable Don Davis is the Probate Judge of Mobile County and is charged by law with the responsibility of making provision for and conducting a special election to fill a vacancy on the Mobile County Commission when a vacancy occurs with twelve (12) or more months remaining on the term of office of a commissioner who vacates the office. Acts of Alabama, 2006, Act No. 2006-342. (Exhibit A)

4.      On October 3, 2005, Honorable Sam Jones, vacated the office of County Commissioner of District 1 of the Mobile County Commission, in order to assume the office of Mayor of the City of Mobile.

5.      Governor Bob Riley, purporting to act under authority of Code of Alabama, § 11-3-6, appointed an individual to the vacancy in Commission District 1. The appointment was declared unlawful on May 1, 2007 by the U.S. District Court for the Middle District of Alabama in case number CV 2:05 CV 1100.MHT. A copy of the Order declaring such is attached hereto as Exhibit B.

6.      Because of the action of the U.S. District Court, there is now again a vacancy in County Commission District 1 which must be filled according to the law.

7.      On April 12, 2006, Governor Riley signed into law Act No. 2006-342, a copy of which is attached hereto as Exhibit B. Act No. 2006-342, in essence, requires that the defendant, Probate Judge Davis "immediately" make provision for a special election to fill the vacancy. Judge Davis has expressed doubt as to his responsibilities concerning this matter.

8.      Plaintiffs aver that Act No. 2006-342 requires that a special election be held to fill the vacancy and, if a special election is not held, they and other similarly situated registered voters of the County of Mobile will be disenfranchised and denied the opportunity to vote for a candidate of their choice to fill the vacancy mentioned.

9.      The premises considered, there exists a bona fide divergence of opinion between the plaintiffs and the defendant and for that reason, there is a justiciable controversy over which this Court has jurisdiction.

## PRAYER FOR RELIEF

Plaintiffs pray that this matter be expedited and that upon hearing, the court will issue its DECLARATION:

That a writ of mandamus issue requiring Honorable Don Davis, as Judge of Probate of Mobile County, make provisions for and conduct such a special election pursuant to Act No. 2006-342, Acts of Alabama 2006, if precleared, or if not:

- A)    That the special election be administered according to the provisions of the Alabama Election Code as it existed prior to the enactment of Act 2006-570 as that version was the last to be precleared under Section 5 of the Voting Rights Act;

- B)    That the timetable for the special election be as follows:

   - i.    14 days from the date of this Court's Order the names of all candidates who have qualified with the parties and the parties certification of the candidates to the Judge of Probate shall be due.

   - ii.    the Judge of Probate shall set a date for the Primary Election to be held, said date to be within 51 days of the qualification date; shall have absentee ballots prepared, including overseas military ballots, mailed out and returned by election day, shall prepare other election materials, issue public notices, and appoint and train poll workers for the 1st primary.

   - iii.    if necessary, the Judge of Probate shall set a date for the primary run-off to be held within 42 days of the 1st primary and within said time, the Judge of Probate shall complete provisional balloting from 1st primary, receive certification for run-off candidates, prepare absentee ballots, mail and

receive said ballots, and prepare other election materials for run-off,

providing, however, that if no primary run-off is necessary, the time for

holding the general election will be advanced accordingly.

iv.     the Judge of Probate shall set a date for the general election to be held 42

days after the primary, or primary run off if such run off is necessary, and

within said time, complete provisional balloting from run-off primary (if

necessary), receive certification for general election candidates, prepare,

send out and receive absentee ballots, and prepare other election materials

for general election.

v.     one (1) week thereafter, the Judge of Probate shall complete provisional

balloting for general election and issue canvass results and a certificate of

election.

C)     That this Court shall retain jurisdiction over this action until the certificate of

election is issued and filed with this Court.  Upon filing of the Certificate of

Election, the Judge of Probate shall be dismissed with prejudice, with the

Plaintiffs and the Judge of Probate to each bear their own costs, fees and expenses

incurred as a result of the motion to join and the order, if any, to conduct a special

election.

D)     Such other further or different relief to which the plaintiffs may be entitled.

