IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YVONNE KENNEDY, JAMES BUSKEY & WILLIAM CLARK, </br></br>    Plaintiffs, </br></br> vs. </br></br> HONORABLE BOB RILEY, </br> as Governor of the State of Alabama </br></br>    Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) CIVIL ACTION </br> ) NO. 2:05 CV 1100-T </br> ) (Three-judge court) </br> ) </br> ) </br> ) |

## MOTION TO CONDUCT FURTHER PROCEEDINGS

The Honorable Bob Riley, Governor of the State of Alabama, hereby respectfully moves this Court to, immediately, or as soon as reasonably possible, take the steps necessary to dismiss this action, and in support thereof would say:

In the Fall of 2005, a vacancy arose on the Mobile County Commission. State court litigation as to how the vacancy should be filled ensued. The Alabama Supreme Court ruled that State law required that the vacancy be filled by gubernatorial appointment. *Riley v. Kennedy*, 928 So.2d 1013 (Ala. 2005). In compliance with that decision, Governor Riley made an appointment, naming Juan Chastang to the seat.

On August 18, 2006, this Court ruled that, in order to comply with federal law, Governor Riley's appointment required preclearance, pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. s 1973c. (doc. 22, Opinion; doc. 23, Judgment) The State of Alabama sought administrative preclearance through the United States Department of Justice, but preclearance

was denied. Thereafter, this Court vacated Governor Riley's appointment by order dated May 1, 2007. (doc. 48, Order)

Governor Riley appealed this Court's determination that preclearance was required. On May 27, 2008, the United States Supreme Court ruled that no change within the scope of Section 5 had occurred. *Riley v. Kennedy*, Case No. 07-77, 553 U.S. _____ (May 27, 2008). A copy of the decision is attached hereto. On June 27, 2008, the Supreme Court's judgment issued, thus returning this action to this Court for further proceedings. Copies of the Judgment and the Supreme Court's docket sheet, which shows the date the Judgment was issued, are attached hereto.

Accordingly, this Court now has jurisdiction over this case. Given the Supreme Court's ruling, Governor Riley moves this Court to take the following steps: vacate the May 1, 2007 order; deny the plaintiffs' motion for attorney's fees, on the grounds that plaintiffs have not prevailed; deny any other pending motions as moot; and, dismiss this case. Once this Court's May 1 order has been vacated, any appropriate litigants may go to State court to seek to reinstate Mr. Chastang to the County Commission seat to which he was lawfully appointed.

It clearly appears, based upon both the final rulings of the Alabama Supreme Court and the United States Supreme Court, that the Governor's appointee was legally and constitutionally appointed. Justice and equity dictate that this matter should be promptly resolved. Time is of the essence, as the term of office to which Mr. Chastang was appointed ends in early November.

>Respectfully submitted,
>TROY KING (KIN047)
>ATTORNEY GENERAL
>BY:
>
>s/ Misty S. Fairbanks
>Misty S. Fairbanks (FAI005)
>Margaret L. Fleming (FLE001)
>Assistant Attorneys General
>
>OFFICE OF THE ATTORNEY GENERAL
>STATE OF ALABAMA
>11 South Union Street
>Montgomery, Alabama 36130
>Telephone: (334) 242-7300
>Facsimile: (334) 353-8440
>*mfleming@ago.state.al.us*
>*mfairbanks@ago.state.al.us*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.
The Gardner Firm PC
Post Office Box 3103
Mobile, Alabama 36602

Edward Still, Esq.
Edward Still Law Firm LLC
2112 11th Avenue South, Suite 201
Birmingham, AL 35205-2844

>s/ Misty S. Fairbanks
>Misty S. Fairbanks (FAI005)
>Assistant Attorney General