Respectfully submitted,

**Attorneys for Plaintiffs**

THE GARDNER FIRM, P.C.
P.O. Box 3103
Mobile, Alabama 36652
(251) 433-8100

By: _____
    J. CECIL GARDNER
    GAR039

·and

Edward Still, Esq. [STI009]
Edward Still Law Firm & Mediation Center
2112 11th Avenue South, Suite 201
Birmingham, AL 35205-2844
205-320-2882
877-264-5513 (facsimile)

Please serve the Defendant
via hand delivery at:

HONORABLE DON DAVIS
Probate Judge of Mobile County, Alabama
P.O. Box 7
Mobile, Alabama 36601

## IN THE CIRCUIT COURT MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK,** | * | |
| | * | |
| Plaintiffs, | | |
| | * | **CIVIL ACTION** |
| vs. | | |
| | * | NO._____ |
| **HONORABLE DON DAVIS,** as | | |
| Probate Judge of Mobile County, | * | |
| Alabama, | | |
| | * | |
| Defendant. | | |
| | * | |

### VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT
### AND FOR WRIT OF MANDAMUS

I verify that I have read the complaint to which this verification is attached and that the

same is true and correct based upon my information and belief.

_Yvonne Kennedy_

YVONNE KENNEDY

## IN THE CIRCUIT COURT MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK, | * | |
| | * | |
| Plaintiffs, | | |
| | * | CIVIL ACTION |
| vs. | * | NO._____ |
| HONORABLE DON DAVIS, as Probate Judge of Mobile County, Alabama, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND FOR WRIT OF MANDAMUS

I verify that I have read the complaint to which this verification is attached and that the

same is true and correct based upon my information and belief.

_____
JAMES BUSKEY

## IN THE CIRCUIT COURT MOBILE COUNTY, ALABAMA

YVONNE KENNEDY, JAMES            *
BUSKEY & WILLIAM CLARK,
                                 *

      Plaintiffs,               *

                                 *        **CIVIL ACTION**
vs.
                                 *        NO._____
**HONORABLE DON DAVIS**, as
Probate Judge of Mobile County,  *
Alabama,
                                 *
      Defendant.
                                 *

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT
## AND FOR WRIT OF MANDAMUS

    I verify that I have read the complaint to which this verification is attached and that the

same is true and correct based upon my information and belief.

                                                  _William Clark_

                                                WILLIAM CLARK

ACT No. 2006- **342**

1    HB522

2    78594-4

3    By Representatives Kennedy, Buskey, Clark and Mitchell (N & P)

4    RFD: Mobile County Legislation

5    First Read: 31-JAN-06



RECEIVED
APR - 4 1996
GOVERNOR'S OFFICE

**EXHIBIT A**

HB522

1

2    ENROLLED, An Act,

3    　　　　Relating to Mobile County; prescribing procedure for

4    filling certain vacancies on the county commission.

5    BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

6    　　　　Section 1. Whenever a vacancy occurs in any seat on

7    the Mobile County Commission with 12 months or more remaining

8    on the term of the vacant seat, the judge of probate shall

9    immediately make provisions for a special election to fill

10   such vacancy with such election to be held no sooner than 60

11   days and no later than 90 days after such seat has become

12   vacant. Such election shall be held in the manner prescribed

13   by law and the person elected to fill such vacancy shall serve

4    for the remainder of the unexpired term.

15   　　　　Section 2. The purpose of this act is to reenact Act

16   85-237 of the 1985 Regular Session (Acts 1985, p. 137) without

17   change and to reaffirm the Legislature's intention as set

18   forth in that statute.

19   　　　　Section 3. All laws or parts of laws which conflict

20   with this act are repealed.

21   　　　　Section 4. This act shall become effective

22   immediately following its passage and approval by the

23   Governor, or its otherwise becoming law.

Page 1

HB522

1

2

_____

3

4                Speaker of the House of Representatives

_____

5

6           President and Presiding Officer of the Senate


7                     House of Representatives
8           I hereby certify that the within Act originated in
9      and was passed by the House 14-FEB-06, as amended.
10
11                              Greg Pappas
12                              Clerk
13


14                    _____

15

16      Senate              30-MAR-06                    Passed

17                    _____



APPROVED ____4-12-06____

TIME ____12:36 p.m.____

_____
                GOVERNOR



Alabama Secretary Of State

    Act Num...: 2006-342
    Bill Num..: H-522

Recv'd 04/12/06   01:30pmJJB

Page 2

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


YVONNE KENNEDY, JAMES        )
BUSKEY & WILLIAM CLARK,      )
                             )
      Plaintiffs,            )
                             )         CIVIL ACTION NO.
      v.                     )         2:05cv1100-MHT
                             )             (WO)
HONORABLE BOB RILEY, as      )
Governor of the State of     )
Alabama,                     )
                             )
      Defendant.             )


Before Stanley Marcus, Circuit Judge, Myron H. Thompson,
District Judge, and W. Harold Albritton, Senior District
Judge.


ORDER


On August 18, 2006, this three-judge court held that

two Alabama Supreme Court decisions, Stokes v. Noonan,

534 So. 2d 237 (Ala. 1988), and Riley v. Kennedy, 928

So.2d 1013 (Ala. 2005), must be precleared before they

can be implemented. Kennedy v. Riley, 445 F. Supp. 2d

1333, 1337 (M.D. Ala. 2006). On January 8, 2007, after

the State of Alabama had submitted the state-court

decisions for preclearance, the United States Department

Case 2:05-cv-01100-MHT-TFM    Document 78    Filed 06/02/2007    Page 12 of 19

of Justice refused to preclear them, and, on March 12, 2007, refused to reconsider its decision. This matter is now before us on the plaintiffs' renewed motion for further relief.

We conclude that, because <u>Stokes v. Noonan</u> and <u>Riley v. Kennedy</u> were not precleared, Governor Bob Riley's appointment of Juan Chastang to the Mobile County Commission pursuant to these two decisions was unlawful under federal law. Chastang's appointment must therefore be vacated.

Accordingly, it is the ORDER, JUDGMENT and DECREE of the court that the plaintiffs' renewed motion for further relief (Doc. No. 44) is granted to the extent that the appointment of Juan Chastang to the Mobile County Commission is vacated.

Done, this the 1st day of May, 2007.



    /s/ Stanley Marcus
  UNITED STATES CIRCUIT JUDGE

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE

    /s/ W. Harold Albritton
  SENIOR UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


YVONNE KENNEDY, JAMES          )
BUSKEY & WILLIAM CLARK,        )
                               )
    Plaintiffs,                )
                               )        CIVIL ACTION NO.
    v.                         )        2:05cv1100-MHT
                               )            (WO)
HONORABLE BOB RILEY, as        )
Governor of the State of       )
Alabama,                       )
                               )
    Defendant.                 )


Before Stanley Marcus, Circuit Judge, Myron H. Thompson,
District Judge, and W. Harold Albritton, Senior District
Judge.

### OPINION AND ORDER

This matter is before this three-judge court again,
this time on defendant Bob Riley's motion that we stay
our order entered May 1, 2007, vacating the appointment
of Juan Chastang to the Mobile County Commission. We
conclude that the motion should be denied.

The events giving rise to the motion are, briefly
stated, as follows. On August 18, 2006, we held,
pursuant to § 5 of the Voting Rights Act of 1965, as

amended, 42 U.S.C. § 1973c, that two Alabama Supreme Court decisions, Stokes v. Noonan, 534 So.2d 237 (Ala. 1988), and Riley v. Kennedy, 928 So.2d 1013 (Ala. 2005), must be precleared before they can be implemented. Kennedy v. Riley, 445 F.Supp.2d 1333, 1337 (M.D. Ala. 2006). On January 8, 2007, the United States Department of Justice refused to preclear these two state-court decisions, and, on March 12, 2007, refused to reconsider its decision. On May 1, 2007, because the appointment of Juan Chastang to the Mobile County Commission was pursuant to these unprecleared state-court decisions, we vacated the appointment as unlawful under federal law.

The defendant asks that we stay our May 1 order pending his appeal of that order to the United States Supreme Court and pending the State's seeking judicial approval of the two state-court decisions in the United States District Court for the District of Columbia. Alternatively, he asks that we stay the May 1 order

2

pending the holding of a special election for the seat
held by Chastang.

A court should consider the following factors in
determining whether to grant a stay pending resolution of
an appeal: (1) whether the applicant has made a strong
showing that he is likely to prevail; (2) whether the
applicant will be irreparably injured if a stay is not
granted; (3) whether granting the stay will substantially
injure the other parties in the proceeding; and (4) where
the public interest lies. Hilton v. Braunskill, 481 U.S.
770, 776 (1987). These factors apply to the defendant's
motion here.

Strong Showing of Likelihood to Prevail: First, we
believe, for the reasons given in our August 18 opinion,
Kennedy v. Riley, 445 F.Supp.2d 1333 (M.D. Ala. 2006),
that there is not a strong likelihood that the defendant
will prevail on appeal to the United States Supreme
Court. Second, the defendant has presented no evidence
whatsoever from which we can determine whether there is

3

Case 2:05-cv-01100-MHT-TFM    Document 79-2    Filed 07/02/2007    Page 46 of 48
Case 2:05-cv-01100-MHT-DRB    Document 73    Filed 06/20/2007    Page 17 of 19
Case 2:05-cv-01100-MHT-DRB    Document 52    Filed 05/17/2007    Page 4 of 6

a likelihood (let alone a strong one) that the State will prevail on the merits in the United States District Court for the District of Columbia. Finally, while the defendant asks for a stay pending the holding of a special election, the State has not committed to holding such an election; indeed, the defendant maintains that conducting such an election would be illegal under state law.

Irreparable Injury to Applicant: The defendant argues that the State will be irreparably harmed absent a stay. Not only has the defendant failed to explain why he did not appeal the August 18 judgment (which he admits would be essentially the basis for his appeal), he has still (as far as we can tell) yet to pursue appeal of the May 1 order. Also, as far as we can tell, the State has failed to initiate a lawsuit in the United States District Court for the District of Columbia, despite the fact that the Justice Department refused to preclear the two state-court decisions on January 8, 2007, and refused

4

Case 2:05-cv-01100-MHT-TFM    Document 79-2    Filed 07/02/2007    Page 47 of 48
Case 2:05-cv-01100-MHT-DRB    Document 73    Filed 06/20/2007    Page 18 of 19
Case 2:05-cv-01100-MHT-DRB    Document 52    Filed 05/17/2007    Page 5 of 6

to reconsider its decision on March 12, 2007. This
unexplained delay strongly counsels against any finding
that the defendant or the State will suffer irreparable
harm unless a stay is granted pending the pursuit of
these two legal avenues.

The defendant also complains that it will cost
$ 189,000 to conduct a special election and that, during
that time, the district which Chastang represented would
be unrepresented. Again, the State has not committed to
conducting a special election, and, in any event, the
cost of conducting a special election does not outweigh
the plaintiffs' interest in having their rights under the
Voting Rights Act vindicated. In addition, the defendant
has not shown that adequate redress for the vacancy
created by the May 1 order cannot be found in state law
that does not violate federal law.

Substantial Injury to Other Parties: It appears that
the position which Chastang held on the Mobile County
Commission will be up for regular election sometime in

2008. Unless a special election is held before too long, the plaintiffs here will have been effectively denied all relief despite the fact that their rights under the Voting Rights Act were violated.

Public Interest: Because, in addition to the reasons given above, the Voting Rights Act is intended to protect the right to vote and because that right is a "fundamental political right" in that it is "preservative of all rights," Yick Wo v. Hopkins, 118 U.S. 356, 370 (1886), we believe that the public interest is best served by denying the defendant's motion for a stay.

Accordingly, it is ORDERED that defendant Bob Riley's motion for a stay (Doc. No. 49) is denied.

Done, this the 17th day of May, 2007.

_____/s/ Stanley Marcus_____
UNITED STATES CIRCUIT JUDGE

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

_____/s/ W. Harold Albritton_____
SENIOR UNITED STATES DISTRICT JUDGE